Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Tel. (670)235-8846
Fax (670)235-8848

Attorney for Plaintiff

F I L E D
Clerk
District Court

JAN 1 1 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DONGBU INSURANCE COMPANY, Ltd.,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>OKP (CNMI) CORPORATION,<br><br>　　　Defendant. | Civil Action No. 08-00____  CV 08- 0002<br><br>**COMPLAINT**<br>(Suit for Declaratory Relief) |

Plaintiff Dongbu Isurance Company, Ltd. ("Dongbu") alleges as follows:

## I.
## JURISDICTION AND PARTIES

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a) based upon the complete diversity of citizenship between Dongbu and Defendant, and the fact that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

2. Jurisdiction is also vested in this Court pursuant to 28 U.S.C. §2201 with respect to declaratory judgments and declaratory relief provided therein and pursuant to Rule 57 of the Federal Rules of Civil Procedure in that there is an actual controversy between these parties with respect to matters alleged hereinafter which requires the interposition of this Court.

3. Dongbu is now and at all times relevant to this lawsuit has been a corporation duly organized and existing under the laws of the Republic of Korea, and registered, authorized and engaged in the insurance business and authorized to issue insurance policies in the Commonwealth of Northern Mariana Islands.

4. Defendant OKP (CNMI) Corporation ("OKP") is now and at all times relevant to this lawsuit has been a corporation duly organized and existing under the laws of the Commonwealth of the Northern Mariana Islands, with its principal place of business in Saipan.

## II.
## FACTUAL BACKGROUND

5. This is a declaratory judgment action brought to obtain a judgment that there is no duty to defend and no duty to indemnify under the applicable policy for the claims brought in a certain lawsuit.

**The Insurance Policy**

6. Effective December 15, 2005, Dongbu issued an insurance policy with named insured OKP, and with policy No. 150230 – 150230 (KMA-09102-S00) (the "Policy"). The Policy term was from December 15, 2005 to December 15, 2006.

7. The Policy is a valid, binding insurance contract between Dongbu and OKP.

8. Dongbu is the insurer under the Policy.

9. OKP is the named insured under the Policy.

10. The Policy is an Automobile Liability Policy, and as such, is generally designed to provide coverage in connection with automobile accidents.

11. The Policy's Declarations Page and Schedule of Vehicles pages show that the scheduled vehicles are covered with bodily injury limits of $1,000,000 per person and $2,000,000 per accident, and that the property damages limits for scheduled vehicles are $3,000,000 per accident. The Policy's Combined Single Limit endorsement then provides that the policy limits are the combined single limits available.

12. The Policy is subject to all terms and conditions in the Policy, including all amendments and endorsements.

**The Lawsuit**

13. On or about March 23, 2006, an original complaint was filed by Plaintiff Joaquin Q. Atalig ("Mr. Atalig") against OKP and various other defendants. This lawsuit is Commonwealth of the Northern Mariana Islands Superior Court Civil Action No. 06-0119R (the "lawsuit"). That complaint was subsequently amended.

14. The current complaint in the lawsuit is the Plaintiff's *Second Amended Complaint for Breach of Contract and Tort Claims and for Relief Under the Open Government Meetings and Records Act and Demand for Jury Trial* (the "SAC"). A true and correct copy of the SAC (except that it is without the referenced attachments) is attached hereto as **Exhibit A**.

15. The SAC states a number of causes of action against OKP and various other defendants. More specifically, the SAC states eleven "causes of action:"

　　1. Breach of contract (against OKP);
　　2. Waste (against OKP);
　　3. Conversion—Historical and Cultural Artifacts (against OKP);
　　4. Conversion—Soil and Other Minerals (against OKP);
　　5. Conversion—Permanent Trees (against OKP);
　　6. Conversion—Preexisting Building/Improvements (against OKP and other defendants);

      7. Negligence (against OKP);
      8. Unjust Enrichment (against OKP and other defendants);
      9. Indemnification (against OKP);
     10. Violation of Open Government Meetings and Records Act (against other defendants); and
     11. Attorneys' Fees (against OKP).

16. Each cause of action against OKP arises directly out of the core facts in the SAC. The SAC alleges that OKP was on Rota in connection with a contract it had with the Commonwealth Ports Authority for the improvement of the airport. SAC, Paragraphs 37-45. In connection with that project, OKP leased real property from Mr. Atalig for use as a barracks and parking area for OKP's equipment. SAC, Paragraph 46-55.

