1    **RAMON K. QUICHOCHO, ESQ.**
     **LAW OFFICES OF RAMON K. QUICHOCHO, LLC**
2    2nd **Floor, Sign Arts Bldg., San Jose**
     **P.O. Box 505621**
3    **Saipan, MP  96950**
     **Tel. No.:  670.234.8946**
4    **Fax:  670.234.8920**
     **Email:  karissa129@gmail.com**
5

6    **MICHAEL W. DOTTS, ESQ.**
     **O'CONNOR BERMAN DOTTS & BANES**
7    2nd **Floor, Nauru Building**
     **P.O. Box 501969**
8    **Saipan, MP96950**
     **Telephone No. (670) 234-5684**
9    **Facsimile No. (670) 234-5683**
     **Email:  attorneys@saipan.com**
10

11    *Attorneys for Intervenor*

12          **IN THE UNITED STATES DISTRICT COURT**
                    **FOR THE**
13        **NORTHERN MARIANA ISLANDS**

14

| | | |
|---|---|---|
| **DONGBU INSURANCE COMPANY, LTD.,** | ) | **CIVIL ACTION NO. 08-0002** |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **OKP (CNMI) CORPORATION,** | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO INTERVENE** |
| **Defendant,** | ) | |
| | ) | |
| | ) | **Date:  March 20, 2008** |
| **JOAQUIN Q. ATALIG,** | ) | **Time:  9:00 am** |
| | ) | |
| | ) | **Judge:  Hon. Alex R. Munson** |
| **Applicant in Intervention.** | ) | |
| | ) | |

1

# I.
# INTRODUCTION

Intervenor applicant Joaquin Q. Atalig ("Intervenor" or "Atalig"), pursuant to Fed.R.Civ.P.24(a) or in the alternative Rule 24(b)(1)(B), moves this Court to allow him to intervene and defend against an attempt by Plaintiff Dongbu Insurance Company, Ltd. (the "Insurance Company" or "Dongbu") to avoid coverage  of  damages done to Atalig's property.

The Defendant here, OKP (CNMI) Corporation ("OKP"), occupied Atalig's property on Rota pursuant to a lease, and while on the property OKP damaged the property with equipment insured by Dongbu. Atalig filed a suit in the Superior Court against OKP. *See Atalig v. OKP (CNMI) Corporation*, Civ. No. 06-0119R.  Dongbu has sought in this action a declaratory judgment that the policy it issued to OKP does not cover the damage done to Atalig's property.  Atalig seeks to intervene here to protect his interests so that when the underlying litigation is over between Atalig and OKP, there will be an insurance policy for Atalig to call upon to recover his damages.

# II.
# ARGUMENT

## A. ATALIG SHOULD BE ALLOWED TO INTERVENE AS OF RIGHT
## UNDER RULE 24(a)

Atalig seeks to intervene in this action because he claims an interest in the subject matter.  Fed. R. Civ. P. Rule 24 is to be liberally construed in favor of the petitioner for intervention. *Washington State Bldg. and Const. Trades Council, AFL-CIO v. Spellman*, 684 F.2d 627, 630 (9th Cir. 1982) *citing* 7A C. WRIGHT & MILLER, FEDERAL

PRACTICE AND PROCEDURE, § 1904 (1972), *cert. denied*, 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003), *cert. denied*, 540 U.S. 1017, 124 S.Ct. 570, 157 L.Ed.2d 430 (2003). Moreover, in deciding on the appropriateness of an applicant's petition to intervene, "[c]ourts are guided primarily by practical and equitable considerations." *Arakaki v. Cayetano*, 324 F.3d at 1083.

When deciding if Rule 24(a) provides an applicant with a right to intervene, the Ninth Circuit uses the following four part test: "(1) the motion must be timely; (2) the applicant must assert a 'significantly protectable' interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that disposition of action may as a practical matter impair or impeded the interest; and (4) the applicant's interest must be inadequately represented by the parties." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107-1108(9th Cir. 2002).

Here, all four tests are met.

**First Test – Atalig's Motion is Timely**

The complaint filed by the Insurance Company here was filed on January 11, 2008, less than thirty (30) days ago. The named defendant, OKP, has not yet answered. The instant Motion to Intervene is timely.

//

//

3

## Second Test – Atalig Has A Significantly Protectable Interest
## In the Subject Matter of this Litigation

The second test is whether or not the applicant has a significantly protectable interests relating to the subject matter of the litigation. The Ninth Circuit has "rejected the notion that Rule 24(a)(2) requires a specific legal or equitable interest" in order to find intervention proper. *Blake v. Pallan*, 554 F.2d 947, 952 (9th Circuit 1977). In fact, "[n]o clear definition has been established by the Supreme Court or the lower courts for the interests relating to the property or transaction which is the subject of the action" that is required for intervention of right. *Id., citing* 7A C. Wright & A. Miller, Federal Practice and Procedure, § 1908 p. 496; *see also Arakaki v. Cayetano*, 324 F. 3d at 1084. However, what is clear, is that Rule 24, and, of course, the elements that comprise the test, are to be construed liberally in favor of allowing intervention. *See Washington State Bldg. and Const. Trades Concil, AFL-CIO v. Spellman*, 684 F.2d at 630 (9th Cir. 1982), *supra*.

Here, the Intervenor has a significant protectable interest in the subject matter of the litigation. OKP is a company without substantial ties to or assets in the Commonwealth. *See* Declaration of Michael W. Dotts in Support of Motion to Intervene, filed herewith. OKP is a tentacle of a Singapore construction conglomerate that reached into the CNMI to perform a single large contract on Rota. That contract is now over. At any time OKP could simply withdraw from the CNMI and Atalig would be left trying to enforce his judgment in Singapore. Thus, guided by "practical and equitable considerations" (*Arakaki v. Cayetano*, 324, F.3d at 1083), courts have allowed a third party claimant such as Atalig to intervene in a declaratory action between an insurer and its insured. *See New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549, 552 (Dist. Ct.R.I.1986) ("The interest of justice are

best served by looking to both the letter and the spirit of F.R.C.P. 24(a) and determining on a case by case basis whether intervention should be granted").

