1  RAMON K. QUICHOCHO, ESQ.
   LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2  2nd Floor, Sign Arts Bldg., San Jose
   P.O. Box 505621
3  Saipan, MP 96950
4  Tel. No.: 670.234.8946
   Fax: 670.234.8920
5  Email: karissa129@gmail.com

6  MICHAEL W. DOTTS, ESQ.
   O'CONNOR BERMAN DOTTS & BANES
7  2nd Floor, Nauru Building
   P.O. Box 501969
8  Saipan, MP96950
9  Telephone No. (670) 234-5684
   Facsimile No. (670) 234-5683
10 Email: attorneys@saipan.com

11 *Attorneys for Intervenor*

12             IN THE UNITED STATES DISTRICT COURT
13                         FOR THE
                   NORTHERN MARIANA ISLANDS
14

| | |
|---|---|
| DONGBU INSURANCE COMPANY, LTD., | CIVIL ACTION NO. 08-0002 |
| Plaintiff, | |
| vs. | |
| OKP (CNMI) CORPORATION, | DECLARATION OF MICHAEL W. DOTTS IN SUPPORT OF MOTION TO INTERVENE |
| Defendant, | |
| JOAQUIN Q. ATALIG, | Date: March 20, 2008<br>Time: 9:00 am |
| Applicant in Intervention. | Judge: Hon. Alex R. Munson |

1

# Declaration

I, Michael W. Dotts, declare and state, under penalty of perjury, and based on my personal knowledge, as follows:

1. I am an attorney licensed to practice before this Court and I represent Joaquin Q. Atalig on his Motion to Intervene.

2. I am also one of the attorneys who represent Joaquin Q. Atalig in a case pending in the Superior Court styled *Atalig v. OKP (CNMI) Corporation*, Civ. No. 06-0119R (the "underlying lawsuit"). The Second Amended Complaint in the underlying lawsuit was attached as Exhibit "A" to the Complaint filed by Dongbu Insurance Company, Ltd. in this action on January 11, 2008.

3. Atalig has meritorious case in the underlying lawsuit, which is likely to produce a substantial verdict.

4. Upon investigation, OKP (CNMI) Corporation has been discovered to be a subsidiary of OKP Holdings Limited, a large construction conglomerate based in Singapore. It is alleged by Atalig that OKP Holdings Limited established OKP (CNMI) Corporation to bid on large projects in the Commonwealth. As a result, OKP (CNMI) Corporations was able to obtain a large construction contract but was only able to obtain one contract. The contract obtained was for the Rota Airport Runway expansion. That contract has now been completed.

5. The stated capital of OKP (CNMI) Corporation on its annual report is only $25,003. It does not appear that OKP (CNMI) Corporation even owns any heavy equipment. It is alleged that the equipment used on the Rota Runway was borrowed or

leased from another OKP Holdings Limited entity and the manpower and technical services were also provided by OKP Holdings Limited entities. It is further alleged that upon completion of the project, the money from the project was repatriated to Singapore, the manpower sent back to where it came from, and OKP (CNMI) Corporation left an empty shell.

6. In the event of a recovery by Atalig in the underlying lawsuit, it is unlikely that there will be any source of funds to satisfy the judgment in this jurisdiction, other than the insurance policy that Plaintiff Dongbu Insurance Company, Ltd., is asking this Court to declare inapplicable to the incident in questions.

7. For this reason, Defendant Intervenor has a special interest in upholding the applicability of the insurance policy, and the disposition of this action may impair or impede his ability to protect that interest.

8. Attached as Exhibit "A" is the Answer that Joaquin Q. Atalig proposes to file if his Motion to Intervene is granted.

I, Michael W. Dotts, declare and state under penalty of perjury that the foregoing is true and correct, and if called upon to testify, I would competently testify thereto.

Executed on this 7th day of February, 2008 in Saipan, CNMI.

/s/
MICHAEL W. DOTTS, ESQ.

K:\3300\3390-01-J.Q. Atalig\3390-03-DONGBUMatters\3390-03-080206-MWD-declSupportMtnIntervene.doc