RAMON K. QUICHOCHO, ESQ.
LAW OFFICES OF RAMON K. QUICHOCHO, LLC
2nd Floor, Sign Arts Bldg., San Jose
P.O. Box 505621
Saipan, MP 96950
Tel. No.: 670.234.8946
Fax: 670.234.8920
Email: karissa129@gmail.com

MICHAEL W. DOTTS, ESQ.
O'CONNOR BERMAN DOTTS & BANES
2nd Floor, Nauru Building
P.O. Box 501969
Saipan, MP 96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683
Email: attorneys@saipan.com

*Attorneys for Intervenor*

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DONGBU INSURANCE COMPANY, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> OKP (CNMI) CORPORATION, <br><br> Defendant, <br><br> JOAQUIN Q. ATALIG, <br><br> Intervenor - Defendant. | CIVIL ACTION NO. 08-0002 <br><br><br> ANSWER |

1

Exhibit "A"

COMES NOW, Intervenor, Joaquin Q. Atalig ("Defendant"), by and through counsel, and for his Answer to the Complaint, responds as follows:

1. Defendant admits the allegations made in paragraphs 1, 2, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 22 and 26 of the Complaint.

2. Defendant denies the allegations made in paragraphs 23, 24, 25, 29, 30, 31, 32 and 33 of the Complaint.

3. Defendant lacks sufficient information with which to admit or deny the allegations made in paragraphs 3, 18, 19, and 20 of the Complaint, and on that basis denies the allegations.

4. With regard to paragraph 4, Defendant admits that OKP (CNMI) Corporation was duly incorporated in the Commonwealth but denies the other allegations made in the paragraph. OKP (CNMI) Corporation is the alter ego of OKP Holdings Limited, or is a mere instrument or appendage of OKP Holdings Limited. OKP (CNMI) Corporation, on information and belief, is alleged to be a sham corporation.

5. With regard to paragraph 10, Defendant is without sufficient information to know how Plaintiff "generally designed" its policies. However, Defendant asserts that the policy in issue here covers the liability in issue here.

6. With regard to paragraph 16, Defendant denies the allegations on the basis that the Second Amended Complaint ("SAC") speaks for itself. Claims were pled in the alternative. Paragraph 16 of the Complaint is an incomplete description of the claims made in the SAC.

7. With regard to paragraph 17, Defendant denies the allegations on the basis that the SAC speaks for itself. Paragraph 17 of the Complaint is an oversimplication and does not acknowledge that there are claims made in the alternative.

2

8. With regard to paragraph 27, Defendant denies the legal conclusion that the claim made "is not an accident". Defendant asserts that the claims are covered.

9. With regard to paragraph 28, Defendant denies the allegations because they are improperly pled. The paragraph alleges that intentional conduct "may" be outside the scope of coverage but does not allege that intentional conduct is not covered. Defendant asserts that the claims in issue here are covered.

10. With regard to paragraph 21, Defendant denies all allegations not specifically admitted.

11. Defendant denies that Plaintiff is entitled to any of the relief prayed for.

12. Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim for which relief can be granted.

2. Plaintiff has unclean hands.

3. Unjust enrichment.

4. Estoppel.

5. Plaintiff's claims are barred by the doctrine of laches.

6. Plaintiff has waived some or all of its claims.

//

//

Dated: February 7, 2008        Respectfully submitted,

                                            O'CONNOR BERMAN DOTTS & BANES
                                            Attorneys for Intervenor Joaquin Q. Atalig

By: _____/s/_____
        Michael W. Dotts, Esq.

Dated: February 7, 2008        LAW OFFICES OF RAMON K. QUICHOCHO

By: _____/s/_____
        Ramon K. Quichocho, Esq.

K:\3300\3390-01-J.Q. Atalig\3390-03-DONGBUMatters\3390-03-080206-ANSWER.doc