CARLSMITH BALL LLP

JOHN D. OSBORN
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455
Fax No. 670. 322-3368

Attorneys for Defendant
OKP (CNMI) Corporation

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| DONGBU INSURANCE COMPANY, LTD., | CIVIL ACTION NO. CV 08-0002 |
|---|---|
| Plaintiff, | ANSWER OF DEFENDANT OKP (CNMI) CORPORATION; COUNTERCLAIM FOR DECLARATORY JUDGMENT AND DAMAGES; DEMAND FOR JURY TRIAL |
| vs. | |
| OKP (CNMI) CORPORATION, and JOAQUIN Q. ATALIG, | |
| Defendants. | |

  Comes now the Defendant OKP (CNMI) Corporation ("OKP") and for its answer to the First Amended Complaint for Declaratory Relief ("Complaint") filed herein by Plaintiff Dongbu Insurance Company, Ltd. ("Dongbu") states and avers as follows:

1. Defendant OKP admits the allegations of paragraph 1 of the Complaint.

2. Defendant OKP admits the allegations of paragraph 2 of the Complaint.

3. Upon information and belief, Defendant OKP admits the allegations of paragraph 3 of the Complaint.

4. Defendant OKP admits the allegations of paragraph 4 of the Complaint.

5.   In answer to paragraph 5 or the Complaint, Defendant OKP admits that the Complaint seeks a determination that Dongbu has no duty to defend or duty to indemnify OKP for claims brought against OKP in CNMI Superior Court Case No. 06-0119(R), *Atalig v. OKP (CNMI) Corporation, et al.* OKP affirmatively responds that Dongbu as OKP's insurer has both a duty to defend and duty to indemnify in the *Atalig* lawsuit.

6.   Defendant OKP admits the allegations of paragraph 6 of the Complaint.

7.   Defendant OKP admits the allegations of paragraph 7 of the Complaint.

8.   Defendant OKP admits the allegations of paragraph 8 of the Complaint.

9.   Defendant OKP admits the allegations of paragraph 9 of the Complaint.

10.  In answer to paragraph 10 of the Complaint Defendant OKP admits that the Policy is an Automobile Policy. As to the remaining allegations of paragraph 10 the terms of the Auto Policy speak for themselves. To the extent that such remaining allegations of paragraph 10 of the Complaint attempt to allege Dongbu has no duty to defend and/or duty to indemnify under the Auto Policy such allegations are denied.

11.  In answer to paragraph 11 of the Complaint Defendant OKP admits the Auto Policy shows scheduled vehicles are covered with bodily injury limits of $1,000,000 per person and $2,000,000 per accident, and that the property damage limits for scheduled vehicles are $3,000,000 per accident. As Defendant OKP does not have a copy of the Auto Policy's Combined Single Limit endorsement, Defendant OKP is without sufficient information to form a belief as the truth of such remaining allegations of paragraph 11 and therefore denies same.

12.  In answer to paragraph 12 of the Complaint, such paragraph states a legal conclusion and does not allege any facts to which a response is required. To the extent that the allegations of paragraph 12 attempt to allege Dongbu has no duty to defend and/or duty to indemnify, such allegations are denied.

13. In answer to paragraph 13 of the Complaint, it is admitted that Plaintiff issued an insurance policy with the named insured being OKP, such policy being Policy No. KMCR0015-S00 (the "CAR Policy"). Defendant denies the allegation that the effective date of the policy was January 16, 2006 and further denies the CAR Policy was for a term from January 16, 2006 to January 16, 2007. OKP affirmatively states that the period of cover commenced directly upon commencement of work or after the unloading of the items entered in the Schedule.

14. Defendant OKP admits the allegations of paragraph 14 of the Complaint.

15. Defendant OKP admits the allegations of paragraph 15 of the Complaint.

16. Defendant OKP admits the allegations of paragraph 16 of the Complaint.

17. Defendant OKP admits the allegations of paragraph 17 of the Complaint.

18. In answer to paragraph 18 of the Complaint Defendant OKP is without sufficient information to form a belief as to the truth of the allegations of said paragraph and therefore denies same.

19. Defendant OKP admits the allegations of paragraph 19 of the Complaint.

20. In answer to paragraph 20 of the Complaint, such paragraph states a legal conclusion and does not allege any facts to which a response is required. To the extent that the allegations of paragraph 20 attempt to allege Dongbu has no duty to defend and/or duty to indemnify, such allegations are denied.

