**RAMON K. QUICHOCHO, ESQ., F0243**
**LAW OFFICES OF RAMON K. QUICHOCHO, LLC**
**2nd Floor, Sign Arts Bldg., San Jose**
**P.O. Box 505621**
**Saipan, MP 96950**
**Tel. No.: 670.234.8946**
**Fax: 670.234.8920**
**Email: karissa129@gmail.com**

**MICHAEL W. DOTTS, ESQ., F0150**
**O'CONNOR BERMAN DOTTS & BANES**
**2nd Floor, Nauru Building**
**P.O. Box 501969**
**Saipan, MP96950**
**Telephone No. (670) 234-5684**
**Facsimile No. (670) 234-5683**
**Email: attorneys@saipan.com**

*Attorneys for Plaintiff Joaquin Q. Atalig*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **DONGBU INSURANCE COMPANY, LTD.,** | **CIVIL ACTION NO. CV 08-0002** |
| Plaintiff, | |
| vs. | |
| **OKP (CNMI) CORPORATION AND JOAQUIN Q. ATALIG,** | **ANSWER OF JOAQUIN Q. ATALIG** |
| Defendants. | |

## **ANSWER**

COMES NOW Joaquin Q. Atalig ("Atalig"), by and through counsel, and answers the Complaint of Dongbu Insurance Company, Ltd. ("Dongbu"), as follows:

1. Atalig admits the allegations of paragraph 1 of the Complaint.

2. Atalig admits the allegations of paragraph 2 of the Complaint.

3. Upon information and belief, Atalig admits the allegations of paragraph 3 of the Complaint.

4. Atalig admits the allegations of paragraph 4 of the Complaint except that Atalig maintains, based on information and belief, that OKP (CNMI) Corporation is the alter ego of OKP Holdings, Ltd. of Singapore, and/or Or Kim Peow Contractors (Private) Limited, Eng Lam Contractors Co. (Pte) Ltd., OKP Technical Management Pte Ltd., OKP Investments (China) Pte Ltd., United Pavement Specialists Pte Ltd., OKP (Oil & Gas) Infrastructure Pte Ltd.

5. In response to paragraph 5 of the Complaint, Atalig admits that the Complaint seeks a determination that Dongbu has no duty to defend or duty to indemnify OKP for claims brought against OKP in the Superior Court of the Commonwealth of the Northern Mariana Islands in *Atalig v. OKP (CNMI) Corporation*, Civil Action No. 06-0119(R).

6. Atalig admits the allegations of paragraph 6 of the Complaint.

7. Atalig admits the allegations of paragraph 7 of the Complaint.

8. Atalig admits the allegations of paragraph 8 of the Complaint.

9. Atalig admits the allegations of paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, Atalig admits that the Auto Policy is an Automobile Liability Policy, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the Complaint, and on that basis, Atalig denies the remaining allegations contained therein.

11. In response to paragraph 11 of the Complaint, Atalig admits that Auto Policy's Schedule of Vehicles pages show that the scheduled vehicles are covered with bodily injury limits of $1,000,000.00 per person and $2,000,000.00 per accident, and that the property

damages limits for scheduled vehicles are $3,000,000.00 per accident, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the Complaint, and on that basis, Atalig denies the remaining allegations contained therein.

12. In response to paragraph 12 of the Complaint, Atalig states that the allegations are conclusions of law, and therefore require no response. To the extent a response is necessary, Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis, Atalig denies each and every allegation contained therein.

13. In response to paragraph 13 of the Complaint, Atalig admits that Plaintiff Dongbu issued an insurance policy with the named insured being OKP, such policy being Policy No. KMCR0015-S00-S00 (the "CAR Policy"). Atalig denies the allegation that the effective date of the CAR Policy was January 16, 2006, and further denies that the CAR Policy was for a term from January 16, 2006, to January 16, 2007. On information and belief, the period of cover commenced directly upon commencement of work or after the unloading of the items entered in the Schedule of Vehicles.

14. Atalig admits the allegations of paragraph 14 of the Complaint.

15. Atalig admits the allegations of paragraph 15 of the Complaint.

16. Atalig admits the allegations of paragraph 16 of the Complaint.

17. Atalig admits the allegations of paragraph 17 of the Complaint.

18. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis, Atalig denies each and every allegation contained therein.

19. Atalig admits the allegations of paragraph 19 of the Complaint.

20. In response to paragraph 20 of the Complaint, Atalig states that the allegations are conclusions of law, and therefore require no response. To the extent a response is necessary, Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and on that basis, Atalig denies each and every allegation contained therein.

