Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP 96950
Tel. (670)235-8846
Fax (670)235-8848

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DONGBU INSURANCE COMPANY, Ltd., <br><br> Plaintiff, <br><br> v. <br><br> OKP (CNMI) CORPORATION, <br><br> Dongbu. | Civil Action No. 08-0002 <br><br> PLAINTIFF'S ANSWER AND DEFENSES TO DEFENDANT OKP'S COUNTERCLAIM |

## ANSWER

Plaintiff Dongbu Isurance Company, Ltd. ("Dongbu") states as follows in answer to Defendant OKP (CNMI) Corporation's Counterclaim ("OKP"):

1. Dongbu admits the averments in Paragraphs 1 through 4, inclusive, of OKP's Counterclaim (hereinafter paragraphs in OKP's Counterclaim are referred to as "Paragraph ___").

2. Dongbu is without information sufficient to plead to the truth or falsity of the averments in Paragraph 5, and on that basis, denies same.

3. Dongbu admits the averments in Paragraph 6, except that Dongbu denies the averment regarding the policy number.

Page 1 of 4 pages

4. Dongbu admits the averments in Paragraph 7.

5. Dongbu admits the averments in Paragraph 8, except that Dongbu denies the attached copy of the policy is complete.

6. Dongbu admits the averments in Paragraph 9, except that Dongbu denies any averment in Paragraph 9 that the quoted text is the only provision relevant to the other averments in Paragraph 9.

7. Dongbu admits the averments in Paragraph 10, except that Dongbu denies the attached copy of the policy is complete.

8. Dongbu admits the averments in Paragraph 11 through 14, inclusive, except that Dongbu is without information sufficient to plead to the truth or falsity of the averments in those Paragraphs regarding whether the attached, referenced complaints are true and correct copies, and on that basis, Dongbu denies same.

9. Dongbu admits the averments in Paragraph 15 that OKP eventually forwarded copies of the referenced amended complaints and that OKP requested Dongbu to defend it, but Dongbu denies the other averments in Paragraph 15, and Dongbu specifically denies that any defense was tendered by OKP to Dongbu in "due course."

10. Dongbu denies the averments in Paragraph 16, and Dongbu specifically denies that there is any obligation to defend or indemnify OKP for the claims brought in the Atalig lawsuit.

11. Dongbu denies the averments in Paragraph 17, except that Dongbu admits that it did not agree to defend OKP for the claims brought in the Atalig lawsuit.

12. In answer to Paragraph 18, Dongbu incorporates herein as if set forth in full its answers

to the previous Paragraphs.

13. Dongbu admits the averments in Paragraph 19.

14. Dongbu admits the averment in Paragraph 20 that the parties are entitled to a declaration of their rights and obligations, if any, under the referenced insurance policies, but Dongbu denies that OKP is entitled to any declaratory judgment in its favor, and Dongbu denies any other averments in Paragraph 20.

15. In answer to Paragraph 21, Dongbu incorporates herein as if set forth in full its answers to the previous Paragraphs.

16. Dongbu admits the averments in Paragraph 22.

17. Dongbu denies the averments in Paragraphs 23 and 24.

18. In answer to Paragraph 25, Dongbu incorporates herein as if set forth in full its answers to the previous Paragraphs.

19. Dongbu denies the averments in Paragraph 26.

20. In answer to Paragraphs 27 and 28, Dongbu admits that it is required to comply with all applicable terms and conditions of the two policies, and to comply with the applicable law. Dongbu denies any other averments in Paragraphs 27 and 28.

21. Dongbu denies the averments in Paragraph 29.

22. In answer to Paragraph 30, Dongbu incorporates herein as if set forth in full its answers to the previous Paragraphs.

23. Dongbu denies the averments in Paragraphs 31 through 34, inclusive, except that Dongbu admits that it did not agree to defend OKP for the claims brought in the Atalig lawsuit.

24. Dongbu denies that OKP is entitled to any of the relief requested in its prayer for relief, and Dongbu denies that OKP is entitled to a trial by jury in this case.

### DEFENSES

1. Dongbu is entitled to a declaration that there is no obligation to defend or indemnify OKP for the claims brought in the Atalig lawsuit. Dongbu is entitled to this declaration based on the allegations stated in its First Amended Complaint, which are incorporated herein by reference as if set forth in full.

2. OKP's claims are barred by its own unreasonable conduct and lack of good faith, including but not limited to never reporting the incidents made the basis of the complaints, defending the case without providing notice to Dongbu, and otherwise not tendering the defense of the case as required by the applicable policies and basic fairness.

3. OKP has acted with unclean hands, has waived coverage and/or or is barred by equity from claiming any duty to defend or indemnify under the applicable policies.

4. Dongbu reserves the right to amend its answer and add additional defenses as the case proceeds.

Respectfully submitted this 7th day of April, 2008.

_____
Thomas E. Clifford
Attorney for Plaintiff Dongbu