finally determined either by judgement against the insured after actual trial or by written agreement of the insured, the claimant and the Company.

Any person or organization of the legal representative thereof who has secured such judgement or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the insured to determine the insured's liability.

Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the Company of any of its obligation hereunder.

**15. Action Against the Company - Coverage C:** No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, nor until thirty days after the required proofs of claim have been filed with the Company.

**16. No Benefits to Bailee - Coverages D and E:** The insurance afforded by this policy shall not inure directly or indirectly to the benefit of any carrier of bailee liable for loss to the automobile.

**17. Subrogation - Coverages A, B, D and E:** In the event of any payment under this policy, the Company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

**18. Other Insurance:** Except under Coverage C, if the insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to temporary substitute automobiles, under Insuring Agreement V or other automobiles under Insuring Agreement VI shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under a policy applicable with respect to said automobiles or otherwise. Under coverage C, the insurance afforded with respect to other automobile under Insuring Agreement VI shall be excess insurance over any other valid and collectible medical payments insurance applicable thereto.

If, in order to comply with local statutory requirements, a policy is issued to the named insured provided valid and collectible insurance against a loss covered by this policy, the insurance under this policy shall be excess insurance over such other insurance and the limits of liability under this policy shall be reduced by an amount equal to the limits of liability afforded under such other policy.

**19. Changes:** Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy, nor shall the terms of this policy, be waived or changed except by endorsement issued to form a part thereof, signed by an authorized representative of the Company.

**20. Assignment:** Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon. If, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy, unless canceled shall, if written notice be given to the Company within sixty days after the date of such death or adjudication cover (1) the named insured's legal representative as the named insured, and (2) under coverages A and B, subject otherwise to the provisions of Insuring Agreement IV, any person having proper temporary custody of the automobile, as an insured, and under coverage C while the automobile is used by such person, until the appointment and qualification of such legal representative but in no event for a period of more than sixty days after the date of such death or adjudication.

**21. Cancellation:** This policy may be canceled by the named insured by surrender thereof or by mailing to the Company written notice stating when thereafter such cancellation shall be effective. This policy may be canceled by the Company by mailing to the named insured at the address shown in this policy written notice stating when not less than thirty days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the Company shall be equivalent to mailing.

If the named insured cancels, earned premiums shall be computed in accordance with the short rate table and procedure customarily in use by the Company. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment may be made at the time cancellation is effected and, if not then made, shall be made as soon as practicable after cancellation become effective.

The Company's check or the check of its representative similarly mailed or delivered shall be a sufficient tender of any refund of premium due to the named insured.

**22. Terms of Policy Conformed to Statute:** Terms of this policy which are in conflict with the statutes of the state or country wherein this policy is issued are hereby amended to conform to such statutes.

**23. Declarations:** By acceptance of this policy the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations and that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.

## DWI EXCLUSION CLAUSE

It is hereby understood and agreed that the Company shall not be liable with respect to any accident, loss, damage or liability caused, sustained or incurred while any motor vehicle, in respect of which indemnity is provided by this policy, is being driven by any person while committing a felony or who is under the influence of intoxicating liquor or controlled drugs or substances, or while said vehicle is being driven by any person who has been convicted of driving while under influence of intoxicating liquor or any controlled drugs or substances with respect to such accident, loss, damage or liability.

It is understood that this Exclusion shall not apply in respect of any claim by innocent Third Parties or innocent Named Insured if not operating the insured vehicle under the conditions set out in the preceding paragraph.

It is further understood and agreed that if the Company shall indemnify any Third Party for a claim which otherwise would have been excluded under first paragraph of this exclusion, the Company shall have the right of recovery from the operator of the insured vehicle.

**IN WITNESS WHEREOF,** the Company has caused this policy to be signed by its president and manager, but this policy shall not be valid unless countersigned on the Declarations page by a duly authorized representative of the Company.

_____
**IK JOO JEON**
**MANAGER**

_____
**SU KWANG LEE**
**PRESIDENT**

KA-0100                                              - 8 -                                              000052

The following endorsements are added and forming part of this policy when designated by an "X" in the box(es) shown below.

