JOHN D. OSBORN
SEAN E. FRINK
CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP  96950-5241
Tel. No. (670) 322-3455

Counsel for Defendant OKP (CNMI) Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DONGBU INSURANCE COMPANY, Ltd., | Case No.: 08-0002 |
| Plaintiff, | STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF OKP (CNMI) CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| vs. | |
| OKP (CNMI) CORPORATION, | |
| Defendant. | Hearing Date: July 10, 2008, at 1:30 p.m. |

The Automobile Insurance Policy

    1.    Effective December 15, 2006, Dongbu Insurance Company, Ltd. ("Dongbu") issued an insurance policy with named insured OKP (CNMI) Corporation ("OKP"), policy number 150230-130230 (KMA-0912-S00) (the "Auto Policy").  The Auto Policy term was from December 15, 2005 to December 14, 2006.  Dongbu's March 3, 2008 *First Amended Complaint* (the "Dongbu FAC"), ¶ 6, and the March 18, 2008 *Answer of Defendant OKP (CNMI) Corporation; Counterclaim for Declaratory Judgment and Damages; Demand for Jury Trial* (the "OKP Answer & Counterclaim"), ¶6.  A true and correct copy of the Auto Policy is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "6."

2. The Auto Policy is a valid binding insurance contract between Dongbu and OKP. Dongbu FAC, ¶ 7, and OKP Answer & Counterclaim, ¶7.

3. Dongbu is the insurer and OKP is the named insured under the Auto Policy. Dongbu FAC, ¶¶ 8 & 9, and OKP Answer & Counterclaim, ¶¶8 & 9.

The Contractor's All Risk Insurance Policy

4. On January 19, 2006, Dongbu issued to OKP policy number (KMCR0015-500) (the "CAR Policy"), the period of insurance from January 16, 2006 to January 15, 2007 subject to the provision concerning the Period of Cover which states in part:

> **PERIOD OF COVER:** The liability of the insurers shall commence, notwithstanding any date to the contrary specified in the Schedule, directly upon commencement of work or after the unloading of the items entered in the Schedule at the Site. The Insured's liability expires for parts of the insured contract works when taken over or put into service. At the latest the insurance shall expire on the date specified in the Schedule. Any extension of the period of insurance are subject to prior written consent of the Insurers.

5. OKP Answer & Counterclaim, Counterclaim Section. ¶ 9, *Plaintiff's Answer and Defenses to Defendant OKP's Counterclaim*, filed March 3, 2008 (the "Dongbu Answer"), *¶*9. A true and correct copy of the CAR Policy is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "7."

6. The CAR Policy is a valid binding insurance contract between Dongbu and OKP. Dongbu FAC, ¶ 14, and OKP Answer & Counterclaim, ¶14.

7. Dongbu is the insurer and OKP is the named insured under the CAR Policy. Dongbu FAC, ¶¶ 15 & 16, and OKP Answer & Counterclaim, ¶¶15 & 16.

8. OKP Resident Manager Brian M. Chen ("Chen") was the person responsible for obtaining the Automobile and Contractor's All Risk insurance policies from Dongbu on behalf of OKP. Concurrently filed Declaration of Brian M. Chen, ¶1.

9. Chen obtained the Automobile and Contractor's All Risk insurance policies from Dongbu by approaching Moylan's Insurance Underwriters (Int'l), Inc. ("Moylan's"), Dongbu's Registered Agent in the CNMI, and presenting it with a copy of the insurance related provisions of OKP's contract with the Commonwealth Ports Authority ("CPA") for the construction of the Rota Runway Extension, and asked Moylan's to find OKP insurance that would meet the requirements of OKP's contract with the CPA.  Concurrently filed Declaration of Brian M. Chen, ¶2.  Attached as Exhibit "1' to the Chen Declaration is a true and correct copy of Dongbu's most recently filed annual corporation report, which indicates that Moylan's is Dongbu's registered agent.

The Rota Runway Project

10. OKP went to the island of Rota in connection with an October 28, 2005 contract it had with the Commonwealth Ports Authority for the improvement of the Airport runway.  In connection with that contract among other things OKP purchased the Auto Policy and CAR policy from Dongbu and entered into a lease with Joaquin Q. Atalig ("Atalig" or "Mr. Atalig") for, among other things, use as a barracks and a parking area for OKP's equipment.  Dongbu FAC, ¶ 24, and OKP Answer & Counterclaim, ¶24 and the concurrently filed Declaration of Sean E. Frink, ¶3.

