# Exhibit 12

1  BRUCE L. MAILMAN (CNMI Bar #F0153)
   MAYA B. KARA (CNMI Bar #F0169)
2  Mailman & Kara, LLC
   PMB 238 PPP, Box 10,000
3  Saipan, MP 96950
   Tel:(670)233-0081
4  Fax: (670)233-0090

6  CARLSMITH BALL LLP
   SEAN E. FRINK, (CNMI Bar #F0212)
7  Carlsmith Building, Capitol Hill
   P.O. Box 5241
8  Saipan, MP 96950-5241
   Tel No. 670.322.3455

9  Attorneys for Defendant
10 OKP CNMI Corporation



**E-FILED**
**CNMI SUPERIOR COURT**
E-filed: May 8 2007 9:03PM
Clerk Review: May 09, 2007
Filing ID: 14755950
Case Number: 06-0119-CV
Elsa Duenas

IN THE SUPERIOR COURT

OF THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Joaquin Q. Atalig,<br><br>  Plaintiff,<br><br>  vs.<br><br> OKP (CNMI) Corporation, *et al.*,<br><br>  Defendants. | CIVIL ACTION NO. 06-0119<br><br>OKP (CNMI) CORPORATION'S ANSWER TO<br>THE SECOND AMENDED COMPLAINT AND COUNTERCLAIM |

**I.**

**ANSWER**

Defendant OKP (CNMI) Corporation ("OKP"), by and through its attorneys, hereby responds to the *Second Amended Complaint For Breach of Contract and Tort Claims and For Relief Under the Open Government Meetings and Records Act and Demand For Jury Trial* ( the "SAC") filed by Plaintiff Joaquin Q. Atalig ("Atalig") as follows:

1. Answering Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23, the allegations contained therein are merely argument, not well pleaded facts, and therefore, do not require a response. If, however, it is determined that a response is required, the allegations contained within Paragraphs 1 through 23 are denied.

2. Answering Paragraph 24, OKP admits that this Court has jurisdiction pursuant to Article IV, § 2 of the N.M.I. Constitution and 1 CMC § 3202. The remaining allegations contained with Paragraph 24 are denied.

3. Answering Paragraph 25, the allegations contained therein are denied.

4. Answering Paragraph 26, OKP has insufficient information to form a belief whether the facts alleged in the paragraph are true and therefore the allegations contained within this paragraph are denied.

5. Answering Paragraph 27, other than the statement regarding its principal place of business, which is on Saipan, the first sentence contained in Paragraph 8 is admitted. It is also admitted that OKP was incorporated on May 3, 2005. The remaining allegations contained with Paragraph 27 are denied.

6. Answering Paragraph 28, OKP admits that it was awarded a contract to improve the Rota Airport Runway by the Commonwealth Ports Authority. The remaining allegations contained within paragraph 28 are denied.

7. Answering Paragraph 29, it is admitted that Brian Chen is a United States citizen, owns 2,000 shares of OKP stock, is the Secretary, Resident Manager, and a Director of OKP, that Endymion Chen of E.M. Chen & Associates (CNMI), Inc. is the brother of Brian Chen, that E.M. Chen & Associates (CNMI), Inc. is the project designer. The remaining allegations contained within Paragraph 29, including but not limited to footnote 3, are denied.

8. Answering Paragraph 30, it is admitted that Prasada Reddy Goluguri is a non-resident worker employed by OKP as a Project Engineer and that he is not licensed to practice engineering in the CNMI. The remaining allegations contained in Paragraph 30 are denied.

9. Answering Paragraph 31, it is admitted that Pramuan Jaiphakdee is a non-resident worker employed by OKP as a Heavy Equipment Operator. The remaining allegations contained within Paragraph 31 are denied.

10. Answering Paragraph 32, it is admitted that Wilai Promchai is a non-resident worker employed by OKP as a Heavy Equipment Operator and that the Court Ordered that he could not be sued for any alleged damage occurring prior to December 30, 2005. The remaining allegations contained within paragraph 32 are denied.

