# Exhibit 13

BRUCE L. MAILMAN (CNMI Bar #F0153)
MAYA B. KARA (CNMI Bar #F0169)
Mailman & Kara, LLC
PMB 238 PPP, Box 10,000
Saipan, MP 96950
Tel:(670)233-0081
Fax: (670)233-0090

CARLSMITH BALL LLP
SEAN E. FRINK, (CNMI Bar #F0212)
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel No. 670.322.3455

Attorneys for Defendants
Prasada Reddy Goluguri, Pramuan
Jaiphakdee, and Wilai Promchai

**E-FILED**
**CNMI SUPERIOR COURT**
E-filed: May  8 2007  9:03PM
Clerk Review: May 09, 2007
Filing ID: 14755950
Case Number: 06-0119-CV
Elsa Duenas

IN THE SUPERIOR COURT

OF THE

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Joaquin Q. Atalig,<br><br>     Plaintiff,<br><br>  vs.<br><br>OKP (CNMI) Corporation, *et al.*,<br><br>     Defendants. | CIVIL ACTION NO. 06-0119<br><br>PRASADA REDDY GOLUGURI,<br>PRAMUAN JAIPHAKDEE, AND<br>WILAI PROMCHAI'S<br>ANSWER TO<br>THE SECOND AMENDED COMPLAINT |

**I.**

**ANSWER**

Defendants Prasada Reddy Goluguri ("Goluguri"), Pramuan Jaiphakdee ("Jaiphakdee"),

and Wilai Promchai ("Promchai") (hereinafter collectively referred to as the "Employee

Defendants" and unless otherwise indicated, all responses within the Answer are made on

behalf of the Employee Defendants), by and through their attorneys, hereby respond to each

and every numbered paragraph of the *Second Amended Complaint For Breach of Contract and Tort Claims and For Relief Under the Open Government Meetings and Records Act and Demand For Jury Trial* ( the "SAC") filed by Plaintiff Joaquin Q. Atalig ("Atalig") as follows:

1. Answering Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23, the allegations contained therein are merely argument, not well pleaded facts, and therefore, do not require a response. If, however, it is determined that a response is required, the allegations contained within Paragraphs 1 through 23 are denied.

2. Answering Paragraph 24, the Employee Defendants admit that this Court has jurisdiction pursuant to Article IV, § 2 of the N.M.I. Constitution and 1 CMC § 3202. The remaining allegations contained with Paragraph 24 are denied.

3. Answering Paragraph 25, the allegations contained therein are denied.

4. Answering Paragraph 26, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraph are true and therefore the allegations contained within this paragraph are denied.

5. Answering Paragraph 27, the Employee Defendants admit that OKP (CNMI) Corporation is a CNMI Corporation. As to the remaining allegations contained in Paragraph 27, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraph are true and therefore the allegations contained within this paragraph are denied.

6. Answering Paragraph 28, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraph are true and therefore the allegations contained within this paragraph are denied.

7. Answering Paragraph 29, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraph are true and therefore the allegations contained within this paragraph are denied.

8.  Answering Paragraph 30, it is admitted that Prasada Reddy Goluguri is a non-resident worker employed by OKP as a Project Engineer and that he is not licensed to practice engineering in the CNMI. The remaining allegations contained in Paragraph 30 are denied.

9.  Answering Paragraph 31, it is admitted that Pramuan Jaiphakdee is a non-resident worker employed by OKP as a Heavy Equipment Operator. The remaining allegations contained within Paragraph 31 are denied.

10. Answering Paragraph 32, it is admitted that Wilai Promchai is a non-resident worker employed by OKP as a Heavy Equipment Operator and that the Court Ordered that he could not be sued for any alleged damage occurring prior to December 30, 2005. The remaining allegations contained within paragraph 32 are denied.

11. Answering Paragraph 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43, the Employee Defendants have insufficient information to form a belief whether the facts alleged in these paragraphs are true and therefore the allegations contained within these paragraphs are denied.

