# Exhibit 18

THOMAS E. CLIFFORD
ATTORNEY AT LAW

2nd Floor, Alexander Building, San Jose                    Tel. (670) 235-8846
P.O. Box 506514                                            Fax (670) 235-8848
Saipan, MP 96950                                    TomClifford@vzpacifica.net

October 12, 2007

**CONFIDENTIAL AND PRIVILEGED AS TO THIRD PARTIES:  STRICTLY FOR
SETTLEMENT PURPOSES ONLY BETWEEN THE INSURER AND INSURED**

John D. Osborn
Carlsmith Ball LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP  96950-5241
VIA EMAIL and FACSIMILE

Re:  Dongbu Insurance and OKP (CNMI) Corporation

Dear John:

This letter is in response to your July 12, 2007 letter.  This letter is without waiver of any rights
of Dongbu Insurance Company, Ltd. ("Dongbu") under any of the applicable policies in this matter and
nothing in this letter seeks to compel OKP (CNMI) Corporation and any related persons ("OKP") to
waive any of their rights under those policies.  Instead, the purpose of this letter is attempt to narrow the
issues and propose a path forward to resolve any remaining issues.

Your letter only addresses the automobile policy and the claims made by Mr. Atalig.  As you
know, there are other claims and other policies.

**The claims**

It is my understanding that a total of four claims have been made:

1. *Joaquin Q. Atalig v. OKP, et al.*; CNMI Superior Court Civil Action No. 06-0119(R)
   (the "Atalig claim" or "Atalig lawsuit");

2. *Dr. Paterno B. Hocog v. OKP, et al.*; CNMI Superior Court Civil Action No. 06-
   0445(R) (the "Hocog claim" or "Hocog lawsuit");

3. The claim of Richard and Zena Manglona as presented in Ramon Quichocho's
   September 11, 2006 letter (the "Richard Manglona claim"); and

John D. Osborn
Re: Dongbu Insurance and OKP (CNMI) Corporation
10/12/07
Page 2

    4.   The claim of Glenn H. Manglona as presented in Ramon Quichocho's September 15, 2006 letter (the "Glenn Manglona claim").

Please clarify whether OKP agrees that there is no coverage (including no duty to defend and no duty to indemnify) in connection with the three claims other than the Atalig claim, or instead whether it is just that OKP would like to first address the Atalig claim.

**The policies**

Dongbu issued the following policies and bonds in connection with OKP's project that is made the basis of the claims:

    1.   WC insurance;

    2.   Auto insurance, Policy No. 150230 (KMA-09102-S00) (the "Auto policy"), with a separate Inland Floater Policy to cover damage to certain specified heavy equipment (the "heavy equipment floater");

    3.   Contractor's All Risk policy, Policy No. KMCR0015-S00 (the "CAR policy"), which included two coverage parts, one for material damage to provide the builder's risk coverage for specified natural disasters as required by the construction contract, and the other for the CGL coverage as also required by the construction contract; and

    4.   Bond No. KIC-10229-PF/PM (the "bond") to OKP, which included both performance and payment parts.

It is my understanding that OKP agrees that the WC insurance, CAR policy, bonds and the heavy equipment floater are not applicable to the Atalig claim and the three other claims. Please let me know whether this is correct.

It is also my understanding that OKP now agrees that it received insurance policies that fully comply with its applicable contractual obligations to acquire insurance. Please let me know whether this is correct.

**The Auto policy**

Your July 12, 2007 letter claims that the Auto policy is applicable to the Atalig claim. Dongbu has asked for proof of which vehicles were involved in the events made the basis of the Atalig claim so that Dongbu can verify those vehicles are covered under the Auto policy (hereinafter more simply the "policy").

Dongbu takes the position that failure to provide immediate notice under the policy voids coverage, and that even if the notice prejudice rule applies, it can show prejudice. I understand that OKP takes the position that there was a waiver by delay and that Dongbu cannot show prejudice. This is a disputed issue.

