# Exhibit 28

# CARLSMITH BALL LLP

A LIMITED LIABILITY LAW PARTNERSHIP

CARLSMITH BUILDING, CAPITOL HILL
P.O. BOX 5241
SAIPAN, MP 96950-5241
TELEPHONE 670.322.3455   FAX 670.322.3368
WWW.CARLSMITH.COM

JOSBORN@CARLSMITH.COM

OUR REFERENCE NO.:
060927-00005

February 14, 2008

**VIA E-MAIL AND U.S. MAIL**

Thomas E. Clifford
Law Office of Thomas E. Clifford
2nd Floor, Alexander Building
P.O. Box 506514
San Jose, Saipan, MP 96950

Re: **Dongbu Insurance Declaratory Judgment Action**

Dear Tom:

Regarding the above matter, this will be a follow up to our recent conversation regarding the Contractor's All Risk Policy.

In my letter to you I identified the Contractor's All Risk Policy, Policy No. KMCR0015-500, as one of the policies insuring OKP (CNMI) Corporation. In our earlier conversations and correspondence regarding coverage issues for the *Atalig v. OKP* matter, we have focused on coverage under the Automobile Policy, Policy No. 150230-150230 (KMA-09102-500), however having further reviewed the CAR policy, we believe there is coverage for the Atalig claim under that policy.

Section II (Third Party Liability) of the Schedule which is entitled Period of Insurance states the period of insurance is from January 16, 2006 to January 17, 2007. However, it also states that the period of insurance is "Subject to the provision concerning the Period of Cover).

In the policy the section entitled **Period of Cover** states:

> The liability of the insurer shall commence, notwithstanding any date to the contrary specified in the Schedule, directly upon commencement of work or after the unloading of the items entered in the Schedule at the site. The Insurer's liability expires for parts of the insured contract works taken over or put into service.

HONOLULU · KAPOLEI · HILO · KONA · MAUI · GUAM · SAIPAN · LOS ANGELES

Thomas E. Clifford
February 14, 2008
Page 2

      At the latest the insurance shall expire on the date specified in the Schedule. Any extensions of the period of insurance are subject to the prior written consent of the insurers.

      Taking the **Period of Cover** provision into consideration, the policy would have been in effect on the date when the events giving rise to the Atalig claim arose.

      Based on our re-examination of the CAR policy and in particular the **Period of Cover** provision, we deemed it appropriate to identify that policy in my letter to you of February 5, 2008 requesting that Dongbu settle the Atalig claim for $3,000,000.00 as stated in the letter of February 4, 2008 from Michael W. Dotts.

      Whether there would be a duty to defend and a duty to indemnify under the CAR policy would appear to be issues that should be part of the pending Declaratory Judgment proceedings currently pending in the District Court.

                            Sincerely,

                            John D. Osborn

JDO/7rot

cc:    Sean Frink
        Brian M. Chen
        Or Toh Wat
        Jenny Tsin

4822-8586-7266.1.060927-00005