JOHN D. OSBORN
SEAN E. FRINK
CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP  96950-5241
Tel. No. (670) 322-3455

Counsel for Defendant OKP (CNMI) Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DONGBU INSURANCE COMPANY, Ltd., | Case No.: 08-0002 |
| Plaintiff, | DECLARATION OF SEAN E. FRINK IN SUPPORT OF OKP (CNMI) CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| vs. | |
| OKP (CNMI) CORPORATION, | |
| Defendant. | Hearing Date: July 10, 2008, at 1:30 p.m. |

The Automobile Insurance Policy

1.  Effective December 15, 2006, Dongbu Insurance Company, Ltd. ("Dongbu") issued an insurance policy with named insured OKP (CNMI) Corporation ("OKP"), policy number 150230-130230 (KMA-0912-S00) (the "Auto Policy"). The Auto Policy term was from December 15, 2005 to December 14, 2006. Dongbu's March 3, 2008 *First Amended Complaint* (the "Dongbu FAC"), ¶ 6, and the March 18, 2008 *Answer of Defendant OKP (CNMI) Corporation; Counterclaim for Declaratory Judgment and Damages; Demand for Jury Trial*

(the "OKP Answer & Counterclaim"), ¶6. A true and correct copy of the Auto Policy is attached as Exhibit "6."[1]

The Contractor's All Risk Insurance Policy

2. On January 19, 2006, Dongbu issued to OKP policy number (KMCR0015-500) (the "CAR Policy"), the period of insurance from January 16, 2006 to January 15, 2007 subject to the provision concerning the Period of Cover which states in part:

> **PERIOD OF COVER:** The liability of the insurers shall commence, notwithstanding any date to the contrary specified in the Schedule, directly upon commencement of work or after the unloading of the items entered in the Schedule at the Site. The Insured's liability expires for parts of the insured contract works when taken over or put into service. At the latest the insurance shall expire on the date specified in the Schedule. Any extension of the period of insurance are subject to prior written consent of the Insurers.

OKP Answer & Counterclaim, Counterclaim Section. ¶ 9, *Plaintiff's Answer and Defenses to Defendant OKP's Counterclaim*, filed March 3, 2008 (the "Dongbu Answer"), ¶9. A true and correct copy of the CAR Policy is attached as Exhibit "7."[2]

The Rota Runway Project

3. OKP went to the island of Rota in connection with an October 28, 2005 contract it had with the Commonwealth Ports Authority for the improvement of the Airport, known as the Rota International Runway Extension Project. In connection with that contract among other things OKP purchased the Auto Policy and CAR policy from Dongbu and entered into a lease with Joaquin Q. Atalig ("Atalig" or "Mr. Atalig") for, among other things, use as a barracks and a parking area for OKP's equipment.

---

[1] For purposes of this motion only, the attached Auto Policy should be considered as the applicable policy. This qualification is made because OKP has repeatedly requested complete copies of the policies from Dongbu which have yet to be provided.

[2] For purposes of this motion only, the attached Contractor's All Risk Policy should be considered as the applicable policy. This qualification is made because OKP has repeatedly requested complete copies of the policies from Dongbu which have yet to be provided.

The Atalig Lawsuit is Filed

4. On or about March 23, 2006, an original complaint was filed by Atalig against OKP and Does 1 through 10. This lawsuit is Commonwealth of the Northern Mariana Islands Superior Court Civil Action No. 06-0119R (the "Lawsuit"). Dongbu FAC, ¶ 21 & OKP Answer & Counterclaim, ¶21. A true and correct certified copy of the March 23, 2006 original complaint (the "Original Complaint") is attached as Exhibit "8."

5. On April 26, 2008, OKP, through its attorneys Mailman & Kara, LLC and the Law Offices of Sean E. Frink, LLC, filed a Motion to Strike portions of the Original Complaint pursuant to Commonwealth Rule of Civil Procedure 12(f).

6. On April 26, 2008, OKP, through its attorneys Mailman & Kara, LLC and the Law Offices of Sean E. Frink, LLC, also filed a Motion to Dismiss the Second, Seventh, Eighth, Ninth, Tenth, and Thirteenth Causes of Action of the Original Complaint pursuant to Commonwealth Rule of Civil Procedure 12(b)(6).

