JOHN D. OSBORN
SEAN E. FRINK
CARLSMITH BALL LLP
Carlsmith Building, Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel. No. (670) 322-3455

Counsel for Defendant OKP (CNMI) Corporation

IN THE UNITED STATES DISTRICT COURT

FOR THE

NORTHERN MARIANA ISLANDS

DONGBU INSURANCE COMPANY, Ltd., )
        Plaintiff, )
vs. )
OKP (CNMI) CORPORATION, )
        Defendant. )

Case No.: 08-0002

DECLARATION OF BRIAN M. CHEN IN SUPPORT OF OKP (CNMI) CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Brian M. Chen, hereby declare that I am and have been the Resident Manager for OKP CNMI Corporation continuously since November, 2005 and that I am competent to testify to the following:

1. I was the person responsible for obtaining the Automobile and Contractor's All Risk insurance policies from Dongbu Insurance Company Ltd. ("Dongbu") on behalf of OKP CNMI Corporation ("OKP").

2. I obtained the Automobile and Contractor's All Risk insurance policies from Dongbu by approaching Moylan's Insurance Underwriters (Int'l), Inc. ("Moylan's"), Dongbu's Registered Agent in the CNMI, and presenting it with a copy of the insurance related provisions

Declaration of Brian M. Chen - 1

of OKP's contract with the Commonwealth Ports Authority ("CPA") for the construction of the Rota Runway Extension, and asked Moylan's to find OKP insurance that would meet the requirements of OKP's contract with the CPA. Attached as Exhibit "1' is a true and correct copy of Dongbu's most recently filed annual corporation report, which indicates that Moylan's is Dongbu's registered agent.

3.  My dealings with Moylan's on the Contractors' All Risk and Automobile policies were primarily with Ms. Cecelia A. Anas, who I understand to be Moylan's Surety Division Manager.

4.  OKP went to the island of Rota in connection with a contract it had with the CPA for the improvement of the Airport. In connection with that contract among other things OKP purchased the Auto Policy and CAR policy from Dongbu and entered into a lease with Joaquin Q. Atalig ("Atalig" or "Mr. Atalig") for, among other things, use as a barracks and a parking area for OKP's equipment.

5.  OKP also purchased performance, payment, and warranty bonds for its contract with the CPA from Dongbu through Moylan's.

6.  Two 2004 Kobelco Used SK200 Excavators, Vin Nos. YN09-36227 and YN09-36581, referred to as Vehicles Nos. 3 and 4 in the Auto policy vehicle schedule, one 1990 Caterpillar Used D6H Bulldozer, Vin No. 1KD-04075, referred to as Vehicle No. 6 in the Auto policy vehicle schedule, one Mitsubishi Dump Truck, Vin No. FV 415JV43168, referred to as Vehicle No. 10 in the Auto policy vehicle schedule, and one 2002 Caterpillar 10T Compactor Roller, Vin No. 2R200184, referred to as Vehicle No. 27 in the Auto vehicle policy schedule (these five vehicles will hereinafter be referred to collectively as the "Heavy Equipment"), among other heavy equipment, were delivered to the Port of Rota on December 20, 2005,

unloaded on the same day, and delivered to the Atalig property between December 20 and 22, 2005.

7. In support of its work on the Rota Runway Project, for use as a staging area and employee barracks, on or about November 2, 2005, OKP entered into a Lease Agreement with Atalig. Many of the terms of the Lease are in dispute between Atalig and OKP but the Lease was for a period of thirteen months.

8. Work on the CPA contract began with OKP's work improving the Atalig property in November of 2005.

9. On or about December 23 and 24, 2005, OKP employee Pramuan Jaiphakdee used the Heavy Equipment to clear a portion of the Atalig property.

10. On or about March 23, 2006, an original complaint was filed by Atalig against OKP and Does 1 through 10. This lawsuit is Commonwealth of the Northern Mariana Islands Superior Court Civil Action No. 06-0119R (the "Lawsuit"). The Jaiphakdee clearing activity that took place on December 23 and 24, 2005, is the activity that Atalig claims destroyed ancient Chamorro and Japanese artifacts on his property.

11. The next day, March 24, 2006, articles about the lawsuit appeared in both the Marianas Tribune and Marianas Variety. True and correct copies of the newspaper articles are attached hereto as Exhibits "2" and "3."

12. Soon after March 24, 2006, while I was visiting the offices of Moylan's Insurance Underwriters, Inc., to discuss another insurance related matter, Cecelia A. Anas mentioned to me that she had seen at least one of the March 24 newspaper articles discussed in the preceding paragraph and that the claims mentioned in the article(s) sounded ridiculous. It is my best estimate that this conversation took place within a week of March 24, 2006.

Declaration of Brian M. Chen - 3

13. On August 9, 2006, I, in person, provided Ms. Anas a copy of the First Amended Complaint.

14. On September 6, 2006 OKP wrote Dongbu following up on the August 9, 2006 defense tender. An unsigned copy of the letter is attached hereto as Exhibit "4."

15. On September 27, 2006, OKP attorney Maya B. Kara wrote Dongbu's authorized representative, Moylan's Insurance Underwriters, Inc., to follow up on the status of OKP's tender. An true and correct copy of the letter is attached hereto as Exhibit "5."

16. Dongbu's first official response to OKP's tender was the March 5, 2007 letter from Thomas E. Clifford, on behalf of Dongbu.

17. No Moylan's or Dongbu representative has ever contacted myself or any OKP employee or officer regarding the allegations made by Mr. Atalig against OKP and its employees. Dongbu has never taken any steps to contact OKP to investigate the claims or find out the true facts related to the Atalig lawsuit.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on Saipan, Commonwealth of the Northern Mariana Islands, on May 22, 2008.

_____
BRIAN M. CHEN