# Exhibit 14

1  REXFORD C. KOSACK
   GLENN A. JEWELL
2  DOUGLAS DALEY
   LAW OFFICES OF REXFORD C. KOSACK
3  Bank of Hawaii Bldg., Third Floor
   P.O. Box 500410
4  Saipan, MP 96950
   Telephone: (670) 322-8800
5  Fax: (670) 322-7800

6  Attorneys for Brian M. Chen



**E-FILED**
**CNMI SUPERIOR COURT**
E-filed: May  8 2007  3:41PM
Clerk Review: May 09, 2007
Filing ID: 14755919
Case Number: 06-0119-CV
Elsa Duenas

IN THE SUPERIOR COURT OF THE COMMONWEALTH
OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOAQUIN Q. ATALIG,              ) | Civil Action No. 06-0119(R) |
|                                 ) | |
|         Plaintiff,              ) | |
|                                 ) | |
|     vs.                         ) | **ANSWER AND** |
|                                 ) | **COUNTERCLAIM** |
| OKP (CNMI) CORPORATION, BRIAN M.) | **OF DEFENDANT** |
| CHEN, PRASADA REDDY GOLUGURI,   ) | **BRIAN M. CHEN** |
| PRAMUAN JAIPHAKDEE, WILAI PROMCHAI, ) | |
| COMMONWEALTH PORTS AUTHORITY,   ) | |
| AND REGINO M. CELIS, in his capacity as ) | |
| Acting Executive Director of the ) | |
| Commonwealth Ports Authority, AND ) | |
| DOES 1-3,                       ) | |
|                                 ) | |
|         Defendants.             ) | |
| _____ ) | |

Defendant Brian M. Chen ("Chen"), by and through the undersigned legal counsel, hereby answers the Second Amended Complaint ("SAC" or "complaint") filed in the above-entitled action as follows:

1. Introduction: Defendant Chen states that paragraphs 1-23 contain only argument, rather than well-pleaded facts as to jurisdiction, the identity of the parties, the operative facts, or the claims and, therefore, require no response. If, however, it is determined that a response is required, Defendant denies the allegations of these paragraphs.

2. Jurisdiction: Defendant Chen admits the allegations of the first clause of paragraph 24, and states that he need not respond to the second clause of paragraph 24 as the second clause is not directed at Defendant but at co-defendants Commonwealth Ports Authority and Regino M. Celis.

3.  Venue: Defendant Chen denies the allegations of paragraph 25 (venue).

4.  Parties:

    a.  Defendant Chen lacks sufficient information to admit or deny the allegations contained in paragraph 26 and, therefore, denies those allegations.

    b.  Defendant Chen admits the allegations of the first and second sentences of paragraph 27, but denies the remaining allegations.

    c.  Defendant Chen admits the allegations of the first sentence of paragraph 28, but denies the remaining allegations.

    d.  Defendant Chen admits the allegations of the first, second, third and sixth sentences of paragraph 29, but denies the remaining allegations.

    e.  Defendant Chen admits the allegations of the second sentence of paragraph 30, but denies the remaining allegations.

    f.  Defendant Chen admits the allegations of the second sentence of paragraph 31, but denies the remaining allegations.

    g.  Defendant Chen admits the allegations of the second and fifth sentences of paragraph 32, but denies the remaining allegations.

    h.  Defendant Chen admits the allegations of the first sentence of paragraph 33, lacks sufficient information to admit or deny the allegations of he second sentence, and denies the remaining allegations.

    i.  Defendant Chen lacks sufficient information to admit or deny the allegations contained in paragraph 34 and, therefore, denies those allegations.

    j.  Defendant Chen lacks sufficient information to admit or deny the allegations contained in paragraph 35 and, therefore, denies those allegations.

    k.  Defendant Chen states that paragraph 36 fails to state any well-pleaded facts and, therefore, requires no response.

5.  Operative Facts:

    a.  Defendant Chen lacks sufficient information to admit or deny the allegations contained in paragraphs 37-39 and, therefore, denies those allegations.

