# Exhibit 24C



**E-FILED**
**CNMI SUPERIOR COURT**
E-filed: Dec 24 2007 10:16AM
Clerk Review: N/A
Filing ID: 17774974
Case Number: 06-0119-CV
N/A



# IN THE SUPERIOR COURT
# OF THE
# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| JOAQUIN Q. ATALIG, <br><br> **Plaintiff,** <br><br> vs. <br><br> OKP (CNMI) CORPORATION, BRIAN M. CHEN, PRASADA REDDY GOLUGURI, PRAMUAN JAIPHAKDEE, WILAI PROMCHAI, and DOES 1-3, <br><br> **Defendants.** | **CIVIL ACTION NO. 06-0119(R)** <br><br> **ORDER: GRANTING DEFENDANT WILAI PROMCHAI, PRASADA REDDY GOLUGURI, AND PRAMUAN JAIPHAKDEE'S MOTION FOR SUMMARY JUDGMENT, and GRANTING DEFENDANT BRIAN M. CHEN'S MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

THIS MATTER came for hearing on December 11, 2007 at 10:00 a.m. on defendants Prasada Reddy Goluguri ("Goluguri"), Pramuan Jaiphakdee ("Jaiphakdee"), and Wilai Promchai's ("Promchai") (collectively the "OKP Employees") motion for summary judgment, and defendant Brian M. Chen's ("Chen") motion for summary judgment. Also calendared for hearing was Defendants' Collective Motion to Strike Portions of the Declarations in Support of Plaintiff's Consolidated Opposition and his Counter-Statement of Undisputed Facts. The Court granted in part and denied in part the motion to strike. Counsel for Defendants volunteered to prepare and submit a new version of Plaintiff's Counter-Statement of Undisputed Facts in accordance with the Court's rulings. Counsel for Plaintiff will prepare a new version of the various Declarations in accordance with the Court's rulings.

Michael W. Dotts and Ramon K. Quichocho appeared on behalf of plaintiff Joaquin Q. Atalig ("Atalig" or "Plaintiff"). Sean E. Frink appeared on behalf of defendants Goluguri, Jaiphakdee, and Promchai. Rexford C. Kosack appeared on behalf of defendant Chen.

This Court having considered all pleadings, arguments, materials on record, and all relevant rules and case law, enters the following order: GRANTING defendants Wilai Promchai, Pramuan Jaiphakdee, and Prasada Reddy Goluguri's motion for summary judgment, and; GRANTING defendant Brian M. Chen's motion for summary judgment.

## II.   MOTION FOR SUMMARY JUDGMENT

a. Standard

Summary Judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Com. R. Civ. P. 56(c). In bringing a summary judgment motion, the "moving party bears the 'initial and ultimate' burden of establishing its entitlement to summary judgment". *Santos v. Santos,* 4 N.M.I. 206, 210 (1995).

Where the party moving for summary judgment bears the ultimate burden of proof at trial, they must produce affirmative evidence establishing the undisputed material facts to satisfy each element of the cause of action. Where the party moving for summary judgment does **not** bear the ultimate burden of proof at trial, the moving party may demonstrate its entitlement to summary judgment either by showing an absence of evidentiary support in the nonmoving party's case or by showing that the undisputed facts disprove a necessary element of a claim against them or satisfy each element of an affirmative defense. *See generally*, *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In bringing a 'defensive' motion for summary judgment, a moving party may satisfy its initial burden by either submitting evidence (affidavits or otherwise) to demonstrate its entitlement or it may merely pinpoint the nonmoving party's lack of evidence. *Id.* Our Commonwealth Supreme Court follows *Celotex*. *In re Estate of Roberto*, 2002 MP 23 ¶ 18, n. 11 (2002).

Once the moving party meets their initial burden, the burden shifts to the opponent to show that a genuine issue of material fact exists to survive summary judgment. *Cabrera v.*

*Heirs of De Castro*, 1 N.M.I. 172, 176 (1990). In opposing a motion for summary judgment, the nonmoving party may not rest simply upon mere allegations or denials of the moving party's pleading, but must "set forth specific facts showing that there is a genuine issue for trial." Com. R. Civ. P. 56(e); *Eurotex (Saipan), Inc. v. Muna*, 4 N.M.I. 280, 284-85 (1995). "The party opposing summary judgment does not have a duty to present evidence in opposition to a motion under Rule 56 in all circumstances, however …. that obligation does not exist when … when the matters presented fail to foreclose the possibility of a factual dispute. WRIGHT & MILLER § 2727 (2d. ed. 1983). When the party opposing the motion does not offer counter-affidavits or other evidentiary material showing that a genuine issue of material fact remains, or does not show a good reason, in accordance with Rule 56(f), why he is unable to present facts in opposition to the motion, judgment must be entered against him.   10A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2727 (2d ed 1983) (hereinafter "WRIGHT & MILLER") (interpreting Federal Rules of Civil Procedure after which the Commonwealth Rules are modeled). In considering a motion for summary judgment, the trial court must review the evidence and inferences drawn there from in light most favorable to the non-moving party. *Estate of Mendiola v. Mendiola*, 2 N.M.I. 233, 240 (1991).