17. The SAC then alleges that OKP damaged Mr. Atalig's property by tearing down and altering improvements on the land and by clearing land that OKP had been warned not to clear, all without the written consent required by the lease, and all in violation of the lease and Commonwealth law. SAC, Paragraphs 56 through 67.

**Tender of defense**

18. No notice was ever given by OKP to Dongbu of any accident at the time of the clearing of the land that allegedly resulted in the damages complained of in the lawsuit.

19. As noted above, the lawsuit was filed on or about March 23, 2006. OKP's counsel began to defend OKP and the related defendants within weeks of that time. The first notice that could arguably be construed as a tender of defense was made months later, in August 2006.

20. Since that time, Dongbu and OKP have been discussing whether it would be possible to resolve this matter by agreement. However, as the discussions have developed, it has

become clear the OKP claims that there is, at a minimum, a duty to defend under the Policy for the claims brought in the lawsuit. Dongbu, in contrast, notes that there is no duty to defend for a number of reasons, including that the claims do not arise out of an accident, but instead out of the intentional conduct of OKP with foreseeable resulting damages claims.

### III.
### CAUSE OF ACTION: DECLARATORY JUDGMENT THAT THERE IS NO OBLIGATION UNDER THE POLICY

21. Dongbu re-alleges Paragraphs 1 through 20, inclusive, herein by reference as if set forth in full.

22. At the present time, there is an actual controversy between the parties with respect to whether there is any duty to defend, indemnify or otherwise provide coverage under the Policy in connection with the claims brought in the lawsuit.

23. Dongbu alleges that there is no duty to defend or indemnify under the Policy for a number of reasons, including the following.

24. The Auto policy's declarations page requires "immediate" notice of claims be provided to the claims adjusting company indicated. The Auto policy's Condition 3 provides that "the insured shall immediately forward to the [insurer] every demand, notice, summons or other process" received. The Atalig claim was filed in March 2006 and OKP had knowledge of the lawsuit at least since early April 2006. OKP first provided notice to Dongbu of the claim approximately four months later, in early August 2006. That is not "immediate" notice.

25. OKP actively defended the claim during that period. That is contrary to the Auto policy generally, which provides that the insurer and not the insured will defend any lawsuit. Condition 11 expressly prohibits the insured from incurring, except at the expense of the insured, any expense beyond

emergency medical care.

26. Insuring Agreement I, Coverage B, Property Damage Liability, provides:

> To indemnify the insured for all sums which he shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, *caused by accident* and arising out of ownership, maintenance or use of the automobile.
>
> (emphasis added)

27. The provision for Coverage A, Bodily Injury Liability, has the same provision regarding "accident" to the extent that any bodily injury claim is being made. The conduct made the basis of the claims is not an "accident" according to the plain meaning of the word.

28. The intentional conduct alleged may further be outside the scope of insurable risks pursuant to the Commonwealth Insurance Code and public policy, which provides that willful acts and illegal conduct are not insurable. 4 CMC § 7505(b).

29. Exclusion IX(a) applies to property damage claims for "injury to or destruction of property owned by, rented to, in charge of or transported by the insured." This exclusion applies because the claim is that all the damage was to property leased to and in the charge of OKP.

30. Exclusion V(a) excludes claims in connection with "liability assumed by the insured under any contract or agreement." This exclusion also applies to the extent that the claim is based on OKP's assumed obligations under the lease from Mr. Atalig to OKP.

31. In addition to the foregoing, any duty to defend or indemnify will be limited by: a) losses occurring during the stated policy period; b) OKP and its employees using the scheduled vehicles as provided in Insuring Agreement IV regarding who is an insured; c) losses arising out of the use of

scheduled (*i.e.* insured) vehicles; d) the limits of liability stated in the policy; and e) all other policy terms and conditions.

32. Wherefore, Dongbu prays for relief as set forth below.

## IV.
## PRAYER FOR RELIEF

33. Dongbu prays for judgment as follows:

    a. For a declaration by this Court of the rights and obligations of the parties under the Policy;

    b. For judgment discharging Dongbu from any obligation under the Policy with respect to the lawsuit;

    c. For its costs, disbursements and attorneys' fees incurred herein; and

    d. For such and other further relief as the Court deems just and proper.

Respectfully submitted this 11th day of January, 2008.

_____
Thomas E. Clifford
Attorney for Plaintiff