In fact, "[w]here the claimant's only real hope of recovery rests in establishing the existence of insurance coverage, courts have a strong tendency to grant the claimant's motion to intervene." *General Ins. Co. of America v. Rhoades*, 196 F.R.D. 620, 624 (Dist.Ct.N.M., 2000) (emphasis added), *citing Teague v. Bakker*, 931 F.2d at 259, 261 (4th Cir. 1991) (existence and amount of insured's assets, which might be available to satisfy intervenor's judgments, were questionable); *St. Paul Fire & Marine Ins. Co. v. Summit-Warren Industries Co.*, 143 F.R.D. 129, 134 (N.D. Ohio 1992) (if insurer were victorious in coverage case, intervenor's recourse would be against a defunct corporation and related persons, with questionable assets); *New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549, 553 (Dist.Ct. R.I. 1986) (if insurer prevails in instant action, intervenor's sole recourse would be against insured, who was without sufficient assets to satisfy a substantial judgment).

Accordingly, Intervenor has a "significantly protectable interest relating to property or a transaction that is the subject matter of litigation," thus meeting the second test that the Ninth Circuit's has set out.  The Motion to Intervene should be granted.

### Third Test – Atalig is Situated So that If the Insurance Company Prevails Here His interests Will Be Impaired

The third test is similar to the second.  There is but one insurance company that insured OKP.  If that insurance company prevails in this action, there will be no insurance

company for Atalig to collect against for the damages OKP caused.  Consequently, the

third test to be considered by the Court is met.  The Motion to Intervene should be granted.

•

### Fourth Test - OKP Cannot Adequately Represent Atalig's Interest

As for the fourth test, the issue is easily disposed of.  It is axiomatic that one cannot

look to an opponent for adequate representation:

> Almost as easy to resolve are the cases in which the party who
> may, in some senses, represent the absentee also is adverse to
> the absentee.  The absentee cannot be required to look for
> adequate representation to an opponent and....intervention must
> be allowed.

7A C. WRIGHT & A. MILLER, FEDERAL PRACTICANDPROCEDURE, § 1909.  Here,

OKP is Intervenor Atalig's opponent in *Atalig v. OKP (CNMI) Corporation*, Superior

Court Civil Action No. 06-0119, and thus, Atalig cannot rely on OKP to adequately

represent his interest.

Additionally, as stated above, OKP does not have the resources to protect,

adequately, Atalig's interests.

Further, the insurance company policy in issue here has two aspects - the costs of

defense and the coverage of the loss.  The Insurance Company disputes both.  The

Insurance Company does not want to pay OKP's defense costs and does not want to cover

Atalig's loss caused by OKP.  Therefore, Atalig has the real concern that the Insurance

Company and OKP might at some point compromise in such a way as to harm Atalig's

interest.  The Insurance Company and OKP for example might agree that the Insurance

6

Company will pay OKP's costs of defense but not cover the loss. This could leave Atalig out in the cold.

For these reasons, Intevenor has met the elements needed to intervene under Rule 24(a) and thus, this Court should allow him to do so.

## B. ALTERNATIVELY, ATALIG SHOULD BE ALLOWED TO INTERVENE UNDER RULE 24(b)(1)(B)

This Court may allow Joaquin Atalig to intervene under Fed.R.Civ. P. 24(b)(1)(B). Rule 24(b)(1)(B) provides for liberal permissive intervention. Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure states that:

(b) Permissive Intervention

(1) In General – On timely motion, the court may permit anyone to intervene who:

(B) has a claim or defense that shares with the main action a common question of law of fact.

Rule 24(b) is much less stringent than Rule 24(a). "Unlike Rule 24(a), a significant protectable interest is not required by Rule 24(b) for intervention; all that is necessary for permissive intervention is that intervenor's claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002). The *Kootenai* Court went on to explain that:

> [c]lose scrutiny of the kind of interest the intervenor is thought to have seems especially inappropriate under Rule 24 since it makes no mention of interest.  The rule requires only that his claim or defense and the main action have a question of law or fact in common…if there is a common question of law or fact, the requirement of the rule has been satisfied and it is then discretionary with the court whether to allow intervention.

*Id.* at 1109, *quoting* 7C Wright, Miller & Kane, Federal Practice and Procedure § 1911, 357-63 (2d ed.1986).

Here the main action and Atalig's claims share common questions of law and fact as both are about how OKP operated heavy equipment on Atalig's property in Rota. Moreover, this declaratory action shares the same acts as Atalig's claims in the underlying action as both actions are premised on the same destruction done to Atalig' property. Accordingly, if Atalig is not allowed to intervene under rule 24(a), he should be allowed to proceed under Rule 24(b) especially when considering the practical and equitable aspects of this matter.

### III.
### CONCLUSION

For all the above stated reasons the Motion to Intervene should be granted.

Dated:  February 7, 2008     Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Intervenor Joaquin Q. Atalig

By:_____/s/_____
Michael W. Dotts, Esq.

8

1

2    Dated:   February 7, 2008          LAW OFFICES OF RAMON K. QUICHOCHO

3

4

5                                       By:_____/s/_____
                                           Ramon K. Quichocho, Esq.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    K:\3300\3390-01-J.Q. Atalig\3390-03-DongbuMatters\3390-03-080205-MemoInSupportMtnIntervene.doc

25

26

27

28