21. Defendant OKP admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant OKP admits the allegations contained in paragraph 22 of the Complaint.

23. Defendant OKP admits the allegations contained in paragraph 23 of the Complaint.

24. In answer to paragraph 24 of the Complaint, Defendant OKP is without sufficient information to form a belief as to the meaning of the term "Core facts" and therefore denies the first sentence of paragraph 24. Defendant OKP admits the second sentence of paragraph 24 of

the Complaint. The third sentence of paragraph 24 misstates the recited paragraphs from Plaintiff's Second Amended Complaint and therefore Defendant OKP denies same.

25. In answer to paragraph 25 of the Complaint Defendant OKP denies same as paragraph 25 misstates the allegations contained in the recited paragraphs from Plaintiff's Second Amended Complaint.

26. In answer to paragraph 26 of the Complaint Defendant OKP admits that it did not provide notice to Dongbu at the time of the events which gave rise to the damages complained of in the *Atalig* lawsuit.

27. Defendant OKP admits the first and second sentences of paragraph 27 of the Complaint. The third sentence of paragraph 27 is denied.

28. Defendant OKP admits the first and third sentences of paragraph 28 of the Complaint. Defendant OKP denies the second sentence of paragraph 28 as it has always been the position of OKP that Dongbu has a duty to defend and to indemnify.

29. In answer to paragraph 29 of Plaintiff's Complaint Defendant OKP re-alleges and incorporates herein its answers of paragraphs 1-28 hereinabove stated.

30. Defendant OKP admits the allegations contained in paragraph 30 of the Complaint.

31. In answer to paragraph 31 of the Complaint, Defendant OKP admits that Dongbu alleges it has no duty to defend or duty to indemnify the claims in the *Atalig* lawsuit.

32. In answer to paragraph 32 of the Complaint Defendant OKP admits the Declaration Page of the Policy recites the following: "8. Notice of Accident or Loss - In the event of accident or loss covered hereunder, immediate notice is to be given to Equitable Adjusting & Service Company at (670) 234-6442/6129." Defendant OKP further admits that the **CONDITIONS** section recites the following: "3. **Notice of Claim of Suit - Coverage A and B**: If claim is made or suit is brought against the insured, the insured shall immediately forward to the

company every demand, summons or other process received by him or his representative." Defendant OKP admits it had knowledge of the lawsuit since early April 2006. Defendant OKP is without sufficient information at this time to admit or deny that it first provided notice to Dongbu of the Atalig claim in early August 2006 and therefore denies the fourth sentence of paragraph 32. Defendant OKP denies the remaining allegations of Paragraph 32 and specifically denies it did not give "immediate" notice. To the extent that the allegations of paragraph 32 of the Complaint attempt to allege that Defendant OKP has failed to give proper notice of the *Atalig* lawsuit as a basis for determining that Dongbu has no duty to defend and/or duty to indemnify, such allegations are denied.

33.     In answer to paragraph 33 of the Complaint Defendant OKP admits that it defended the *Atalig* lawsuit from the time it first had knowledge of the lawsuit until early August 2006; Defendant OKP continues to defend the *Atalig* lawsuit by reason of Dongbu's refusal to assume its duty to defend as required by the Auto Policy. In answer to Dongbu's allegation that Defendant OKP's defense of the *Atalig* lawsuit is "contrary to the Auto Policy generally, which provides that the insurer and not the insured will defend any lawsuit", such allegation is a legal conclusion and contains no factual allegations to which a response is required. Defendant OKP denies the allegation of paragraph 33 that Condition 11 expressly prohibits the insured from incurring, except at the expense of the insured, any expense beyond emergency medical care. To the extent that the allegations of paragraph 33 of the Complaint attempt to allege that Defendant OKP's defense of the *Atalig* lawsuit constitutes a basis for determining that Dongbu has no duty to defend and/or a duty to indemnify, such allegations are denied.

34.     In answer to paragraph 34 of the Complaint, Defendant OKP admits that Insuring Agreement I, Coverage B, Property Damage Liability is as stated by Plaintiff. To the extent that

Plaintiff's recitation of Insuring Agreement I, Coverage B, Property Damage Liability attempts to allege a basis for determining that Dongbu has no duty to defend, such allegations are denied.