21. Atalig admits the allegations of paragraph 21 of the Complaint.

22. Atalig admits the allegations of paragraph 22 of the Complaint.

23. Atalig admits the allegations of paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Atalig is without knowledge or information sufficient to form a belief as to the meaning of the term "core facts," and on that basis, Atalig denies the first sentence of paragraph 24. Atalig admits the second sentence of paragraph 24 of the Complaint. Atalig denies the third sentence of paragraph 24, because it misstates the recited paragraphs from Atalig's Second Amended Complaint against OKP.

25. Atalig denies paragraph 25 of the Complaint, because it misstates the recited paragraphs from Atalig's Second Amended Complaint against OKP.

26. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and on that basis, Atalig denies each and every allegation contained therein.

27. Atalig admits that he filed the lawsuit against OKP on March 23, 2006. Atalig is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27, and on that basis, Atalig denies each and every remaining allegation contained therein.

28. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and on that basis, Atalig denies each and every allegation contained therein.

29. With respect to paragraph 29 of the Complaint, Atalig incorporates, by reference, the responses in paragraphs 1-28 herein, as if set forth in full.

30. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and on that basis, Atalig denies each and every allegation contained therein.  Atalig asserts that under the policies Dongu is required to indemnify OKP.

31. Atalig denies each and every allegation contained in paragraph 31 or incorporated into paragraph 31.

32. Atalig denies each and every allegation contained in paragraph 32.

33. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and on that basis, Atalig denies each and every allegation contained therein.

34. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and on that basis, Atalig denies each and every allegation contained therein.

35.  Atalig denies each and every allegation contained in paragraph 35.

36.  Atalig denies each and every allegation contained in paragraph 36.

37. Atalig denies each and every allegation contained in paragraph 37.

38. Atalig denies each and every allegation contained in paragraph 38.

39. Atalig denies each and every allegation contained in paragraph 39.

40. In response to paragraph 40 of the Complaint, Atalig admits that Dongbu prays for relief in the Complaint, but Atalig denies that Dongbu is entitled to relief determining that it has no duty to indemnify OKP for the claims in the Atalig lawsuit, that it should be discharged from its obligations under the policies, and that it is entitled to costs, disbursements and attorneys' fees.

41. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and on that basis, Atalig denies each and every allegation contained therein.

42. Atalig denies each and every allegation contained in paragraph 42.

43. Atalig denies each and every allegation contained in paragraph 43.

44. Atalig denies each and every allegation contained in paragraph 44.

45. Atalig denies each and every allegation contained in paragraph 45.

46. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and on that basis, Atalig denies each and every allegation contained therein.

47. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and on that basis, Atalig denies each and every allegation contained therein.

48. Atalig is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and on that basis, Atalig denies each and every allegation contained therein.

49. In response to paragraph 49 of the Complaint, Atalig admits that Dongbu prays for relief in the Complaint, but Atalig denies that Dongbu is entitled to relief determining that it has

no duty to indemnify OKP for the claims in the Atalig lawsuit, that it should be discharged from its obligations under the policies, and that it is entitled to costs, disbursements and attorneys' fees.

50. In response to paragraph 50 of the Complaint, Atalig denies that Dongbu is entitled to relief determining that it has no duty to indemnify OKP for the claims in the Atalig lawsuit, that it should be discharged from its obligations under the policies, and that it is entitled to costs, disbursements and attorneys' fees.

51. Atalig denies all the allegations in the Complaint that are not specifically admitted.

## **AFFIRMATIVE DEFENSES**

Atalig asserts the following affirmative defenses:

a. Plaintiff has and suffers from unclean hands;

b. A Plaintiff who seeks equity must do equity;

c. Estoppel;

d. Waiver; and

e. Plaintiff's claims are barred by laches.

WHEREFORE, Atalig prays that Dongbu's request for (1) declaratory judgment that it has no duty to indemnify, (2) costs, disbursements and attorneys' fees, be denied; that Atalig be awarded reasonable attorneys fees and costs incurred herein; and that Atalig be awarded such other and further relief under law and in equity as the Court deems just.

Dated: March 27, 2008        Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES

_____/s/_____
Michael W. Dotts, Esq. (F0150)
Attorneys for Plaintiff

Dated: March 27, 2008        LAW OFFICES OF RAMON K. QUICHOCHO, LLC

_____/s/_____
Ramon K. Quichocho, Esq. (F0243)
Attorney for Plaintiff

K:\3300\3390-03-DONGBU v. OKP, Atalig\Pleadings\080328-AnswerOfJQA.doc