☐ **ENDORSEMENT No. 01**

## EXCLUSION OF TYPHOON, WINDSTORM, HURRICANE, FLOOD OR TIDAL WAVE
(For attachment to Automobile Policy)

In consideration of the reduced premium charged, it is hereby agreed that the following is added to Section III of the Exclusions:

(b) to loss or damage, directly or indirectly, proximately or remotely, occasioned by or arising from or in consequence of typhoon, windstorm, hurricane, flood or tidal wave.

☐ **ENDORSEMENT No. 02**

## TYPHOON COVERAGE DEDUCTIBLE CLAUSE

Anything to the contrary notwithstanding, it is declared and agreed that in the event of loss or damage under coverages D and E directly, proximately or remotely occasioned by or arising from or in consequence of earthquake, volcanic eruption, typhoon, hurricane, tornado, cyclone or other convulsion of nature or atmospheric disturbances, the insured will bear on each loss for his own account as shown in the Declarations and/or Schedule of Vehicle under this policy.

☐ **ENDORSEMENT No. 03**

## LOSS OF USE ENDORSEMENT ( I )
(Applicable to Private Vehicle & Light Trucks Only)

In the event of theft of the entire vehicle, the company will reimburse the insured for transportation expenses incurred in an amount not exceeding USD40.00 per day, such benefits becoming payable on the third day immediately following submission of complete claims documents to the company. Reimbursement of said transportation expenses will thereafter continue until the claim is settled or the vehicle is located and returned to service. In no event shall total transportation expenses to be paid hereunder exceed $1,200.00.

☐ **ENDORSEMENT No. 04**

## LOSS OF USE ENDORSEMENT (II)
(Applicable to Private Vehicle & Light Trucks Only)

For an additional premium, it is hereby noted and agreed that:

In addition to the applicable limit of liability, the company will reimburse the insured for transportation expenses incurred in an amount not exceeding $40.00 per day during the period commencing three days after a loss under comprehensive or collision covered by this policy has been reported to the company and terminating when the vehicle is returned to use or the company pays the loss, whichever shall first occur. In no event shall total transportation expenses to be paid hereunder exceed $1,200.00.

**The following endorsements are added and forming part of this policy when designated by an "X" in the box(es) shown below.**

☐ **ENDORSEMENT No. 05**

### PAYROLL DEDUCTION - ADDITIONAL POLICY CONDITIONS

Notwithstanding what is provided to the contrary in this policy, it is hereby declared and agreed that the total premium(s) under subject policy shall be made in accordance with the Payroll Deduction Plan. It is further agreed that this policy will automatically be invalidated or cancelled if the premium due is not paid after fifteen (15) days from due date thereof.

It is further understood and agreed that in the event of a loss, in case the vehicle insured is declared total loss, premium charged is payable immediately.

☐ **ENDORSEMENT No. 06**

### NO LOSS DECLARATION

It is understood and agreed that the insured declares there is no known or reported losses under this policy as at the date of issue.

Nothing herein contained shall be held to vary, alter, waive or extend any of the Insuring Agreements, Exclusions, Conditions or Declarations of the policy, except as herein above set forth.

☐ **ENDORSEMENT NO. 07**

### LOSS PAYABLE CLAUSE

Loss or damage, if any, under the policy shall be payable as interest may appear to:

And this insurance as to the interest of the Bailment Lessor, Conditional Vendor, Mortgage or other secured party or Assignee of Bailment Lessor, Conditional Vendor, Mortgages or other secured party (herein called the Lienholder) shall not be invalidated by any act or neglect of the Lessee, Mortgagor, Owner of the within described automobile or other Debtor nor by any change in the title or ownership of the property provided, however, that the conversion, embezzlement or secretion by the Lessee, Mortgagor, Purchaser or other Debtor in possession of the property insured under a bailment lease, conditional sale, mortgage or other security agreement is not covered under such policy, unless specifically insured against and premium paid therefore; and provided, also, that in case the Lessee, Mortgagor, Owner of other Debtor shall neglect to pay any premium due under such policy the Lienholder shall, on demand, pay the same.

Provided also, that the lienholder shall notify the company of any change of ownership or increase of hazard which shall come to the knowledge of said Lienholder and, unless permitted by such policy, it shall be noted thereon and the Lienholder shall, on demand, pay the premium for such increase hazard for the term of the used thereof, otherwise such policy shall be null and void. The company reserves the right to cancel such policy at any time as provided by its terms, but in such case the company shall notify the Lienholder when not less than ten days thereafter such cancellation shall be effective as to the interest of said Lienholder therein and the company shall have the right, on like notice, to cancel this agreement.