11. Two 2004 Kobelco Used SK200 Excavators, Vin Nos. YN09-36227 and YN09-36581, referred to as Vehicles Nos. 3 and 4 in the Auto policy vehicle schedule, one 1990 Caterpillar Used D6H Bulldozer, Vin No. 1KD-04075, referred to as Vehicle No. 6 in the Auto policy vehicle schedule, one Mitsubishi Dump Truck, Vin No. FV 415JV43168, referred to as Vehicle No. 10 in the Auto policy vehicle schedule, and one 2002 Caterpillar 10T Compactor Roller, Vin No. 2R200184, referred to as Vehicle No. 27 in the Auto vehicle policy schedule

(these five vehicles will hereinafter be referred to collectively as the "Heavy Equipment"), among other heavy equipment, were delivered to the Port of Rota on December 20, 2005, unloaded on the same day, and delivered to the Atalig property between December 20 and 22, 2005. Work on the CPA contract began with OKP's work improving the Atalig property on or about November of 2005. Concurrently filed Declaration of Brian M. Chen, ¶¶6 & 8.

12. In support of its work on the Rota Runway Project, for use as a staging area and employee barracks, on or about November 2, 2005, OKP entered into a Lease Agreement with Atalig. Many of the terms of the Lease are in dispute between Atalig and OKP but the Lease was for a period of thirteen months. Concurrently filed Declaration of Brian M. Chen, ¶7.

The Clearing of a Portion of the Atalig Property

13. On December 23 and 24, 2005, a portion of the Atalig property was cleared by OKP employee Pramuan Jaiphakdee using the Heavy Equipment. See, *e.g.* OKP and Chen October 26, 2007 Motion for Partial Summary Judgment, supporting documents and opposition, and the CNMI Superior Court's resulting January 30, 2008 Order, pp. 4-7 and the concurrently filed Declaration of Brian M. Chen, ¶9.

The Atalig Lawsuit is Filed

14. On or about March 23, 2006, an original complaint was filed by Atalig against OKP and Does 1 through 10. This lawsuit is Commonwealth of the Northern Mariana Islands Superior Court Civil Action No. 06-0119R (the "Lawsuit"). Dongbu FAC, ¶ 21 & OKP Answer & Counterclaim, ¶21. The concurrently filed Declaration of Sean E. Frink, ¶ "2." A true and correct certified copy of the March 23, 2006 original complaint is attached to the Frink Declaration as Exhibit "8."

The Original Complaint set forth the following causes of action:

1.  Breach of Contract
2.  Waste
3.  Conversion -- Historical and Cultural Artifacts
4.  Conversion -- Soil and Other Minerals
5.  Conversion -- Permanent Trees
6.  Conversion -- Preexisting Buildings/Improvements
7.  Negligence -- Violation of 1 CMC § 2382(g) and 2 CMC § 4811, *et seq.*
8.  Negligence --Violation of 2 CMC § 3101, *et seq.*
9.  Negligence
10. Negligent Interference with Prospective Economic Advantage
11. Intentional and/or Negligent Infliction of Emotional Distress
12. Unjust Enrichment
13. Nuisance
14. Indemnification
15. Attorneys' Fees

Original Complaint, pp. 10-26.

15.   The next day March 24, 2006, articles about the lawsuit appeared in both the Marianas Tribune and Marianas Variety. Concurrently filed Declaration of Brian M. Chen, ¶11 and Exhibits "2" and "3."

16.   Soon after March 24, 2006, while Mr. Chen was visiting the offices of Moylan's Insurance Underwriters, Inc., to discuss another insurance related matter, Cecelia A. Anas mentioned to Mr. Chen that she had seen at least one of the March 24 newspaper articles discussed in the preceding paragraph and that the claims mentioned in the article(s) sounded ridiculous. It is Mr. Chen's best estimate that this conversation took place within a week of March 24, 2006. Concurrently filed Declaration of Brian M. Chen, ¶12

17.   On April 26, 2008, OKP, through its attorneys Mailman & Kara, LLC and the Law Offices of Sean E. Frink, LLC, filed a Motion to Strike portions of the Original Complaint pursuant to Commonwealth Rule of Civil Procedure 12(f). The concurrently filed Declaration of Sean E. Frink, ¶ "5."