11. Answering Paragraph 33, it is admitted that the CPA is a CNMI governmental public corporation. Regarding the remaining allegations contained within Paragraph 33, OKP has insufficient information to form a belief whether the facts alleged are true and therefore the allegations are denied.

12. Answering Paragraph 34, 35, 36, 37, 38, and 39 OKP has insufficient information to form a belief whether the facts alleged in these paragraphs are true and therefore the allegations contained within these paragraphs are denied.

13. Answering Paragraph 40, it is admitted that OKP was selected by CPA to conduct work on the Rota runway expansion project. The remaining allegations contained within Paragraph 40 are denied.

14. Answering Paragraph 41, it is admitted that on September 30, 2005, OKP wrote a letter to the CPA that stated, among other things, that "This project will be funded from Singapore." The remaining allegations contained within Paragraph 41 are denied.

15.     Answering Paragraph 42, it is admitted that on October 19, 2005, Mr. Or Toh Wat, Group Managing Director for OKP Holdings Limited sent an email to Carlos H. Salas which included the language "has given a strong mandate and commitment to OKP (CNMI) the fullest assistance for this Rota Project."  The remaining allegations contained within Paragraph 42 are denied.

16.     Answering Paragraph 43, it is admitted that on October 24, 2005, Mr. Or Toh Wat, Group Managing Director for OKP Holdings Limited, sent a letter to Carlos H. Salas which included language related to the preparation and purchasing of machinery and equipment for the Rota runway extension project and financial capabilities.  The remaining allegations contained within Paragraph 43 are denied.

17.     Answering Paragraph 44, it is admitted that OKP and the Commonwealth Ports Authority entered into a construction contract for Rota International Airport Runway 09/27 Extension - Phase I, Project No. CPA-RA-001-03/AIP No. 3-69-0003-19.  The remaining allegations contained within Paragraph 44 are denied.

18.     Answering Paragraph 45, it is admitted that the construction contract contains terms prohibiting assignment or transfer of the contract and any interest therein, that the Commonwealth Ports Authority could approve the subcontractors and suppliers, and that OKP would remain responsible and accountable at all times for the project and for complying with the terms and conditions of the contract.  The remaining allegations contained within Paragraph 45 are denied.

19.     Answering Paragraph 46, the allegations contained therein are denied.

20.     Answering Paragraph 47, the allegations contained therein are admitted.  OKP specifically denies that this document constitutes a valid lease.

21.     Answering Paragraphs 48 and 49, the allegations contained therein are denied.

-4.-

22. Answering Paragraphs 50 and 51, the allegations contained therein are admitted.

23. Answering Paragraph 52, the allegations contained therein are denied.

24. Answering Paragraph 53, the allegations contained therein are admitted.

25. Answering Paragraph 54, the allegations contained therein are denied.

26. Answering Paragraphs 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64 the allegations contained therein are denied.

27. Answering Paragraph 65 and 66, the allegations contained therein are admitted.

28. Answering Paragraph 67, the allegations contained therein are denied.

29. Answering Paragraph 68, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

30. Answering Paragraph 69, 71, 72, 73, and 74, the allegations contained therein are denied.

31. Answering Paragraph 70, it is admitted that Brian Chen owns 2,000 shares of OKP stock, and is the secretary, resident manager and is a director of OKP. The remaining allegations contained in Paragraph 70 are denied.

32. Answering Paragraph 75, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

33. Answering Paragraph 76, the allegations contained therein are denied.

34. Answering Paragraph 77, it is admitted that Brian Chen owns 2,000 shares of OKP stock, and is the secretary, resident manager, and a director of OKP, and that Defendants Jaiphakdee, Promchai and Goluguri are employees of OKP. The remaining allegations contained within Paragraph 77 are denied.

35. Answering Paragraph 78, the allegations contained therein are denied.

-5.-

36. Answering Paragraph 79, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

37. Answering Paragraphs 80, 81, 82, and 83, the allegations contained therein are not made against OKP. Therefore, no answer to such allegations is required of OKP. To the extent it is determined otherwise, the allegations contained within Paragraphs 80, 81, 82, and 83 are denied.