12. Answering Paragraph 44, it is admitted that OKP and the Commonwealth Ports Authority entered into a construction contract related to the Rota International Airport runway. Regarding the remaining allegations contained within Paragraph 44, the Employee Defendants have insufficient information to form a belief whether the facts alleged are true and therefore the allegations are denied.

13. Answering Paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, and 67 the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraphs are true and therefore the allegations contained within this paragraph are denied.

14. Answering Paragraph 68, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

-3.-

15. Answering Paragraph 69, 70, 71, 72, 73, and 74, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraphs are true and therefore the allegations contained within the paragraphs are denied.

16. Answering Paragraph 75, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

17. Answering Paragraph 76, 77, and 78 the allegations contained therein are denied.

18. Answering Paragraph 79, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

19. Answering Paragraphs 80, 81, 82, and 83, the allegations contained therein are not made against the Employee Defendants. Therefore, no answer to such allegations is required of them. To the extent it is determined otherwise, the allegations contained within Paragraphs 80, 81, 82, and 83 are denied.

20. Answering Paragraph 84, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

21. Answering Paragraphs 85, 86, 87, 88 (including subparagraphs a through j), 89, 90, and 91, the Employee Defendants have insufficient information to form a belief whether the facts alleged in these paragraphs are true and therefore the allegations contained within these paragraphs are denied.

22. Answering Paragraph 92, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 92 are denied.

23. Answering Paragraph 93, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

24. Answering Paragraph 94, 95, 97, 98, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraphs are true and therefore the allegations contained within the paragraphs are denied.

25. Answering Paragraphs 96 (including subparagraphs a through e), 99, and 100, the allegations contained therein are denied.

26. Answering Paragraph 101, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 101 are denied.

27. Answering Paragraph 102, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

28. Answering Paragraph 103, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraphs are true and therefore the allegations contained within the paragraphs are denied.

29. Answering Paragraphs 104, 105, and 106, the allegations contained therein are denied.

30. Answering Paragraph 107, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 107 are denied.

31. Answering Paragraph 108, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

32. Answering Paragraphs 109, 110, 111, and 112, the allegations contained therein are denied.

33. Answering Paragraph 113, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 113 are denied.

34. Answering Paragraph 114, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

35. Answering Paragraph 115 and 121, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraphs are true and therefore the allegations contained within the paragraphs are denied.

36. Answering Paragraphs 116, 117, and 118 the allegations contained therein are denied.

37. Answering Paragraph 119, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 119 are denied.

38. Answering Paragraph 120, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

39. Answering Paragraphs 122, 123, and 124, the allegations contained therein are denied.

40. Answering Paragraph 125, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 125 are denied.

41. Answering Paragraph 126, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

42. Answering Paragraphs 127, 128, and 129, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraphs are true and therefore the allegations contained within the paragraphs are denied.

43. Answering Paragraph 130, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 130 are denied.

44. Answering Paragraph 131, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

45. Answering Paragraph 132, the allegations constitute an explanation of plaintiff's theory of liability against defendant OKP (CNMI) Corporation ("OKP") and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 132 are denied.

46. Answering Paragraph 133, the allegations constitute an explanation of plaintiff's theory of liability against the Employee Defendants and Defendant Chen and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 133 are denied.

47. Answering Paragraphs 134, 135, 136, 138, 139, 140, and 141, the allegations contained therein are denied.

48. Answering Paragraph 137, the Employee Defendants have insufficient information to form a belief whether the facts alleged in the paragraph are true and therefore the allegations contained within Paragraph 137 are denied.

49. Answering Paragraph 142, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 142 are denied.

50. Answering Paragraph 143, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

51. Answering Paragraphs 144, 145, 146, 147, 148, 149, 150, 151, and 152, the allegations contained therein are not made against the Employee Defendants. Therefore, no answer to such allegations is required of them. To the extent it is determined otherwise, the allegations contained within Paragraphs 144, 145, 146, 147, 148, 149, 150, 151, and 152, are denied.