John D. Osborn
Re: Dongbu Insurance and OKP (CNMI) Corporation
10/12/07
Page 3

Dongbu agrees with OKP that the duty to defend is broader than the duty to indemnify. That is not a disputed issue. However, OKP takes the position that where there is no possibility of coverage under the claims there is no duty to defend and no duty to indemnify. Dongbu further takes the position that the events made the basis of the Atalig claim are not an "accident." OKP disagrees. This is a disputed issue.

Dongbu takes the position that where the events made the basis of the lawsuit are alleged to be willful and intentional (and illegal), there can be no duty to defend and no duty to indemnify under 4 CMC § 7505(b). OKP disagrees, and takes the position that even if the CNMI Legislature has decided there can be no insurance coverage in the form of indemnity in such a situation, that the Legislature intended that the insurer would have an obligation to defend such a party under that same insurance policy. This is a disputed issue.

Regarding exclusions, the parties agree that Dongbu bears the burden of proof. That is not a disputed issue. With respect to Exclusion IX(a), Dongbu interprets the applicable complaint to claim that the property damage was done to leased property under the control of the insured, and the issue of negligence or intentional conduct would not matter to that exclusion. OKP disagrees, and takes the position that the complaint refers to property outside the control of OKP, and that if the conduct is only negligence, the exclusion would not in any event apply. This is a disputed issue.

Dongbu takes the position that Exclusion V(a) is applicable to the extent that the claims relate to OKP's assumed obligations under the lease from Mr. Atalig to OKP, which, in part, they expressly do. OKP disagrees, and claims the exclusion is limited to the more common situation in the case it references. This is a disputed issue.

Dongbu also noted in its coverage letter that coverage will be limited to: 1) losses occurring during the stated policy period; 2) OKP and its employees using the scheduled vehicles as provided in Insuring Agreement IV regarding who is an insured; 3) losses arising out of the use of scheduled (*i.e.* insured) vehicles; 4) the limits of liability stated in the policy; and 5) all other policy terms and conditions. OKP did not respond to those points specifically, although Dongbu has requested and OKP has agreed that it will provide proof that the vehicles involved were scheduled vehicles under the policy.

**The next steps**
I understand that the pace of this matter has been too slow, and that OKP would like to move toward a resolution of this matter. Dongbu certainly agrees with that.

The logical next step would seem to be to determine whether there are any disputed issues in this case besides those that involve the Atalig claim and the Auto policy. If so, the parties need to decide whether to table any such issues for now (and on what terms).

Regarding the Atalig claim and the Auto policy, the next step would be to confirm that the disputed issues have all been identified. Then, perhaps we could agree to table or agree to waive some

John D. Osborn
Re: Dongbu Insurance and OKP (CNMI) Corporation
10/12/07
Page 4

of the issues, although of course that would require further consideration by both sides and formal client approval.

Once those steps are accomplished, Dongbu is open to considering different possible ways to proceed. One possibility is for counsel to more fully brief the issues, perhaps exchanging briefs and then having a mutual reply date, or perhaps Dongbu could submit an opening brief, followed by a response from OKP and a reply from Dongbu. My own thinking is that additional briefing, whether more or less formal, would be helpful. After that, it might be productive for the parties to meet (Guam would of course be more convenient for the parties) together with counsel.

If that type of rather informal process is not successful, then the parties could consider some form of more formal alternative dispute resolution process or even some form of expedited coverage action where the parties narrow the issues as much as possible. However, it would seem to be counterproductive to give much consideration to this now if in fact the parties are going to first proceed more informally.

It is my understanding from discussions with OKP's counsel that OKP is not willing to simply let this matter go, but that it is also very interested in resolving this matter as efficiently and amicably as possible. Dongbu appreciates OKP's position, but does not see any coverage in this matter. At the same time, Dongbu understands that nothing is certain in litigation, and Dongbu shares OKP's desire to resolve this matter by agreement if at all possible.

Again, Dongbu hereby reserves all of its rights under all policies that it issued to OKP without limitation to or by the foregoing, and Dongbu hereby confirms that it is not requesting that OKP waive any of its rights under those policies.

Dongbu looks forward to OKP's response. Thank you for your consideration in this matter.

Very truly yours,

Thomas E. Clifford