7. On May 3, 2006, Mr. Atalig, through his attorney Ramon K. Quichocho, filed a Motion for Partial Summary Judgment, seeking judgment on OKP's liability on the breach of contract, waste, conversion of cultural and historical artifacts, conversion of soil and other minerals, conversion of permanent trees, and conversion of preexisting buildings/improvements causes of action.

8. Opposition and reply memoranda regarding OKP's motions to strike and to dismiss and Atalig's motion for summary judgment were subsequently filed and the motions were all argued before CNMI Superior Court Associate Judge Kenneth L Govendo on June 9 and 12, 2006.

9. Judge Govendo's decisions regarding the three motions were filed on July 10, 25, and 28, 2006. Judge Govendo denied Atalig's Motion for Summary Judgment entirely, granted OKP's motion to dismiss the Seventh (Negligence in violation of 1 CMC § 2382(g) and 2 CMC § 4811, *et sec.*), Eighth (Negligence in violation of 2 CMC § 3101, *et seq.*), and Tenth (Negligent Interference with Prospective Economic Advantage) Causes of Action, and denied the remainder of OKP's motions.

10. On July 31, 2006, Atalig filed his Verified First Amended Complaint for Breach of Contract and Tort Claims and for Relief Under the Open Government Meetings and Records Act and Demand for Jury Trial "(the "FAC"). A true and correct certified copy of the FAC is attached as Exhibit "9."

Events Subsequent to the Filing of the FAC in the Lawsuit

11. Subsequent to the filing of the FAC, the Mailman & Kara and Frink law firms, who were then representing OKP and defendants Goluguri, Jaiphakdee, and Promchai, filed motions for summary judgment and motions to dismiss and to strike portions of the FAC.

12. The Law Offices of Rexford C. Kosack noticed its appearance on behalf of the OKP Shareholder defendants (OKP Holdings Limited, Kim Peow Or, Toh Wat Or, Enc Nam Oh, He Kheng Soh, and Brian M. Chen) in August, 2006 and filed a Motion to Dismiss for Lack of Personal Jurisdiction on September 27, 2006. The Kosack firm also filed a Motion to Dismiss portions of the FAC as against Defendant Brian Chen.

13. On December 4, 2006, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order granting in part and denying in part Wilai Promchai's Motion for Summary Judgment; Partially granting Wilai Promchai, Pramuan Jaiphakdee, and Reddy Goluguri's

Motion to Dismiss; Partially granting Brian M. Chen's Motion to Dismiss, and; Granting Defendants' Motion for a More Definite Statement.

14. On December 18, 2006, Superior Court Presiding Judge Robert C. Naraja issued an Order Granting OKP's Motion to Strike and denying Defendants' Motion to Dismiss the mineral related claims.

15. On March 28, 2007, Superior Court Presiding Judge Robert C. Naraja issued an Order Granting Defendants OKP Holdings Limited, Kim Peow Or, Toh Wat Or, Enc Nam Oh, and He Kheng Soh's Motion to Dismiss for Lack of Personal Jurisdiction.

Dongbu Refuses Coverage

16. Dongbu's first official response to OKP's tender was the March 5, 2007 letter from Thomas E. Clifford, on behalf of Dongbu, attached as Exhibit "10."[3]

The Second Amended Complaint

17. On April 18, 2007, Atalig filed his Verified Second Amended Complaint for Breach of Contract and Tort Claims and for Relief Under the Open Government Meetings and Records Act and Demand for Jury Trial "(the "SAC"). A true and correct certified copy of the FAC is attached as Exhibit "11."

Events Subsequent to the Filing of the SAC in the Lawsuit

18. On May 3, 2007, Dongbu was notified of the filing of the SAC and provided a copy.

19. On May 3, 2007, Dongbu was also notified of and provided copies of the Court's December 4 and 16, 2006 and March 27, 2007 Orders.

---

[3] The Hocog and two Manglona lawsuits referenced in the Clifford letter are not a subject of this lawsuit.

20. On May 8, 2007, OKP Answered the SAC and filed a counterclaim for attorneys fees and costs against Atalig. A true and correct copy of OKP's Answer and Counterclaim is attached as Exhibit "12."