1        b. Defendant Chen admits the allegation in paragraph 40 that CPA conducted a
2 bid for the Rota Project and ultimately selected OKP (CNMI) Corporation over other bidders,
3 but denies all other allegations in that paragraph.
4        c. Defendant Chen admits the allegations of paragraph 41.
5        d. Defendant Chen admits the authenticity of Exhibit C and that it was sent by
6 OKP Holdings Limited, a Singapore company and the majority shareholder of OKP (CNMI)
7 Corporation, to the Commonwealth Ports Authority, but denies the remaining allegations of
8 paragraph 42.
9        e. Defendant Chen admits the authenticity of Exhibit D, but denies the remaining
10 allegations of paragraph 43 as he lacks sufficient information to admit or deny those allegations.
11        f. Defendant Chen admits the allegations of the first sentence of paragraph 44,
12 but denies the remaining allegations.
13        g. Defendant Chen denies the allegations of paragraph 45 as the language of
14 Exhibit B speaks for itself and it has not been quoted as written.
15        h. Defendant Chen denies the allegations of paragraphs 46.
16        i. Defendant Chen admits the allegations of paragraph 47.  Defendant Chen
17 specifically admits that Exhibit F is a true and correct copy of the Lease Agreement signed by
18 Chen on November 2, 2005, but denies that it is a valid lease.
19        j. Defendant Chen denies the allegations of paragraph 48 and 49 as the language
20 of Exhibit F speaks for itself and it has not been quoted as written.
21        k. Defendant Chen admits the allegations of paragraphs 50 and 51.
22        l. Defendant Chen denies the allegations of paragraph 52.
23        m. Defendant Chen admits the allegations of paragraph 53.
24        n. Defendant Chen denies the allegations of paragraph 54.
25        o. Defendant Chen denies the allegations of paragraph 55, 56, and 58 as the
26 language of Exhibit F speaks for itself and it has not been quoted as written.
27        p. Defendant Chen denies the allegations of paragraphs 57, and 59-64.
28        q. Defendant Chen admits the allegations of paragraphs 65 and 66.

1       r. Defendant Chen denies the allegations of paragraph 67.

2    6. Principal-Agent Liability (Piercing the Corporate Veil)

3       a. Defendant Chen admits and denies the allegations contained in paragraph 68 to the same extent that he admitted and denied the allegations referred to by this paragraph.

4       b. Defendant Chen denies the allegations of paragraph 70, except that Defendant Chen admits that Brian Chen owns 2,000 shares of OKP stock, and is the secretary, resident manager, and a director of OKP.

5       c. Defendant Chen denies the allegations contained in paragraphs 69 and 71-73.

6       d. Defendant Chen states that paragraph 74 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

7    7. Principal-Agent Liability (Respondeat Superior)

8       a. Defendant Chen admits and denies the allegations contained in paragraph 75 to the same extent that he admitted and denied the allegations referred to by this paragraph.

9       b. Defendant Chen denies the allegations contained in paragraphs 76.

10      c. Defendant Chen, in answer to the allegations contained in paragraph 77, admits that Brian Chen owns 2,000 shares of OKP stock, and is the secretary, resident manager, and director of OKP, and that Defendants Jaiphakdee, Promchai, and Goluguri are employees of OKP. The remaining allegations of paragraph 77 are denied.

11      d. Defendant Chen states that paragraph 78 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

12   8. Principal-Agent Liability (CPA)

13      a. Defendant Chen admits and denies the allegations contained in paragraph 79 to the same extent that he admitted and denied the allegations referred to by this paragraph.

14      b. Defendant Chen denies the allegations of paragraph 80 as the language of Exhibit E speaks for itself and it has not been quoted as written.

15      c. Defendant Chen denies the allegations contained in paragraph 81.

       d. Defendant Chen lacks sufficient information to admit or deny the allegations contained in paragraph 82 and, therefore, denies those allegations.

       e. Defendant Chen states that paragraph 83 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

   9. First Cause of Action (Breach of Contract)

       a. Defendant Chen admits and denies the allegations contained in paragraph 84 to the same extent that he admitted and denied the allegations referred to by this paragraph.

       b. Defendant Chen denies the allegations of paragraphs 85, 86, and 88-91.

       c. Defendant Chen states that paragraphs 87 and 92 fail to state any well-pleaded facts and, therefore, require no response. If, however, it is determined that a response is required, Defendant denies the allegations of these paragraphs.