      b. Discussion

Both Chen's and the OKP Employees' motions challenge Atalig's sixth and eighth causes of action and are based on similar lack of evidence grounds. Atalig is suing Chen and the OKP Employees in their personal capacity for conversion of the pre-existing buildings/improvements (including the items contained therein) in the sixth cause of action. Atalig is suing Chen and the OKP Employees in their individual capacity for unjust enrichment for benefits conferred upon them by having taken building materials from the pre-existing buildings/improvments and the items contained therein in the eighth cause of action. As the motions were brought and supported separately, this Court will address them each in turn, referencing back when analysis is identical to avoid redundancy.

1. Conversion

The tort of conversion requires: 1) intentional, 2) exercise of dominion or control, 3) over a chattel (personal property) of another, 4) resulting in serious interference with the right of control. RESTATEMENT (SECOND) OF TORTS § 222A (1) (1965) ("RESTATEMENT 2D TORTS"). Our Supreme Court has adopted this section of the restatement in *Del Rosario v. Camacho*, 6 N.M.I. 213, 232 (2001). "Conversion is the intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." *Id. citing* RESTATEMENT 2D TORTS. "Conversion may be committed by intentionally dispossessing of, destroying, using, receiving, disposing of, misdelivering, or refusing to surrender a chattel." *Id.* Conversion only applies to things that are capable of being lost or stolen and thus one cannot convert real property, but only items severable from the same. *Id.*

          A.        OKP Employees.

OKP Employees' motion is based on a lack of any evidence to support any element of a conversion claim against them. In support of their motion, they attach excerpts from the deposition of Plaintiff to pinpoint the lack of evidence to support this claim against anyone of them individually. [See generally, deposition of Atalig and declarations of OKP Employees submitted in support of OKP Employees' motion for summary judgment]. In Atalig's deposition, he admits having never seen or heard that any of the three OKP Employees participated in the destruction of his laundry, dirty kitchen or a-frame facilities or having built the structure that purportedly utilized the materials missing from such facilities. Also, Atalig admits having no personal knowledge regarding any taking of items from the property for the defendants' personal use and not knowing of any person with such knowledge. Essentially, Atalig admits having no personal information implicating these defendants in the alleged conversion and admits having no access to any witness with such information. In addition to pointing to Atalig's lack of evidence supporting his claim, the OKP Employees each submitted a declaration stating they did not participate in the destruction of Atalig's preexisting structures or the erection of the 'barracks extension' or authorizing of the same.

Having pinpointed Atalig's lack of evidence of the individual OKP Employees exercise of dominion or control over the pre-existing buildings /improvements or the items contained therein, which is essential to sustain his conversion claim, the OKP Employees have shifted the burden to Atalig to demonstrate the existence of a material issue of fact to survive summary judgment. In opposition to the motion, Atalig admits he "does not have evidence of the Individual Defendants' participation." [Consolidated Opposition, p. 19]. To avoid summary judgment however, he argues "[b]ut they were there. It should be for the jury to weigh the credibility of their denials." *Id.* Unfortunately for Mr. Atalig, the issue of the defendants' denials will not be presented to the jury without some modicum of affirmative evidence implicating them in the tortious conduct alleged.

The defendants carry no burden at trial and need not present a defense in the absence of any evidence brought by the plaintiff. Indeed, if this same scenario were brought up in trial at the close of the plaintiff's case, the matter would be ripe for granting a motion for judgment as a matter of law. The standard for granting summary judgment mirrors that of a motion for judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.1986), *cert. denied*, 480 U.S. 932 (1987). Atalig argues that the OKP Employees "willfully and unlawfully deprived Atalig of the possession of the laundry, kitchen, and storage facilities, by tearing down the preexisting improvement despite not having a written consent [sic] from Atalig to do so" yet he admits having no evidence to support his argument. "'Mere conclusory allegations or denials' in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (*quoting SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir.1978)). Here Atalig has admittedly failed to set forth specific facts showing there is a genuine issue for trial. Accordingly, summary judgment must be entered in favor of the

OKP Employees and against Atalig for conversion of the pre-existing buildings /improvements as alleged in cause of action six of the second amended complaint.