35. In answer to paragraph 35 of the Complaint, the statement "The provision for Coverage A, Bodily Injury Liability, has the same provision regarding 'accident' to the extent that any bodily injury claim is being made" is a legal conclusion and contains no factual allegations to which a response is required. To the extent such statement attempts to allege a basis for determining that Dongbu has no duty to defend and/or duty to indemnify, such allegation is denied. Defendant OKP denies the remaining allegations of paragraph 35 of the Complaint.

36. Defendant OKP denies the allegations of paragraph 36 of the Complaint.

37. In answer to paragraph 37 of the Complaint, the statement "Exclusion IX(a) applies to property damage claims for 'injury to or destruction of property owned by, rented to, in charge of or transported by the insured' is a legal conclusion and contains no factual allegations to which a response is required. To the extent that such statement attempts to allege a basis for determining that Dongbu has no duty to defend or duty to indemnify, such allegation is denied. Defendant OKP denies the remaining allegations of paragraph 37 of the Complaint.

38. In answer to paragraph 38 of the Complaint, the statement "Exclusion V(a) excludes claims in connection with 'liability assumed by the insured under any contract or agreement' is a legal conclusion and contains no factual allegations to which a response is required. To the extent such statement attempts to allege a basis for determining that Dongbu has no duty to defend and/or duty to indemnify, such allegations are denied. Defendant OKP denies the remaining allegations of paragraph 38 of the Complaint.

39. In answer to paragraph 39 of the Complaint, the statement contained therein is a legal conclusion and contains no factual allegations to which a response is required. To the extent that

the allegations of paragraph 39 of the Complaint attempt to allege a basis for determining that Dongbu has not duty to defend and/or duty to indemnify, such allegations are denied.

40.   In answer to paragraph 40 of the Complaint Defendant OKP denies Dongbu is entitled to relief determining it has no duty to defend or duty to indemnify OKP for the claims in the *Atalig* lawsuit, that it should be discharged from its obligations under the Policies, and that it is entitled to its costs, disbursements and attorneys' fees.

41.   In answer to paragraph 41 of the Complaint Defendant OKP admits that Dongbu alleges it has no duty to defend or duty to indemnify the claims in the *Atalig* lawsuit.

42.   Paragraph 42 of the Complaint contains no factual allegations to which a response is required; the interpretation and application of General Condition No. 5 is a matter of law. To the extent that paragraph 42 attempts to allege that Dongbu has no duty to defend and/or duty to indemnify for the claims in the *Atalig* lawsuit, such allegations are denied. Further to the extent that paragraph 42 attempts to allege that Defendant OKP failed to give proper notice of the *Atalig* lawsuit as a basis for determining that Dongbu has no duty to defend and/or duty to indemnify, such allegations are denied.

43.   In answer to paragraph 43 of the Complaint, the statement "The third party liability coverage is only applicable to 'accidental loss of or damage to property.' is a legal conclusion and contains no factual allegations to which a response is required. To the extent that such statement attempts to allege a basis for determining that Dongbu has no duty to defend and/or duty to indemnify, such allegation is denied. Defendant OKP denies the remaining allegations of paragraph 43 of the Complaint.

44.   Defendant OKP denies the allegations contained in paragraph 44 of the Complaint.

45.   In answer to paragraph 45 of the Complaint the statement "The third party liability coverage only applies to events 'occurring in direct connection with the construction' that also

occur on the site" is a legal conclusion and contains no factual allegations to which a response is required. To the extent such statement attempts to allege a basis for determining Dongbu has no duty to defend and/or duty to indemnify, such allegation is denied. The remaining allegations of paragraph 45 are denied.

46.     Defendant OKP denies the allegations of paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint is a legal conclusion and contains no factual allegations to which a response is required; the interpretation and application of the various policy provisions recited in paragraph 47 is a matter of law. To the extent that paragraph 47 attempts to allege a basis for determining that Dongbu has no duty to defend and/or duty to indemnify, such allegations are denied.

48.     Paragraph 48 of the Complaint is a legal conclusion and contains no factual allegation to which a response is required; the interpretation and application of the CAR Policy is a matter of law. To the extent that paragraph 48 attempts to allege a basis for determining Dongbu has no duty to defend and/or duty to indemnify, such allegations are denied.