If the insured fails to render proof of loss within the time granted in the policy conditions, such Lienholder shall do

**The following endorsements are added and forming part of this policy when designated by an "X" in the box(es) shown below.**

so within sixty days thereafter, in form and manner as provided by the policy, and further shall be subject to the provisions of the policy relating to appraisal and time of payment and of bringing suit.

Whenever the company shall pay the Lienholder any sum for loss or damage under such policy and shall claim that, as to the Lessee, Mortgagor, Owner or other Debtor, no liability therefore existed, the Company shall, to the extent of such payment, be thereupon legally subrogated to all rights of the party to whom such payment shall be made, under all securities held as collateral to the debt, or may at its option, pay to the Lienholder the whole principal due on the mortgage or other security agreement with interest, and shall thereupon receive a full assignment and transfer of the mortgage or other security agreement and of all such other securities; but no subrogation shall impair the right of the Lienholder to recover the full amount of its claim.

Whenever a payment of any nature becomes due under the policy, separate payment may be made to each party at interest provided the company protects the equity of all parties.

☐ **ENDORSEMENT No. 08**

## UNINSURED MOTORIST COVERAGE
(Automobile Bodily Injury Liability)
- Basic Policy -

In consideration of the payment of the premium for this endorsement and subject to all of the terms of this endorsement, the company agrees with the named insured as follows:

### INSURING AGREEMENTS

**I. Damages for Bodily Injury Caused by Uninsured Automobiles**

The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease including death resulting therefrom, hereinafter called "bodily injury", sustained by the insured, caused by accident and arising our of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such Judgement is entered pursuant to an action prosecuted by the insured with the written consent of the company.

**II. Definitions**

(a) "Insured" means:
(1) The named insured as stated in the policy (herein also referred to as the "principal named insured") and any person designated as named insured in he schedule and, while residents of the same household, the spouse of any such named insured and relatives of either;
(2) any other person while occupying an insured automobile; and
(3) any person, with respect to damages he is entitled to recover because of bodily injury to which this endorsement applies sustained by an insured under (1) or (2) above.

**The following endorsements are added and forming part of this policy when designated by an "X" in the box(es) shown below.**

The insurance applies separately with respect to each insured, but the application of the insurance to more than one insured shall not operate to increase the limits of the company's liability.

(b) "Insured automobile" means an automobile:
  (1) described in the schedule as an insured automobile to which the bodily injury liability coverage of the policy applies;
  (2) while temporarily used as a substitute for an insured automobile described in subparagraph (1) above, when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction;
  (3) while being operated by a named insured or by his spouse if a resident of the same household;
  but the term "insured automobile" shall not include:
  (i) an automobile while used as a public or livery conveyance, unless such use is declared in this endorsement;
  (ii) an automobile while being used without the permission of the owner;
  (iii) under subparagraphs (2) and (3) above, an automobile owned by the principal named insured or by an named insured designated in the schedule or by any resident of the same household as such insured; or
  (iv) under subparagraphs (2) and (3) above, an automobile furnished for the regular use of the principal named insured or any resident of the same household.

(c) "uninsured automobile" means:
  (1) an automobile with respect to the ownership, maintenance or use of which there is, in at least the amount specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder; or
  (2) a hit-and-run automobile as defined; but the term "uninsured automobile" shall not include
  (i) an insured automobile,
  (ii) an automobile which is owned or operated by a self-insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law,
  (iii) an automobile which is owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing,
  (iv) a land motor vehicle or trailer if operated on rails or crawler-treads or while located for use as a residence or premises and not as a vehicle, or
  (v) a farm type tractor or equipment designed for use principally off public roads, except while actually upon public roads.

(d) "hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such "hit-and-run automobile", (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident.

(e) Occupying. The word "occupying" means in or upon or entering into or alighting from.

(f) State. The word "state" shall mean the Territory of Guam.

### III. Policy Period, Territory

This endorsement applies only to accidents which occur on and after the effective date hereof, during the policy period and within the geographical area specified in item 7 of the Declarations.