18. On April 26, 2008, OKP, through its attorneys Mailman & Kara, LLC and the Law Offices of Sean E. Frink, LLC, also filed a Motion to Dismiss the Second, Seventh, Eighth, Ninth, Tenth , and Thirteenth Causes of Action of the Original Complaint pursuant to Commonwealth Rule of Civil Procedure 12(b)(6). The concurrently filed Declaration of Sean E. Frink¶ "6."

19. On May 3, 2006, Mr. Atalig, through his attorney Ramon K. Quichocho, filed a Motion for Partial Summary Judgment, seeking judgment on OKP's liability on the breach of contract, waste, conversion of cultural and historical artifacts, conversion of soil and other minerals, conversion of permanent trees, and conversion of preexisting buildings/improvements causes of action. The concurrently filed Declaration of Sean E. Frink¶ "7."

20. Opposition and reply memoranda regarding OKP's motions to strike and to dismiss and Atalig's motion for summary judgment were subsequently filed and the motions were all argued before CNMI Superior Court Associate Judge Kenneth L Govendo on June 9 and 12, 2006. The concurrently filed Declaration of Sean E. Frink¶ "8."

21. Judge Govendo's decisions regarding the three motions were filed on July 10, 25, and 28, 2006. Judge Govendo denied Atalig's Motion for Summary Judgment entirely, granted OKP's motion to dismiss the Seventh (Negligence in violation of 1 CMC § 2382(g) and 2 CMC § 4811, *et sec.*), Eighth (Negligence in violation of 2 CMC § 3101, *et seq.*), and Tenth (Negligent Interference with Prospective Economic Advantage) Causes of Action, and denied the remainder of OKP's motions. The concurrently filed Declaration of Sean E. Frink¶ "9."

22. On July 31, 2006, Atalig filed his Verified First Amended Complaint for Breach of Contract and Tort Claims and for Relief Under the Open Government Meetings and Records Act and Demand for Jury Trial "(the "FAC"). Frink Declaration, ¶8. A true and correct

certified copy of the FAC is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "9."

The Defendants named in the FAC were:

1. OKP (CNMI) Corporation
2. OKP Holdings Limited
3. Kim Peow Or
4. Toh Wat Or
5. Eric Nam Oh
6. He Kheng Soh
7. Brian M. Chen
8. Prasada Reddy Goluguri
9. Pramuan Jaiphakdee
10. Wilai Promchai
11. The Commonwealth Ports Authority
12. Regino M. Celis &
13. Does 1-3

FAC, pp. 6-10.

The FAC sought to pierce the corporate veil of OKP and set forth the following causes of action:

14. Breach of Contract
15. Waste
16. Conversion -- Historical and Cultural Artifacts
17. Conversion -- Soil and Other Minerals
18. Conversion -- Permanent Trees
19. Conversion -- Preexisting Buildings/Improvements
20. Negligence
21. Negligence Entrustment
22. Intentional and/or Negligent Infliction of Emotional Distress
23. Unjust Enrichment
24. Nuisance
25. Indemnification
26. Principal-Agent Liability: Actual Authority
27. Respondeat Superior
28. Punitive Damages
29. Violation of the Open Government Meetings and Records Act
30. Attorneys' Fees

FAC, pp. 17-36.

OKP Tenders the Defense and Demands Representation and Indemnification

23. OKP formally tendered the defense of the Lawsuit on August 9, 2006. Dongbu FAC, ¶ 27, and OKP Answer & Counterclaim, ¶ 27 OKP Answer & Counterclaim, Counterclaim Section. ¶ 15, Dongbu Answer, ¶ 9 and Concurrently filed Declaration of Brian M. Chen, ¶13.

24. On September 6, 2006 OKP wrote Dongbu following up on the August 9, 2006 formal defense tender. Declaration of Brian M. Chen, ¶14 and Exhibit "4."

25. On September 27, 2006, OKP attorney Maya B. Kara wrote Dongbu's authorized representative, Moylan's Insurance Underwriters, Inc., to follow up on the status of OKP's tender. Declaration of Brian M. Chen, ¶15 and Exhibit "5."

26. No Moylan's or Dongbu representative has ever contacted Brian Chen or any OKP employee or officer regarding the allegations made by Mr. Atalig against OKP and its employees. Dongbu has never taken any steps to contact OKP to investigate the claims or find out the true facts related to the Atalig lawsuit.