38. Answering Paragraph 84, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

39. Answering Paragraphs 85, 86, 87, 88 (including subparagraphs a through j), 89, 90, and 91, the allegations contained therein are denied.

40. Answering Paragraph 92, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 92 are denied.

41. Answering Paragraph 93, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

42. Answering Paragraph 94, 95, 96 (including subparagraphs a through e), 97, 98, 99, and 100, the allegations contained therein are denied.

43. Answering Paragraph 101, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 101 are denied.

44. Answering Paragraph 102, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

45. Answering Paragraphs 103, 104, 105, and 106, the allegations contained therein are denied.

46. Answering Paragraph 107, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 107 are denied.

47. Answering Paragraph 108, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

48. Answering Paragraphs 109, 110, 111, and 112, the allegations contained therein are denied.

49. Answering Paragraph 113, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 113 are denied.

50. Answering Paragraph 114, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

51. Answering Paragraphs 115, 116, 117, and 118 the allegations contained therein are denied.

52. Answering Paragraph 119, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 119 are denied.

53. Answering Paragraph 120, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

54. Answering Paragraphs 121, 122, 123, and 124, the allegations contained therein are denied.

55. Answering Paragraph 125, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 125 are denied.

56. Answering Paragraph 126, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

57. Answering Paragraphs 127, 128, and 129, the allegations contained therein are denied.

58. Answering Paragraph 130, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 130 are denied.

59. Answering Paragraph 131, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

60. Answering Paragraph 132, the allegations constitute an explanation of plaintiff's theory of liability and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 132 are denied.

61. Answering Paragraphs 133 and 138, the allegations contained therein are levied against defendants other than OKP and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraphs 133 and 138 are denied.

62. Answering Paragraphs 134, 135, 136, 137, 139, 140, and 141, the allegations contained therein are denied.

63. Answering Paragraph 142, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 142 are denied.

64. Answering Paragraph 143, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

65. Answering Paragraphs 144, 146, 148, and 150, it is admitted that indemnification is not required with respect to losses or liabilities arising by reason of the affirmative negligence

or recklessness of plaintiff. The remaining allegations contained within paragraphs 144, 146, 148 and 150 are denied.

66. Answering Paragraphs 145, 147, 149, 151, and 152, the allegations contained therein are denied.

67. Answering Paragraph 153, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 153 are denied.

68. Answering Paragraphs 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164. 165, and 166, the allegations are contained therein are levied against a defendant other than OKP and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraphs 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, and 166 are denied.

69. Answering Paragraph 167, OKP repeats and realleges its answers in response to the realleged paragraphs as though fully set forth herein.

70. Answering Paragraph 168, the portions of the "Lease," as defined by paragraph 47 of the SAC, quoted therein, are accurate. The remaining allegations contained within Paragraph 168 are denied.

71. Answering Paragraph 169, OKP has insufficient information to form a belief whether the facts alleged in the paragraph are true and therefore the allegations contained within this paragraph are denied. OKP, furthermore, denies that any basis for plaintiff to incur legal fees exists.

72. Answering Paragraph 170, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 170 are denied.

73.  OKP denies all allegations in the SAC except for those allegations expressly admitted herein.

## II.
## AFFIRMATIVE AND CERTAIN OTHER DEFENSES

As defenses to the SAC, OKP sets forth the following

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff's claims are barred by the doctrine of estoppel.

4. Plaintiff's claims are barred or limited by the doctrine of comparative fault.

5. Plaintiff's claims are barred or limited because plaintiff has not suffered damages and/or because plaintiff has failed to mitigate damages.

6. Plaintiff's claims are barred or limited because the actions of OKP and others were at all relevant times reasonable and legal.

7. Plaintiff's claims are barred because he lacks standing to bring them.

8. Plaintiff's claims are barred or limited because he consented to the actions taken by OKP.

9. This action should be dismissed or transferred for improper venue and/or under the doctrine of *forum non conveniens.*

10. The allegations contained within the SAC fail to state a claim upon which punitive damages are available.

11. Plaintiff's demand for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the CNMI Constitution.

12. The allegations contained within the SAC fail to state a claim upon which restitution is available.

-10.-

13. The allegations contained within the SAC fail to state a claim upon which emotional distress damages are available.

14. The allegations contained within the SAC fail to state a claim upon which payment for attorneys' fees and/or costs are available.