52. Answering Paragraph 153, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 153 are denied.

53. Answering Paragraphs 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, and 166, the allegations are contained therein are levied against a defendant other than the Employee Defendants and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraphs 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, and 166 are denied.

54. Answering Paragraph 167, the Employee Defendants repeat and reallege their answers in response to the realleged paragraphs as though fully set forth herein.

55. Answering Paragraphs 168 and 169, the allegations are contained therein are levied against a defendant other than the Employee Defendants and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraphs 168 and 169 are denied.

56. Answering Paragraph 170, the allegations constitute an intermediate prayer for relief and contain no factual allegations and, as such, do not require an answer. To the extent it is determined otherwise, the allegations contained within Paragraph 170 are denied.

57. The Employee Defendants deny all allegations in the SAC except for those allegations expressly admitted herein.

## II.
## AFFIRMATIVE AND CERTAIN OTHER DEFENSES

As defenses to the SAC, the Employee Defendants set forth the following

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff's claims are barred by the doctrine of Estoppel.

4. Plaintiff's claims are barred or limited by the doctrine of comparative fault.

5. Plaintiff's claims are barred or limited because plaintiff has not suffered damage and/or because plaintiff has failed to mitigate damages.

6. Plaintiff's claims are barred or limited because the actions of the Employee Defendants and others were at all relevant times reasonable and legal.

7. Plaintiff's claims are barred because he lacks standing to bring them.

8. Plaintiff's claims are barred or limited because he consented to the actions taken by the Employee Defendants.

9. This action should be dismissed or transferred for improper venue and/or under the doctrine of *forum non conveniens.*

10. The allegations contained within the SAC fail to state a claim upon which punitive damages are available.

11. Plaintiff's demand for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding language of the CNMI Constitution.

12. The allegations contained within the SAC fail to state a claim upon which restitution is available.

-9.-

13. The allegations contained within the SAC fail to state a claim upon which emotional distress damages are available.

14. The allegations contained within the SAC fail to state a claim upon which payment for attorneys' fees and/or costs are available.

15. The allegations contained within the SAC fail to state a claim upon which a temporary restraining order or injunction is available.

16. The allegations contained within the SAC fail to state a claim upon which interest is available.

17. Plaintiff is not entitled to trial by jury for matters or issues arising in equity or for claims in the amount of less than one thousand dollars.

18. Plaintiff's injuries are caused, in whole or in part, by his own negligent and/or improper actions and not by any action of the Employee Defendants or others.

19. Plaintiff's claims are barred by the doctrine of laches.

20. Plaintiff's claims are barred or limited because plaintiff directed the Employee Defendants to take the actions complained of.

21. Plaintiff's claims are barred against Defendant Promchai for any acts or allegations occurring before December 30, 2005.

The Employee Defendants reserve their right to assert additional defenses if future discovery reveals such defenses to be appropriate.

**WHEREFORE, The Employee Defendants** pray that:

1. Plaintiff take nothing by the Second Amended Complaint.

2. That in the event that Plaintiff is found to be entitled to any damages, the degree of negligence, responsibility or fault of each party who contributed to said damages be determined and the Employee Defendants be held liable only for that portion of damages which corresponds to their individual degree(s) of fault or responsibility.

-10.-

1  3. The Employee Defendants be awarded their costs of suit incurred herein.

2  4. For such other and further relief as the Court may deem just and proper.

3  DATED: May 8, 2007.

                                                /s/

SEAN E. FRINK, CNMI BAR # F0212
CARLSMITH BALL, LLP

BRUCE L. MAILMAN (CNMI Bar #F0153)
MAYA B. KARA (CNMI Bar #F0169)
MAILMAN & KARA, LLC

Attorneys for Defendants Prasada Reddy Goluguri, Pramuan Jaiphakdee, and Wilai Promchai

-11.-