21. On May 8, 2007, OKP employees Goluguri, Jaiphakdee, and Promchai (the "Three OKP Employees") Answered the SAC. A true and correct copy of the Three Employees' Answer is attached as Exhibit "13."

22. On May 8, 2007, Brian M. Chen Answered the SAC and filed a counterclaim for attorneys fees and costs against Atalig. A true and correct copy of Mr. Chen's Answer and Counterclaim is attached as Exhibit "14."

23. On May 29, 2007, Michael W. Dotts, on behalf of Atalig, filed Atalig's Answers to the OKP and Chen Counterclaims. A true and correct copy of Atalig's Answers are attached as Exhibits "15" and "16."

24. In June of 2007, discovery commenced in the Lawsuit.

25. On July 12, 2007, OKP, through counsel John D. Osborn, responded to Dongbu's March 5, 2007 letter. A true and correct copy of the Osborn letter is attached as Exhibit "17."

26. On August 2, 2007, Superior Court Presiding Judge Robert C. Naraja issued an Order dismissing the Commonwealth Ports Authority and its Executive Director Regino M. Celis, from the case and severing the Open Government Meetings and Records Act claims.

27. On October 12, 2007, Mr. Clifford responded to Mr. Osborn's July 12, 2007 letter on behalf of Dongbu and again Dongbu refused to defend or to indemnify OKP related to the Lawsuit. A true and correct copy of the October 12, 2007 Clifford letter is attached as Exhibit "18."

28. On October 16, 2007, OKP, Chen, and the Three OKP Employees filed a motion for summary judgment on all claims of punitive damages brought against them.

29. On October 23, 2007, Chen filed a motion for summary judgment on the conversion (sixth cause of action) and unjust enrichment (eighth cause of action) claims against him.

30. On October 26, 2007, OKP, Chen, and the Three OKP Employees filed a motion for summary judgment on the breach of contract claim. A true and correct copy of the Motion and Supporting documents are attached as Exhibit "19A" through "19B."

31. On October 26, 2007, the Three OKP Employees filed a motion for summary judgment on the conversion (sixth cause of action) and unjust enrichment (eighth cause of action) claims against them.

32. On October 26, 2007, OKP and Chen filed a motion for summary judgment on the conversion of artifacts (third cause of action), conversion of soil (fourth cause of action) waste due to fuel tank (part of the second cause of action), negligence (seventh cause of action), and indemnification (ninth cause of action) and moved to strike the Doe defendant allegations. A true and correct copy of the Motion and Supporting documents are attached as Exhibit "20A" through "20K."

33. On October 29, 2007, Atalig, through his attorneys Michael Dotts and Ramon K. Quichocho (Atalig is also represented by attorney Antonio Atalig in the Lawsuit), filed a motion for summary judgment on its negligence cause of action and as to OKP's liability.

34. On November 14, 2007, Atalig's attorneys filed Plaintiff's Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike.

35. On November 26, 2007, Chen filed a Reply Memorandum in support of his October 23, 2007 Motion for Summary Judgment.

36. On November 26, 2007, OKP filed its Opposition to Atalig's Motion for Summary Judgment.

37. On November 28, 2007, OKP, Chen, and the Three OKP Employees filed a Reply Memorandum and supporting documents in support of their October 16, 2007 Motion for Summary Judgment related to Punitive Damages.

38. On December 3, 2007, OKP, Chen, and the Three OKP Employees filed a Motion to Strike portions of the Declarations and Counterstatement of Facts submitted by Atalig in support of his November 14, 2007 Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike.

39. On December 4, 2007, the Three OKP Employees filed a Reply Memorandum and supporting documents in support of their October 26, 2007 Motion for Summary Judgment related to Punitive Damages.

40. On December 4, 2007, OKP, through counsel Osborn, responded to Dongbu's October 12, 2007 letter from Mr. Clifford. A true and correct copy of the letter is attached as Exhibit "21."

41. On December 5, 2007, OKP, Chen, and the Three OKP Employees filed their Reply memorandum in support of their October 26, 2007 Motion for Summary Judgment on the Breach of Contract cause of action. A true and correct copy of the Reply is attached as Exhibit "22."