   10. Second Cause of Action (Waste)

       a. Defendant Chen admits and denies the allegations contained in paragraph 93 to the same extent that he admitted and denied the allegations referred to by this paragraph.

       b. Defendant Chen denies the allegations of paragraphs 94-100.

       c. Defendant Chen states that paragraph 101 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

   11. Third Cause of Action (Conversion of Artifacts)

       a. Defendant Chen admits and denies the allegations contained in paragraph 102 to the same extent that he admitted and denied the allegations referred to by this paragraph.

       b. Defendant Chen denies the allegations of paragraphs 103-106.

       c. Defendant Chen states that paragraph 107 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

   12. Fourth Cause of Action (Conversion of Soil)

       a. Defendant Chen admits and denies the allegations contained in paragraph 108

to the same extent that he admitted and denied the allegations referred to by this paragraph.

      b. Defendant Chen denies the allegations of paragraphs 109-112.

      c. Defendant Chen states that paragraph 113 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

13. Fifth Cause of Action (Conversion of Trees)

      a. Defendant Chen admits and denies the allegations contained in paragraph 114 to the same extent that he admitted and denied the allegations referred to by this paragraph.

      b. Defendant Chen denies the allegations of paragraphs 115-118.

      c. Defendant Chen states that paragraph 119 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

14. Sixth Cause of Action (Conversion of Preexisting Building)

      a. Defendant Chen admits and denies the allegations contained in paragraph 120 to the same extent that he admitted and denied the allegations referred to by this paragraph.

      b. Defendant Chen denies the allegations of paragraphs 121-124.

      c. Defendant Chen states that paragraph 125 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

15. Seventh Cause of Action (Negligence)

      a. Defendant Chen admits and denies the allegations contained in paragraph 126 to the same extent that he admitted and denied the allegations referred to by this paragraph.

      b. Defendant Chen denies the allegations of paragraphs 127-129.

      c. Defendant Chen states that paragraph 130 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

16. Eighth Cause of Action (Unjust Enrichment)

      a. Defendant Chen admits and denies the allegations contained in paragraph 131

to the same extent that he admitted and denied the allegations referred to by this paragraph.

  b. Defendant Chen states that paragraphs 132 and 133 fail to state any well-pleaded facts and, therefore, require no response. If, however, it is determined that a response is required, Defendant denies the allegations of these paragraphs.

  c. Defendant Chen denies the allegations of paragraphs 134-141.

  d. Defendant Chen states that paragraph 142 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

 17. Ninth Cause of Action (Indemnification)

  a. Defendant Chen admits and denies the allegations contained in paragraph 143 to the same extent that he admitted and denied the allegations referred to by this paragraph.

  b. Defendant Chen denies the allegations of paragraph 144 as the language of Exhibit F speaks for itself and it has not been quoted as written.

  c. Defendant Chen denies the allegations of paragraphs 145.

  d. Defendant Chen denies the allegations of paragraph 146 as the language of Exhibit F speaks for itself and it has not been quoted as written.

  e. Defendant Chen denies the allegations of paragraph 147.

  f. Defendant Chen denies the allegations of paragraph 148 as the language of Exhibit F speaks for itself and it has not been quoted as written.

  g. Defendant Chen denies the allegations of paragraphs 149-152.

  h. Defendant Chen states that paragraph 153 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

 18. Tenth Cause of Action (Open Government Act)

  a. Defendant Chen states that paragraphs 154-166 are not directed at him but at co-defendants Commonwealth Ports Authority and Regino M. Celis, and therefore do not require a response from Chen. If, however, it is determined that a response is required, Defendant denies the allegations contained in these paragraphs.

19. Eleventh Cause of Action (Attorneys' Fees)

    a. Defendant Chen admits and denies the allegations contained in paragraph 167 to the same extent that he admitted and denied the allegations referred to by this paragraph.

    b. Defendant Chen admits the allegations of paragraph 168.

    c. Defendant Chen denies the allegations of paragraphs 169.

    d. Defendant Chen states that paragraph 170 fails to state any well-pleaded facts and, therefore, requires no response. If, however, it is determined that a response is required, Defendant denies the allegations of this paragraph.