### B. Chen.

Chen's motion is brought on the same grounds as the OKP Employees' motion. Chen pinpoints Atalig's failure and inability to provide any evidence of his exercise of dominion or control over the pre-existing buildings /improvements. In support, Chen offers deposition testimony by Atalig wherein Atalig admits he: does not know whether he has a factual basis for his claim of conversion against Chen, and; never saw Chen take anything from Atalig's property. [Chen motion, p. 2-3, citing Atalig Deposition, p. 928-29; 942-43]. In pinpointing Atalig's lack of evidence as to an essential element of a conversion claim, Chen shifts the burden to Atalig to come forth with admissible evidence to demonstrate a genuine issue of material fact exists justifying a trial on the matter.

Atalig's opposition to Chen's motion regarding conversion is identical to above. He calls for the jury to weigh Chen's denials. As mentioned above, Chen carries no burden at trial and he need not present any defense to a jury absent some evidence implicating him in the tortious conduct alleged against him. For the same reasons set forth above, summary judgment must be entered in favor of Chen and against Atalig for conversion of the pre-existing buildings /improvements as alleged in cause of action six of the second amended complaint.

### 2. Unjust Enrichment

Atalig seeks restitution for unjust enrichment against Chen and the OKP Employees individually under a quasi contract theory. The Restatement provides that: "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." RESTATEMENT (FIRST) OF RESTITUTION § 1 Unjust Enrichment (1937). Under a quasi contract theory, where certain circumstances are present, the law will imply a contract where one legally did not exist to require a party who has been benefitted to compensate another when retention of the benefit would be unjust. *See genereally, id*. Essential to an action for unjust enrichment is that one party receives a benefit, the retention of which, would be unjust. *Id.* cmt. c; RESTATEMENT (SECOND) OF CONTRACTS § 370, cmt. a.

A.     OKP Employees.

Atalig concedes to summary judgment in favor of the OKP Employees as to the cause of action for unjust enrichment and the Court enters it accordingly.

B.     Chen.

Chen brings the present motion on the grounds that Atalig lacks any evidence of any benefit conferred personally upon Chen as a result of any activities listed in ¶¶ 134-135 in the second amended complaint. In support, Chen offers deposition testimony by Atalig wherein Atalig admits he: does not know of any benefit that Chen got out of Chen's involvement with Atalig's property; did not see Chen take possession of any item that was stored on Atalig's property; does not know whether Chen was unjustly enriched in some way related to the lawsuit; did not see Chen personally take possession of a building or improvement on Atalig's property; did not see Chen personally use Atalig's property to build any structures; does not know whether Chen benefitted as a result of someone else removing things from Atalig's property such as historical or cultural artifacts or permanent trees, and; did not see Chen use any materials on Atalig's property that were taken from the storage, laundry and/or kitchen facilities. [Chen motion, p. 2-3, citing Atalig Deposition, p. 928-29; 942-43]. Pointing out Atalig's lack of evidence as to a necessary element of his cause of action for unjust enrichment against Chen, the burden shifts to Atalig to set forth evidence to demonstrate a genuine issue of material fact justifying a trial.

Atalig opposes the motion as to Chen with only the following argument:

> Chen, a shareholder of OKP, who executed the contract OKP now claims is void, and who personally benefited by the allegedly void contract he signed, can also be held liable for unjust enrichment under a piercing theory. Because discovery is not yet complete on this issue the motion made by Chen for summary judgment on the piercing theory is not presently before the Court. Until that motion is decided Chen should remain as a defendant under the unjust enrichment cause of action.

[Consolidated Opposition, p. 21]. This argument fails to demonstrate the existence of any issues of fact. Chen is not challenging his potential liability via OKP in the present motion. Chen is

challenging his direct personal liability. Atalig has sued Chen in his personal capacity for unjust enrichment and has sued OKP for unjust enrichment in the same cause of action. Chen has also pled a theory of liability against Chen via a piercing the corporate veil of OKP. If Atalig is successful in his piercing claim, Chen could be held accountable for all causes of action for which OKP is found liable. Chen's vicarious liability is unaffected by, and irrelevant to, his personal liability. Atalig's request to defer ruling on this motion until hearing on the motion for summary judgment re: piercing the corporate veil is without basis. Atalig has not opposed Chen's motion for summary judgment made in his personal capacity for the cause of action for unjust enrichment, and has not demonstrated any genuine issue of material fact to avoid summary judgment. Accordingly, defendant Chen's motion is well taken and summary judgment is granted in favor of Chen and against Atalig for the cause of action for unjust enrichment. The question of whether Chen may be held vicariously liable via a piercing the corporate veil of OKP remains undecided.

### III.    CONCLUSION

For the foregoing reasons defendants Wilai Promchai, Pramuan Jaiphakdee, and Prasada Reddy Goluguri's motion for summary judgment is GRANTED. Likewise, defendant Brian M. Chen's motion for summary judgment is GRANTED.

**SO ORDERED** this 21st day of December, 2007.

/s/ *Robert C. Naraja*
_____
ROBERT C. NARAJA,
Presiding Judge