49.     In response to paragraph 49 of the lawsuit Defendant OKP denies Dongbu is entitled to relief determining it has no duty to defend or indemnify Defendant OKP for the claims in the *Atalig* lawsuit, that it should be discharged from its obligations under the Policies and it is entitled to its costs, disbursements and attorney's fees.

50.     In answer to paragraph 50 of the Complaint Defendant OKP denies Dongbu is entitled to relief determining it has no duty to defend or indemnify Defendant OKP for the claims in the *Atalig* lawsuit, that it should be discharged from its obligations under the Policies and it is entitled to its costs, disbursements and attorneys' fees.

**Further Answer of Defendant OKP (CNMI) Corporation**

Comes now Defendant OKP (CNMI) Corporation and for its further answer to the Complaint filed herein by Dongbu Insurance Company, Ltd. states and avers as follows:

1. Plaintiff has acted with unclean hands in and about the matters alleged in Plaintiff's Complaint, and therefore, is barred from any and all recovery.

2. Plaintiff has acted unreasonably and unjustifiably with regard to its refusal to assume its obligations to defend and indemnify and therefore equity, wavier or any or all of them bar(s) Plaintiff from being entitled to relief.

3. Plaintiff's claims are barred by laches.

4. Plaintiff's claims are barred by Plaintiff's lack of good faith.

5. Defendant OKP reserves the right to amend its answer herein to allege such additional affirmative defenses as may be revealed through discovery.

WHEREFORE Defendant OKP (CNMI) Corporation prays that Plaintiff's request for Declaratory Judgment that it has no duty to defend or duty to indemnify, be denied. Defendant further prays that Plaintiff's request for costs, disbursements and attorneys' fees be denied. Further, that the costs herein be assessed against Plaintiff, that Defendant OKP be awarded its attorneys' fees and costs in defending this matter and for such other and further relief as the Court deems just and equitable in the premises.

## COUNTERCLAIM

Comes now the Defendant OKP (CNMI) Corporation ("OKP") and for its Counterclaim against Plaintiff Dongbu Insurance Company, Ltd., ("Dongbu") states and avers as follows:

1. This is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and that the claim for relief and controversy is between citizens of different states.

2. This is a claim for declaratory judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a question of actual controversy between parties as more fully set forth herein.

3. OKP is a corporation organized and existing under the laws of the Commonwealth of the Northern Mariana Islands and is authorized to do business therein within its principal place of business being in Saipan.

4. Dongbu is a corporation organized and existing under the laws of the Republic of Korea and it is registered in the Commonwealth of the Northern Mariana Islands and authorized to engage in the business of insurance therein .

5. Joaquin Q. Atalig is a resident of the Commonwealth of the Northern Mariana Islands and the Plaintiff in Superior Court of the Northern Mariana Islands Civil Action No. 06-119(R)

6. On December 27, 2005 Dongbu issued to OKP, Policy No. 150230-150230 (KMA-09102-500) (the "Automobile Policy") for the policy period December 15, 2005 to December 15, 2006.

7. Under said Automobile Policy Dongbu is the insurer and OKP is the insured.

8. Under the terms of the Automobile Policy coverage for liability on scheduled vehicles is as follows: Coverage A Bodily Injury $1,000,000.00 each person/$2,000,000.00 each accident; Coverage B Property Damage $3,000,000.00. A copy of the Automobile Policy is attached hereto marked as Exhibit A and incorporated herein by reference.

9. On January 19, 2006 Dongbu issued to OKP Policy No. KMCR0015-500 (the "CAR Policy"), the period of insurance being from January 16, 2006 to January 16, 2007 subject to the provision concerning the Period of Cover which states in part: **PERIOD OF COVER:** The liability of the Insurers shall commence, notwithstanding any date to the contrary specified in the Schedule, directly upon commencement of work or after the unloading of the items entered in the

Schedule at the site. The Insurer's liability expires for parts of the insured contract works taken over or put into service. At the latest the insurance shall expire on the date specified in the Schedule. Any extension of the period of insurance are subject to prior written consent of the Insurers.

10.     Under the terms of the CAR Policy coverage for Third Party Liability is as follows: Personal Injury $1,000,000.00 any one person, $3,000,000.00 any one occurrence; Property Damage $1,000,000.00. A copy of the CAR Policy is attached hereto marked as Exhibit B and incorporated herein by reference.

11.     On or about March 23, 2006 Joaquin Q. Atalig filed a Complaint in the Superior Court of the Commonwealth of the Northern Mariana Islands, Civil Action No. 06-0119R in which OKP was named as a defendant along with others.