**The following endorsements are added and forming part of this policy when designated by an "X" in the box(es) shown below.**

## EXCLUSIONS

This endorsement does not apply.
(a) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this endorsement shall without written consent of the company, make any settlement with any person or organization who maybe legally liable therefor.
(b) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by an automobile owned by an insured named in the schedule or his relatives;
(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self insurer under any workmen's compensation or disability benefits law or any similar law.

## CONDITIONS

1. Policy Provisions None of the Insuring Agreements, Exclusions or Conditions of the policy shall apply to the insurance afforded by this endorsement except the Conditions "Notice" or "Notice of Accident", "Changes", "Assignment", "Cancellation" and "Declarations".

2. Premium. If during the policy period the number of insured automobiles owned by the principal named insured or spouse of the number of dealer's license plates issued to the principal named insured changes, such named insured shall notify the company during the policy period of any change and the premium shall be adjusted in accordance with the manuals in use by the company. If the earned premium thus computed exceeds the advance premium paid, such named insured shall pay the excess to the company; if less, the company shall return to such named insured the unearned portion paid by such insured.

3. Proof of Claim, Medical Reports. As soon as practicable, the insured or other person making claim shall give to the company written proof of claim under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe to same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.
   The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the persons or person entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records

4. Assistance and Cooperation of the Insured. After notice of claim under this endorsement, the company may require the insured to take such action as maybe necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury and in any action against the company, the company may require the insured to join such person or organization as a party defendant.

5. Notice of Legal Action. If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative.

6. Limits of Liability.
   (a) The limit of liability stated in the schedule as applicable to "each person" is the limit of the company's liability for

**The following endorsements are added and forming part of this policy when designated by an "X" in the box(es) shown below.**

    all damages; including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and subject to the above provision respecting each person, the limit of liability stated in the schedule as applicable to "each accident" is the total limit of the company's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident.

  (b) Any amount payable under the terms of this endorsement because of bodily injury sustained in an accident by a person who is an insured under this coverage shall be reduced by:
    (1) All sums paid on account of such bodily injury by or on behalf of (i) the owner or operator of the uninsured automobile and (ii) any other person or organization jointly or severally liable together with such owner or operator for such bodily injury including all sums paid under the Bodily Injury Liability Coverage of the policy, and
    (2) the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law or any similar law.
  (c) any payment made under this endorsement to or for any insured shall be applied in reduction of the amount of damages which he may be entitled to recover from any person insured under the Bodily Injury Liability Coverage of the policy.
  (d) The company shall not be obligated to pay under this Coverage that part of the damages which the insured may be entitled to recover from the owner or operator of an uninsured automobile which represents expenses for medical services paid or payable under the Medical Payments Coverage of the policy.

7. Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the principal named insured, the insurance under this endorsement shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

8. Arbitration. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators my be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.

9. Trust Agreement. In the event of payment to any person under this endorsement:
  (a) the company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person or organization legally responsible for the bodily injury because of which such payment is made;
  (b) such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against have against such other person or organization because of the damages which are the subject of claim made under this endorsement;
  (c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;
  (d) if request in writing by the company, such person shall take, through any representative designated by the company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person; in the event of a recovery, the company shall be reimbursed out of such recovery for expenses, costs and attorney's fees incurred by it in

**The following endorsements are added and forming part of this policy when designated by an "X" in the box(es) shown below.**

    connection therewith;
(e) such person shall execute and deliver to the company such instruments and papers as may be appropriate to secure the right and obligations of such person and the company established by this provision.

10. Payment of Loss by the Company. Any amount due hereunder is payable (a) to the insured, or (b) if the insured be a minor to his parent or guardian, or (c) if the insured be deceased to his surviving spouse, otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the payment represents; provided, the company may at its option pay any amount due hereunder in accordance with division (d) hereof.

11. Action Against Company. No action shall lie against the company unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this endorsement.

## SCHEDULE

Designation of named insured for purposes of this endorsement ( see Insuring Agreement II (a) ) is the Named Insured as designated on the Declaration Page of the Policy.

Limit of Liability:   $15,000 each person; $30,000 each accident.

The advance premium for this endorsement, $          is included.