Events Subsequent to the Filing of the FAC in the Lawsuit

27. Subsequent to the filing of the FAC, the Mailman & Kara and Frink law firms, who were then representing OKP and defendants Goluguri, Jaiphakdee, and Promchai, filed motions for summary judgment and motions to dismiss and to strike portions of the FAC. The concurrently filed Declaration of Sean E. Frink¶ "11."

28. The Law Offices of Rexford C. Kosack noticed its appearance on behalf of the OKP Shareholder defendants (OKP Holdings Limited, Kim Peow Or, Toh Wat Or, Enc Nam Oh, He Kheng Soh, and Brian M. Chen) in August, 2006 and filed a Motion to Dismiss for Lack of Personal Jurisdiction on September 27, 2006. The Kosack firm also filed a Motion to Dismiss

portions of the FAC as against Defendant Brian Chen. The concurrently filed Declaration of Sean E. Frink¶ "12."

29. On December 4, 2006, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order granting in part and denying in part Wilai Promchai's Motion for Summary Judgment; Partially granting Wilai Promchai, Pramuan Jaiphakdee, and Reddy Goluguri's Motion to Dismiss; Partially granting Brian M. Chen's Motion to Dismiss, and; Granting Defendants' Motion for a More Definite Statement. The concurrently filed Declaration of Sean E. Frink¶ "13."

30. On December 18, 2006, Superior Court Presiding Judge Robert C. Naraja issued an Order Granting OKP's Motion to Strike and denying Defendants' Motion to Dismiss the mineral related claims. The concurrently filed Declaration of Sean E. Frink¶ "14."

31. On March 28, 2007, Superior Court Presiding Judge Robert C. Naraja issued an Order Granting Defendants OKP Holdings Limited, Kim Peow Or, Toh Wat Or, Enc Nam Oh, and He Kheng Soh's Motion to Dismiss for Lack of Personal Jurisdiction. The concurrently filed Declaration of Sean E. Frink¶ "15."

Dongbu Refuses to Provide Coverage

32. Dongbu refused to defend and indemnify OKP for the claims brought in the Lawsuit. OKP Answer & Counterclaim, Counterclaim Section. ¶ 17, Dongbu Answer, ¶ 11.

33. Dongbu's first official response to OKP's tender was the March 5, 2007 letter from Thomas E. Clifford, on behalf of Dongbu, attached as Exhibit "10" to the Frink Declaration; *See also*, Declaration of Brian M. Chen, ¶16.[1]

---

[1] The Hocog and two Manglona lawsuits referenced in the Clifford letter are not a subject of this lawsuit.

The Second Amended Complaint

34. On April 18, 2007, Atalig filed his Verified Second Amended Complaint for Breach of Contract and Tort Claims and for Relief Under the Open Government Meetings and Records Act and Demand for Jury Trial "(the "SAC"). A true and correct certified copy of the FAC is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "11."

The Defendants named in the SAC were:

1. OKP (CNMI) Corporation
2. Brian M. Chen
3. Prasada Reddy Goluguri
4. Pramuan Jaiphakdee
5. Wilai Promchai
6. The Commonwealth Ports Authority
7. Regino M. Celis &
8. Does 1-3

SAC, pp. 6-9.

The SAC sought to pierce the corporate veil of OKP as to Defendant Brian Chen and set forth the following causes of action:

1. Breach of Contract (Against Defendant OKP)
2. Waste (Against Defendant OKP)
3. Conversion -- Historical and Cultural Artifacts (Against Defendant OKP)
4. Conversion -- Soil and Other Minerals (Against Defendant OKP)
5. Conversion -- Permanent Trees (Against Defendant OKP)
6. Conversion -- Preexisting Buildings/Improvements (Against Defendants OKP, Chen, Goluguri, Jaiphakdee, Promchai, and Does 1-3)
7. Negligence (Against Defendant OKP)
8. Unjust Enrichment (Against Defendants OKP, Chen, Goluguri, Jaiphakdee, Promchai, and Does 1-3)
9. Indemnification (Against Defendant OKP)
10. Violation of the Open Government Meetings and Records Act (Against Defendants CPA and Celis)
11. Attorneys' Fees (Against Defendant OKP)

SAC, pp. 17-33.