15. The allegations contained within the SAC fail to state a claim upon which a temporary restraining order or injunction is available.

16. The allegations contained within the SAC fail to state a claim upon which interest is available.

17. The allegations contained within the SAC fail to state a claim upon which OKP's corporate veil may be pierced.

18. Plaintiff's injuries are caused, in whole or in part, by his own negligent and/or improper actions and not by any action of OKP or others.

19. Plaintiff's claims are barred because of fraud in that the lease that was signed by the parties was not the lease that the parties agreed to sign and that OKP was informed it was signing.

20. Plaintiff's claims are barred by the doctrine of laches.

21. Plaintiff's claims are barred by the doctrine of ratification.

22. Plaintiff's claims are barred by the statute of frauds.

23. Plaintiff has violated his duty of good faith and fair dealing.

24. Plaintiff's claims are barred or limited because plaintiff breached the lease prior to the relevant alleged acts and, therefore, cannot sue on the lease.

25. Plaintiff has failed to perform certain required conditions precedent.

26. Plaintiff is not entitled to trial by jury on issues or actions arising in equity.

27. Plaintiff is not entitled to trial by jury on issues or actions amounting to less than $1,000.00.

OKP reserves its right to assert additional defenses if future discovery reveals such defenses to be appropriate.

### III.
### COUNTERCLAIM FOR ATTORNEYS' FEES AND COSTS

1. OKP (CNMI) Corporation is a corporation organized and existing in the Commonwealth of the Northern Mariana Islands ("CNMI").

2. On information and belief, Joaquin Q. Atalig is a United States Citizen and resident of Saipan, CNMI.

3. This court has jurisdiction over this matter pursuant to Art. IV, Section 2 of the CNMI Constitution and 1 CMC § 3202.

4. On November 2, 2005, OKP and Joaquin Q. Atalig, both signed a Lease Agreement (the "Lease") between OKP and Atalig.

5. In this lawsuit, Atalig has brought several claims against OKP based upon the breach of a term, covenant, condition, or provision of the Lease.

6. In this lawsuit Atalig seeks to hold Brian M. Chen liable as a shareholder of OKP, and previously attempted to hold numerous other OKP shareholders liable for the same claims.

7. Section 23 of the Lease states: "In the event of any suit by any party to this Lease for the recovery of any rent due, or because of any breach of any term, covenant, condition, or provision hereof, the prevailing party shall be entitled to recover from the other party costs of suit and reasonable attorney's fees which shall be fixed by the Court."

8. This is a suit brought by a party to the Lease because of a breach of a term, covenant, condition, or provision of the Lease.

9. OKP has incurred, and will continue to incur, legal fees as a result of defending these claims brought against it and its shareholders.

10. OKP requests this Court to determine its costs of suit and reasonable attorney's fees and to award such amounts to it against Joaquin Q. Atalig when OKP prevails in this

lawsuit.

**WHEREFORE, OKP** prays that:

1. Plaintiff take nothing by the Second Amended Complaint.

2. That in the event that Plaintiff is found to be entitled to any damages, the degree of negligence, responsibility, or fault of each party who contributed to said damages be determined and OKP be held liable only for that portion of damages which corresponds to its degree of fault or responsibility.

3. OKP be awarded its costs of suit incurred herein.

4. In the event that OKP is the prevailing party in this suit brought against it and its shareholders by a party to the Lease Agreement, that the Court determine its reasonable attorneys' fees and award such amount to it against Joaquin Q. Atalig.

5. For such other and further relief as the Court may deem just and proper.

DATED: May 8, 2007.

/s/
SEAN E. FRINK, CNMI BAR # F0212
CARLSMITH BALL, LLP

BRUCE L. MAILMAN (CNMI Bar #F0153)
MAYA B. KARA (CNMI Bar #F0169)
MAILMAN & KARA, LLC

Attorneys for Defendant
OKP CNMI CORPORATION