42. On December 5, 2007, Atalig filed his Reply memorandum in support of his October 29, 2007 Motion for Summary Judgment.

43. On December 7, 2007, OKP and Chen filed their Reply memorandum in support of their October 26, 2007 Motion for Summary Judgment on the conversion of artifacts (third cause of action), conversion of soil (fourth cause of action) waste due to fuel tank (part of the second cause of action), negligence (seventh cause of action), and indemnification (ninth cause of action) and Motion to strike the Doe defendant allegations. A true and correct copy of the Reply is attached as Exhibit "23."

44. On December 10, 2007, Atalig filed his Opposition to OKP, Chen, and the Three OKP Employees' December 3, 2007 Motion to Strike portions of the Declarations and Counterstatement of Facts submitted by Atalig in support of his November 14, 2007 Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike.

45. CNMI Superior Court Presiding Judge Robert C. Naraja heard argument from the parties on December 11, 2007 regarding OKP, Chen, and the Three OKP Employees' December 3, 2007 Motion to Strike portions of the Declarations and Counterstatement of Facts submitted by Atalig in support of his November 14, 2007 *Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike.*

46. On December 24, 2007, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order granting the Three Employees' and Chen's Motions for Summary Judgment.

47. On January 4, 2008, I filed two versions of the Amended Counterstatement of Facts submitted by Atalig in Support of his November 14, 2007 *Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike,* that reflected the parties' stipulations and Judge Naraja's rulings during the December 11, 2007 hearing, along with a letter explaining the filing A true and correct copy of the Amended Counterstatements of Facts and the explanatory letter are attached as Exhibit "24A" through "24C."

48. On January 24, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued a Stipulated Order striking and amending portions of the Declarations of Joaquin Q. Atalig, Edita Carillo, and David Demapan, submitted by Atalig in Support of his *Consolidated Opposition to Multiple Motions for Summary Judgment and/or To Strike*. A true and correct copy of the Order is attached as Exhibit "25."

49. On January 29, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued a Stipulated Order dismissing Chen from the Lawsuit with prejudice.

50. On January 30, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued an *Order Granting in Part and Denying in Part Defendants OKP and Chen's Motion for Partial Summary Judgment and Granting Defendants' Motion to Strike* (the "January 30, 2008 Order") on the conversion of artifacts (third cause of action), conversion of soil (fourth cause of action) waste due to fuel tank (part of the second cause of action), negligence (seventh cause of action), and indemnification (ninth cause of action). A true and correct copy of the January 30, 2008 Order is attached as Exhibit "26."

51. On February 5, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order denying Atalig's October 29, 2007 Motion for Summary Judgment.

52. On February 5, 2008, OKP, through counsel Osborn, wrote to Dongbu to notify it of a settlement demand received from Atalig. A true and correct copy of the Osborn letter is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "27."

53. On February 11, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order granting OKP, Chen, and the Three OKP Employees' October 26, 2007 Motion for Summary Judgment on the Breach of Contract claim except as to one subpart.

54. On February 14, 2008, CNMI Superior Court Presiding Judge Robert C. Naraja issued an Order denying OKP, Chen, and the Three OKP Employees' October 26, 2007 Motion for Summary Judgment regarding punitive damages claims and clarifying its February 5, 2008 Order.

55. On February 14, 2008, OKP, through counsel Osborn, wrote to Dongbu to reiterate that OKP Believes it is entitled to coverage under both the Auto and CAR policies. A true and correct copy of the Osborn letter is attached to the concurrently filed Declaration of Sean E. Frink as Exhibit "28."

56. Since August, 2006, Dongbu, through its counsel Thomas Clifford, has continuously been provided copies of the filings and orders in the Lawsuit by OKP.

57. A true and correct copy of the case history of the Lawsuit, as generated by CNMI Superior Court contract service LexisNexis File & Serve, is attached as Exhibit "29." This case history and the documents it refers to were accessible by Dongbu since at least August of 2006 by simply entering the Lexis Nexis Website, which every CNMI law firm is required to be a member of in order to file and receive service from in the CNMI Superior and Supreme Courts.

Dated this 22nd day of May, 2008.

Respectfully Submitted,

_____
SEAN E. FRINK