20. Defendant Chen denies each and every allegation of the complaint which has not been specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

As defenses to the SAC, Defendant Chen alleges the following:

1. <u>Failure to State a Claim</u>: The allegations contained in the SAC fail to state a claim upon which relief can be granted.

2. <u>Standing</u>: Plaintiff does not have standing to bring the claims alleged.

3. <u>Fraud</u>: The lease terms are not enforceable as the Plaintiff and others committed fraud in its execution by adding terms and conditions that were not agreed to.

4. <u>Prior Breach</u>: Plaintiff breached the lease prior to the alleged acts and, therefore, is not entitled to sue on the lease.

5. <u>Conditions Precedent</u>: Plaintiff has failed to perform conditions precedent.

6. <u>Statute of Frauds</u>: Plaintiff seeks to sue on alleged oral representations which are required to be in writing under the statute of frauds.

7. <u>Comparative Fault</u>: Defendant Chen alleges that his, and any other defendant's, negligence, if any, which is expressly denied, must be compared against the negligence and/or conduct of others, including but not limited to the negligence of Plaintiff, and Defendant Chen's liability, if any, for Plaintiff's injuries, if any, must be reduced by the amount to which others are responsible for Plaintiff's injuries, if any.

8. <u>No Jury on Piercing Issues</u>: Plaintiff is not entitled to a jury trial of the piercing of the

corporate veil allegations as this remedy arises in equity only.

9. <u>Unclean Hands</u>: Plaintiff's equitable claims are barred by the doctrine of unclean hands.

10. <u>Reservation of Defenses</u>: Defendant Chen reserves his right to assert additional affirmative defenses if future discovery reveals that such additional defenses would be appropriate.

## COUNTERCLAIM

Brian M. Chen, as counterclaim plaintiff, alleges the following against Joaquin M. Atalig, as counterclaim defendant:

### I.

### CLAIM FOR ATTORNEYS' FEES

1. Brian M. Chen is a United States citizen and a resident of Guam.

2. On information and belief, Joaquin Q. Atalig ("Atalig") is a United States citizen and a resident of the Commonwealth of the Northern Mariana Islands.

3. This Court has jurisdiction over this matter pursuant the Constitution of the Commonwealth of the Northern Mariana Islands, art. IV, § 2 and 1 CMC § 3202.

4. On November 2, 2005, Brian M. Chen, as the authorized representative of OKP (CNMI) Corporation ("OKP"), and Joaquin Q. Atalig, both signed a Lease Agreement (the "Lease") between OKP and Atalig.

5. In this lawsuit, Atalig has brought several claims against OKP based upon the breach of a term, covenant, condition, or provision of the Lease.

6. In this lawsuit (SAC, § V), Atalig seeks to hold Brian M. Chen liable as a shareholder of OKP for these same claims.

7. Section 23 of the Lease states: "In the event of any suit by any party to this Lease for the recovery of any rent due, or because of any breach of any term, covenant, condition, or provision hereof, the prevailing party shall be entitled to recover from the other party costs of suit and reasonable attorney's fees which shall be fixed by the Court."

8. This is a suit brought by a party to the Lease because of a breach of a term, covenant,

condition, or provision of the Lease.

9. Brian M. Chen has incurred, and will continue to incur, legal fees as a result of defending these claims brought against him indirectly.

10. Brian M. Chen requests this Court to determine his costs of suit and reasonable attorney's fees and to award such amounts to him against Joaquin Q. Atalig when Chen prevails in this lawsuit.

**PRAYER**

WHEREFORE, Brian M. Chen prays that:

1. Plaintiff take nothing by the Second Amended Complaint.

2. That in the event that Plaintiff is found to be entitled to any damages, the degree of negligence, responsibility or fault of each party who contributed to said damages be determined and Defendant Chen be held liable only for that portion of damages which corresponds to his degree of fault or responsibility.

3. Defendant Chen be awarded his costs of suit incurred herein.

4. In the event that Chen is the prevailing party in this suit brought against him by a party to the Lease Agreement, that the Court determine his reasonable attorneys' fees and award such amount to him against Joaquin Q. Atalig.

5. For such other and further relief as the Court may deem just and proper.

Dated: May 8, 2007.

/s/
REXFORD C. KOSACK         F0140
GLENN A. JEWELL           F0176
Attorneys for Brian M. Chen