12.     The Complaint alleged numerous causes of action, specifically: 1. Breach of Contract; 2. Waste; 3. Conversion - Historical and Cultural Artifacts; 4. Conversion - Soil and Other materials; 5.Conversion - Permanent Trees; 6. Conversion - Preexisting Buildings/ Improvements; 7. Negligence - Violations of 1 CMC §2382(g) and 2 CMC §4811, *et seq.*; 8. Negligence - Violation of 2 CMC §3101, *et seq.*;  8. Negligent Interference with Prospective Economic Advantage; 11. Intentional and/or Negligent Inflection of Emotional Distress; 12. Unjust Enrichment; 13. Nuisance; 14. Indemnification; 15. Attorneys' Fees. A copy of the original Complaint (without exhibits) is attached hereto marked as Exhibit C and incorporated herein by reference.

13.     On or about July 31, 2006, Atalig filed his First Amended Complaint which alleged the following causes of action:  1. Breach of Contract; 2. Waste; 3. Conversion - Historical and Cultural Artifacts; 4. Conversion - Soil and other minerals; 5. Conversion - Permanent Trees; 6. Conversion - Preexisting Buildings/Improvements; 7. Negligence; 8. Negligent Entrustment; 9.

Intentional and/or Negligent Inflection of Emotional distress; 10. Unjust enrichment; 11. Nuisance; 12. Indemnification; 13. Principal - Agent Liability: Actual Authority; 14. Respondent Superior; 15. Punitive Damages; 16. Violation of Open Government Meetings and Records Act; 17. Attorneys' Fees.

A copy of the First Amended Complaint is attached hereto marked as Exhibit D and incorporated herein by reference.

14.　　On or about April 18, 2007 Atalig filed his Second Amended Complaint which alleges the following causes of action: 1. Breach of Contract; 2. Waste; 3. Conversion - Historical and Cultural Artifacts; 4. Conversion - Soil and Other Minerals; 5. Conversion - Permanent Trees; 6. Conversion - Preexisting Buildings/Improvements; 7. Negligence; 8. Unjust Enrichment; 9. Indemnification; 10. Violation of the Open Government and Records Act; and 11. Attorneys' Fees. A copy of the Second Amended Complaint is attached hereto marked as Exhibit E and incorporated herein by reference.

15.　　In due course OKP forwarded to Dongbu copies of Atalig's First Amended Complaint and Second Amended Complaint along with a demand that Dongbu assume its contractual duties and obligations to defend and indemnify OKP for the claims made by Atalig.

16.　　OKP has complied with all conditions and obligations under the subject insurance policies with respect to its rights to a defense and to indemnity in the underlying lawsuit or in the event Dongbu claims OKP has failed to comply with the conditions and obligations under the subject insurance policies then it is alleged that Dongbu by its action/inactions has waived any deficiency in OKP's compliance with the conditions and obligations of the subject insurance policies.

17.　　Dongbu has refused to fulfill its obligations to defend and indemnify as required by the subject insurance policies and as a consequence thereof OKP has been compelled to retain

counsel at its own expense to defend against the Atalig claims in the Commonwealth Superior Court action.

## Count I

### (DECLARATORY JUDGMENT)

18. OKP re-alleges and incorporates herein the allegations contained in paragraph 1-17.

19. There exits an actual, real and substantial controversy between OKP and Dongbu in respect to their conflicting claims and legal relationships with reference to the Automobile Policy and the CAR Policy described above.

20. OKP is entitled to a determination of the rights and obligations of the OKP and Dongbu under the Automobile Policy and the CAR Policy and in particular a determination that Dongbu has a duty to defend and a duty to indemnify OKP for the claims made against OKP by Atalig in the Commonwealth Superior Court litigation.

## COUNT II

### BREACH OF CONTRACT

21. OKP re-alleges and incorporates herein the allegations stated in paragraphs 1-20 of its Counterclaim.

22. The Automobile Policy and the CAR Policy are valid, binding insurance contracts between Dongbu as insurer and OKP is insured.

23. Dongbu is in breach of its contractual duties and obligations under the Automobile Policy and the CAR Policy to defend and indemnify OKP for the claims being made by Atalig in the Commonwealth Superior Court litigation.