Description of insured automobiles: Any automobile designated in the declarations of the policy by the letters "UM" and an automobile ownership of which is acquired during the policy period by the principal named insured as a replacement therefor. Unless otherwise stated herein, this endorsement does not apply to any automobile while used as a public or livery conveyance:

    This endorsement forms a part of the designated policy and applies, unless otherwise stated herein, as of the effective time and date of such policy.

☐ **ENDORSEMENT NO. 09**

## Automobile Driver and Passenger Personal Accident Coverage Endorsement

In consideration of the premium paid for this endorsement. The insurance afforded with respect to such injuries applies only:

    While the Named Insured or any "Non-Named" driver and/or passengers who, with the permission of the Named Insured is/are driving or riding as a passenger in, boarding or alighting from a vehicle named in the policy, not used for commercial purposes.

### BENEFITS

The insurance afforded is only with respect to injuries which directly and independently of all other causes result in Death or Dismemberment as stated hereunder within the time limit indicated.

### Part I - Loss of Life Accident Indemnity

When injury results in loss of life of a covered insured, as defined in section (a) above within one hundred eighty (180) days after the date of the accident, the Company will pay the Loss of Life Accident Indemnity stated in the schedule, subject to

**The following endorsements are added and forming part of this policy when designated by an "X" in the box(es) shown below.**

the individual limits and the provision of Maximum Liability

### Part II - Dismemberment and Loss of Sight Indemnity

When injury does not result in loss of life of the covered insured within one hundred eighty (180) days after the occurrence of the accident but does result in Dismemberment or Loss of Sight as covered under the Schedule, the Company will pay the such loss as stated in the schedule.

### Part III - Schedule

| | |
|---|---|
| Loss of life Accident Indemnity maximum | US$2,000 (Per Person), US$8,000 (Per Vehicle) |
| Loss of Both Hands or Both Feet or Sight of Both Eyes | US$2,000 (Per Person) |
| Loss of One Hand and One Foot | US$2,000 (Per Person) |
| Loss of Either Hand or Foot and Sight of One Eye | US$2,000 (Per Person) |
| Loss of Either Hand or Foot | US$1,000 (Per Person) |
| Loss of Sight of One Eye | US$1,000 (Per Person) |

"Loss" as above used with reference to hand or foot means complete severance through or above the wrist or ankle, and as used with reference to eyes, means the entire and irrecoverable loss of sight.

The occurrence of any specific loss of which indemnity is payable shall at once terminate all insurance under this endorsement, but such termination shall be without prejudice to any claim originating out of the accident causing such loss.

No indemnity will paid under any circumstances for more than one of the losses, per person, the greatest, for which provision is made in this part.

### Part IV - Maximum Liability

The Maximum Liability for which the Company is subject to is US$2,000 per person. However, the maximum amount of liability for the Company per vehicle shall not exceed US$8,000. In the event of an accident involving more than four (4) persons in the named vehicle the provision for maximum vehicle liability shall have precedence.

### Part V - Exclusions

The insurance with respect to the above hazards shall not apply:
a) to loss caused directly or indirectly, wholly or partly by:
   1. bacterial infections (except pyogenic infections which shall occur through an accidental cut or wound);
   2. any other kind of disease;
   3. medical or surgical treatment (except such as may be necessary solely by injuries covered by this policy and performed within the time provided in the policy);
b) to suicide or any attempt threat (sane or insane): nor
c) to loss occasioned by war, invasion, act of foreign enemy, hostilities or warlike operation (whether war be declared or not), mutiny, riot, civil commotion, civil war, rebellion, revolution, insurrection, conspiracy, military or usurped power, martial law, or state of siege, or any of the events or causes which determine the proclamation or maintenance of martial law, or state of siege, seizure, quarantine, or customs regulation or nationalization by or under the order of any government or public or local authority, or any weapon or instrument employing atomic fission or radioactive force, whether in time of peace or war.
d) while the covered insured is under the influence of alcohol or drugs.

☐ ENDORSEMENT No. 10

## ADDITIONAL EXCLUSION

It is understood and agreed that the following "Exclusion" is added and make part of this policy: Coverage D, Comprehensive, and Coverage E, Collision or Upset will be excluded and not covered, if the automobile, at the time of an accident is being driven by anyone under 25 years of age and no premium surcharge has been paid to cover drivers under 25 years of age."

Nothing herein contained shall be held to vary, alter, waive or change any of the terms, limits or conditions of the policy, except as hereinabove set forth.