Events Subsequent to the Filing of the SAC in the Lawsuit

35.     On May 3, 2007, Dongbu was notified of the filing of the SAC and provided a copy. Concurrently filed Declaration of Sean E. Frink. ¶ "18."

36.     On May 3, 2007, Dongbu was also notified of and provided copies of the Court's December 4 and 16, 2006 and March 27, 2007 Orders. Concurrently filed Declaration of Sean E. Frink, ¶¶ "19."

37.     On May 8, 2007, OKP Answered the SAC and filed a counterclaim for attorneys fees and costs against Atalig. Frink Declaration, ¶20. A true and correct copy of OKP's Answer and Counterclaim is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "12."

38.     On May 8, 2007, OKP employees Goluguri, Jaiphakdee, and Promchai (the "Three OKP Employees") Answered the SAC. Frink Declaration, ¶21. A true and correct copy of the Three Employees' Answer is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "13."

39.     On May 8, 2007, Brian M. Chen Answered the SAC and filed a counterclaim for attorneys fees and costs against Atalig. Frink Declaration, ¶22. A true and correct copy of Mr. Chen's Answer and Counterclaim is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "14."

40.     On May 29, 2007, Michael W. Dotts, on behalf of Atalig, filed Atalig's Answers to the OKP and Chen Counterclaims. Frink Declaration, ¶23. A true and correct copy of Atalig's Answers are attached to the concurrently filed Declaration of Sean E. Frink as Exhibits "15" and "16."

41. In June, 2007, discovery commenced in the Lawsuit. The concurrently filed Declaration of Sean E. Frink¶ "24."

42. On July 12, 2007, OKP, through counsel John D. Osborn, responded to Dongbu's March 5, 2007 letter. Frink Declaration, ¶25. A true and correct copy of the Osborn letter is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "17."

43. On August 2, 2007, Superior Court Presiding Judge Robert C. Naraja issued an Order dismissing the Commonwealth Ports Authority and its Executive Director Regino M. Celis, from the case and severing the Open Government Meetings and Records Act claims. The concurrently filed Declaration of Sean E. Frink¶ "26."

44. On October 12, 2007, Mr. Clifford responded to Mr. Osborn's July 12, 2007 letter on behalf of Dongbu and again Dongbu refused to defend or to indemnify OKP related to the Lawsuit. Frink Declaration, ¶27. A true and correct copy of the October 12, 2007 Clifford letter is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "18."

45. On October 16, 2007, OKP, Chen, and the Three OKP Employees filed a motion for summary judgment on all claims of punitive damages brought against them. The concurrently filed Declaration of Sean E. Frink¶ "28."

46. On October 23, 2007, Chen filed a motion for summary judgment on the conversion (sixth cause of action) and unjust enrichment (eighth cause of action) claims against him. The concurrently filed Declaration of Sean E. Frink¶ "29."

47. On October 26, 2007, OKP, Chen, and the Three OKP Employees filed a motion for summary judgment on the breach of contract claim. The concurrently filed Declaration of Sean E. Frink¶ "30." A true and correct copy of the Motion and Supporting documents are attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "19A" and "19B."

48. On October 26, 2007, the Three OKP Employees filed a motion for summary judgment on the conversion (sixth cause of action) and unjust enrichment (eighth cause of action) claims against them. The concurrently filed Declaration of Sean E. Frink¶ "31."

49. On October 26, 2007, OKP and Chen filed a motion for summary judgment on the conversion of artifacts (third cause of action), conversion of soil (fourth cause of action) waste due to fuel tank (part of the second cause of action), negligence (seventh cause of action), and indemnification (ninth cause of action) and moved to strike the Doe defendant allegations. The concurrently filed Declaration of Sean E. Frink¶ "32." A true and correct copy of the Motion and Supporting documents are attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "20A" through "20J."

50. On October 29, 2007, Atalig, through his attorneys Michael Dotts and Ramon K. Quichocho (Atalig is also represented by attorney Antonio Atalig in the Lawsuit), filed a motion for summary judgment on its negligence cause of action and as to OKP's liability. The concurrently filed Declaration of Sean E. Frink¶ "33."

51. On November 14, 2007, Atalig's attorneys filed Plaintiff's Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strik*e*. The concurrently filed Declaration of Sean E. Frink¶ "34."

52. On November 26, 2007, Chen filed a Reply Memorandum in support of his October 23, 2007 Motion for Summary Judgment. The concurrently filed Declaration of Sean E. Frink¶ "35."