24. As a result of Dongbu's breach of its contractual duties and obligations OKP has incurred monetary damages and will incur monetary damages in the future in an amount to be proven at trial and Dongbu is therefore liable for all such damages sustained by OKP.

## COUNT III

## BREACH OF THE COVENANT/DUTY OF GOOD FAITH AND FAIR DEALING

25. OKP re-alleges and incorporates herein the allegations stated in paragraphs 1-24 of its Counterclaim.

26. The Automobile Policy and the CAR Policy, among other things, include provisions whereby Dongbu obligates itself to defend any claim or lawsuit by third parties and further that in the event of a recovery by any such third party, Dongbu will pay any sum which OKP shall becomes legally obligated to pay.

27. The Automobile Policy and the CAR Policy require Dongbu to comply with its implied covenant/duty of good faith and fair dealing and to do nothing to injure the right of OKP to receive the benefits of the Automobile Policy and the CAR Policy.

28. Pursuant to the terms and provisions of the Automobile Policy and the CAR Policy Dongbu has a fiduciary relationship with OKP and Dongbu is under a duty to use the skill, care and knowledge of its claims representatives, underwriters and representatives in evaluating and investigating the claims made by Atalig in the Commonwealth Superior Court litigation.

29. Upon information and belief Dongbu and its employees and representatives either intentionally, recklessly, or negligently failed to investigate and/or evaluate the claims made against OKP by Atalig in a prompt and through manner as it is required to do, and improperly has denied coverage, and as a direct and proximate result, OKP has suffered monetary damage and will suffer monetary damages in the future in an amount not presently determinable but to be proven at trial.

### Count IV

### ATTORNEYS' FEES AND COSTS

30. OKP re-alleges and incorporates herein the allegations stated in paragraph 1-29.

31. Under the terms and provisions of the Automobile Policy and the CAR Policy, Dongbu is obligated to defend and indemnify OKP for the Atalig claim.

32. Dongbu failed to promptly respond to OKP's demand to defend and indemnify it for the Atalig claims and Dongbu now denies it is obligated to defend or indemnify OKP for the Atalig claims.

33. As a result of Dongbu's failure to promptly respond to OKP's demand to defend and indemnify and its ultimate denial of its duty to defend and indemnify OKP for the Atalig claims, OKP has been compelled, at its own expense, to continue to assume the defense of the Atalig claims.

34. OKP is entitled to be reimbursed by Dongbu for the attorneys' fees and costs OKP has been compelled to expend by reason of Dongbu's failure to assume its duties to defend and indemnify OKP for the Atalig claims.

WHEREFORE Defendant and Counterclaimant OKP (CNMI) Corporation prays judgment against Plaintiff Dongbu Insurance Company, Ltd. as follows:

1. For a determination by the Court of the rights and obligations of OKP and Dongbu pursuant to the terms and provisions of the Automobile Policy and the CAR Policy.

2. For a determination that Dongbu Insurance Company, Ltd. is obligated to defend the claims made against OKP (CNMI) Corporation, in Commonwealth Superior Court, Civil Case No. 06-0119(R).

3. For a determination that Dongbu Insurance Company, Ltd. is obligated to indemnify OKP (CNMI) Corporation for any sum which OKP shall become legally obligated to pay upon the claims made against OKP (CNMI) Corporation in Commonwealth Superior Court, Civil Case No. 06-0119(R).

4. For compensatory damages in an amount to be proved at the time of trial.

5.  For reasonable attorneys' fees and costs incurred by OKP (CNMI) Corporation in defending the claims made against OKP (CNMI) Corporation in Commonwealth Superior Court, Civil Case No. 06-0119(R) because of Dongbu Insurance Company, Ltd.'s refusal to defend such action.

6.  For reasonable attorneys' fees incurred by OKP (CNMI) Corporation in bringing this action, for pre-judgment interest, post-judgment interest, its costs and for such other and further relief as the Court deems just and equitable in the premises.

CARLSMITH BALL LLP

DATED: Saipan, MP, March 18, 2008.

_____
JOHN D. OSBORN
Attorneys for Defendant
OKP (CNMI) CORPORATION

## DEMAND FOR JURY TRIAL

Comes now OKP (CNMI) Corporation and pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demands a trial by jury of all issues triable of right by jury.

CARLSMITH BALL LLP

_____
JOHN D. OSBORN
Attorneys for Defendant
OKP (CNMI) CORPORATION