53. On November 26, 2007, OKP filed its Opposition to Atalig's Motion for Summary Judgment. The concurrently filed Declaration of Sean E. Frink¶ "36."

54. On November 28, 2007, OKP, Chen, and the Three OKP Employees filed a Reply Memorandum and supporting documents in support of their October 16, 2007 Motion for Summary Judgment related to Punitive Damages. The concurrently filed Declaration of Sean E. Frink¶ "37."

55. On December 3, 2007, OKP, Chen, and the Three OKP Employees filed a Motion to Strike portions of the Declarations and Counterstatement of Facts submitted by Atalig in support of his November 14, 2007 Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike. The concurrently filed Declaration of Sean E. Frink¶ "38."

56. On December 4, 2007, the Three OKP Employees filed a Reply Memorandum and supporting documents in support of their October 26, 2007 Motion for Summary Judgment related to Punitive Damages. The concurrently filed Declaration of Sean E. Frink¶ "39."

57. On December 4, 2007, OKP, through counsel Osborn, responded to Dongbu's October 12, 2007 letter from Mr. Clifford. The concurrently filed Declaration of Sean E. Frink¶ "40." A true and correct copy of the Osborn letter is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "21."

58. On December 5, 2007, OKP, Chen, and the Three OKP Employees filed their Reply memorandum in support of their October 26, 2007 Motion for Summary Judgment on the Breach of Contract cause of action. The concurrently filed Declaration of Sean E. Frink¶ "41." A true and correct copy of the Reply is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "22."

59. On December 5, 2007, Atalig filed his Reply memorandum in support of his October 29, 2007 Motion for Summary Judgment. The concurrently filed Declaration of Sean E. Frink¶ "42."

60. On December 7, 2007, OKP and Chen filed their Reply memorandum in support of their October 26, 2007 Motion for Summary Judgment on the conversion of artifacts (third cause of action), conversion of soil (fourth cause of action) waste due to fuel tank (part of the second cause of action), negligence (seventh cause of action), and indemnification (ninth cause of action) and Motion to strike the Doe defendant allegations. The concurrently filed Declaration of Sean E. Frink¶ "43." A true and correct copy of the Reply is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "23."

61. On December 10, 2007, Atalig filed his Opposition to OKP, Chen, and the Three OKP Employees' December 3, 2007 Motion to Strike portions of the Declarations and Counterstatement of Facts submitted by Atalig in support of his November 14, 2007 Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike. The concurrently filed Declaration of Sean E. Frink¶ "44."

62. CNMI Superior Court Presiding Judge Robert C. Naraja heard argument from the parties on December 11, 2007 regarding OKP, Chen, and the Three OKP Employees' December 3, 2007 Motion to Strike portions of the Declarations and Counterstatement of Facts submitted by Atalig in support of his November 14, 2007 *Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike.* Declaration of Sean E. Frink, ¶ 45.

63. On December 24, 2007, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order granting the Three Employees' and Chen's Motions for Summary Judgment. The concurrently filed Declaration of Sean E. Frink¶ "46."

64. On January 4, 2008, Mr. Frink filed two versions of the Amended Counterstatement of Facts submitted by Atalig in Support of his November 14, 2007 *Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike,* that

reflected the parties' stipulations and Judge Naraja's rulings during the December 11, 2007 hearing, along with a letter explaining the filing  The concurrently filed Declaration of Sean E. Frink¶ "47."  A true and correct copy of the Amended Counterstatements of Facts and the explanatory letter are attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "24A" through "24C."

65.     On January 24, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued a Stipulated Order striking and amending portions of the Declarations of Joaquin Q. Atalig, Edita Carillo, and David Demapan, submitted by Atalig in Support of his *Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike*.  The concurrently filed Declaration of Sean E. Frink¶ "48."  A true and correct copy of the Order is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "25."

66.     On January 29, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued a Stipulated Order dismissing Chen from the Lawsuit with prejudice. The concurrently filed Declaration of Sean E. Frink¶ "49."

67.     On January 30, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued an *Order Granting in Part and Denying in Part Defendants OKP and Chen's Motion for Partial Summary Judgment and Granting Defendants' Motion to Strike* (the "January 30, 2008 Order") on the conversion of artifacts (third cause of action), conversion of soil (fourth cause of action) waste due to fuel tank (part of the second cause of action), negligence (seventh cause of action), and indemnification (ninth cause of action).  The concurrently filed Declaration of Sean E. Frink¶ "50."  A true and correct copy of the January 30, 2008 Order is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "26."

68.	The Court's January 30, 2008 Order set forth *the facts that were undisputed relative to the clearing of the Atalig property* which was alleged to have caused the destruction of the Japanese and Chamorro artifacts, the primary subject matter of the Atalig Lawsuit. The following are the relevant undisputed facts regarding the clearing:

  A.	Atalig's hotel manager Edita Carillo told OKP Project Engineer Prasada Reddy Goluguri not to touch an area of the Atalig property that allegedly contained historic artifacts.

  B.	It is not alleged that Goluguri ever knew of the reason to avoid the area (the existence of artifacts) but only that a certain area was not to be disturbed.

  C.	Goluguri demarcated corners of a box on the Atalig property for OKP heavy equipment operator Pramuan Jaiphakdee to clear that would have avoided the "do not disturb" area.

  D.	Goluguri then had Jaiphakdee clear a perimeter for the box for Goluguri's approval.

  E.	After Jaiphakdee cleared a three foot perimeter according to the marked corners, Goluguri then obtained final approval from Alan Yee. OKP project manager, to clear the box.

  F.	Goluguri, having obtained approval from Yee, instructed Jaiphakdee to clear the entire box.

  G.	Jaiphakdee, after clearing the entire box, **independently** made the decision to push the debris piles outside of the box.

  H.	The artifacts were allegedly damaged by Jaiphakdee's pushing of the debris outside of the box.

69. *See,* January 30, 2008 Order, p. 5 (emphasis in original), Goluguri August 31, 2007 deposition transcript, Goluguri October 16, 2007 Declaration, Jaiphakdee October 15, 2007 Declaration, Promchai October 15, 2007 Declaration, Joaquin Q. Atalig August 3, 2007 deposition transcript, Ludivina P. "Edita" Carillo June 27, 2007 deposition transcript, OKP's August, 2007 30(B)(6) deposition transcript, and Brian M. Chen October 26, 2007 Declaration.

70. On February 5, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order denying Atalig's October 29, 2007 Motion for Summary Judgment. The concurrently filed Declaration of Sean E. Frink¶ "51."

71. On February 5, 2008, OKP, through counsel Osborn, wrote to Dongbu to notify it of a settlement demand received from Atalig. The concurrently filed Declaration of Sean E. Frink¶ "52." A true and correct copy of the Osborn letter is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "27."

72. On February 11, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order granting OKP, Chen, and the Three OKP Employees' October 26, 2007 Motion for Summary Judgment on the Breach of Contract claim except as to one subpart. The concurrently filed Declaration of Sean E. Frink¶ "53."

73. On February 14, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order denying OKP, Chen, and the Three OKP Employees' October 26, 2007 Motion for Summary Judgment regarding punitive damages claims and clarifying its February 5, 2008 Order. The concurrently filed Declaration of Sean E. Frink¶ "54."

74. On February 14, 2008, OKP, through counsel Osborn, wrote to Dongbu to reiterate that OKP Believes it is entitled to coverage under both the Auto and CAR policies. The

concurrently filed Declaration of Sean E. Frink ¶ "55." A true and correct copy of the Osborn letter is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "28."

75. Since August, 2006, Dongbu, through its counsel Thomas Clifford, has continuously been provided copies of the filings and orders in the Lawsuit by OKP. Declaration of Sean E. Frink, ¶ 56.

76. A true and correct copy of the case history of the Lawsuit, as generated by CNMI Superior Court contract service LexisNexis File & Serve, is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "29." This case history and the documents it refers to were accessible by Dongbu since at least August of 2006 by simply entering the Lexis Nexis Website, which every CNMI law firm is required to be a member of in order to file and receive service from in the CNMI Superior and Supreme Courts. On February 14, 2008, OKP, through counsel Osborn, wrote to Dongbu to reiterate that OKP Believes it is entitled to coverage under both the Auto and CAR policies. The concurrently filed Declaration of Sean E. Frink ¶ "57."

Dated this 22nd day of May, 2008.

Respectfully Submitted,

_____
JOHN D. OSBORN
SEAN E. FRINK

CARLSMITH BALL LLP