Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP  96950
Tel:  (670)235-8846
Fax: (670)235-8848

Attorney for Plainitff Dongbu Insurance Company, Ltd.

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DONGBU INSURANCE COMPANY, LTD., | Civil Action No. 08-0002 |
| Plaintiff, | DECLARATION OF THOMAS E. CLIFFORD (June 25, 2008) |
| v. | |
| OKP (CNMI) CORPORATION and JOAQUIN Q. ATALIG, | Notice of Hearing: July 10, 2008 1:30 p.m. |
| Defendants. | |

I, THOMAS E. CLIFFORD, state as follows:

1. I am the counsel of record for Dongbu Insurance Company, Ltd. ("Dongbu") in this matter.

2. I am over the age of eighteen years and competent to make this Declaration. I make the following statements based on personal knowledge unless specifically indicated otherwise below.

3. I first met with some of OKP's counsel in this matter on or about October 23, 2008. Based on a review of my notes made at and shortly after the meeting, my

recollection is refreshed that at this first meeting, I repeatedly stated: a) Dongbu was expressly reserving all of its rights under the policies and Dongbu was not asking OKP (CNMI) Corporation ("OKP") to waive any of its rights under the policies; b) notice was obviously an issue since OKP had been actively defending the case for months; c) initially, Dongbu did not see how there could be any coverage under any of the policies for the various claims presented; d) we would exchange copies of all the policies and take a careful look at the issues; and e) we would work to resolve the matter by agreement, but that if that were not possible, Dongbu would initiate a coverage action.

4. Dongbu's first written response to OKP's tender was my March 5, 2007 letter (other than non-substantive emails as far as I can find based on my review to date).

5. Attached hereto as **Exhibit A** is a true and correct copy from the Dongbu claims file forwarded to me of OKP's August 14, 2006 facsimile (this was sent by OKP, and so presumably authentication is not an issue).

**Submitted pursuant to Federal Rule of Civil Procedure 56(f)**

6. As explained in Dongbu's summary judgment briefs, Dongbu is entitled to entry of judgment in its favor in that the Court should determine that Dongbu has no duty to defend OKP in the Atalig lawsuit as a matter of law under the applicable policies and the complaints in the Atalig case.

7. However, if the Court disagrees with this position, then Dongbu would need the opportunity to conduct discovery once the underlying case has been resolved, and as to any facts not conclusively established in that case. In other words, Dongbu

cannot conduct discovery in this case at this time because that discovery would be potentially prejudicial to OKP in the underlying case.

8. Dongbu would need to conduct discovery regarding a variety of fact issues if the Court denies Dongbu's motion. That is, there are fact issues that Dongbu needs discovery on that should preclude the court granting OKP's motion for partial summary judgment:

   a. If the Court intends to allow the use of extrinsic evidence to determine the duty to defend, then Dongbu would need the opportunity to conduct discovery regarding the actual facts in the underlying case, instead of simply relying on OKP's version of events. Specifically, I have spoken with Michael Dotts, as counsel for Mr. Atalig, and he has confirmed that Mr. Atalig does contest a number of facts that OKP has presented. Additionally, this approach is consistent with the case law, as discussed in Dongbu's consolidated brief, being filed on this date.

   b. Dongbu would also need to conduct discovery on a number of policy terms and conditions, including but not limited to each term and condition referenced in Dongbu's coverage letters and its complaints in this lawsuit.

   c. As to notice and prejudice, these points include the circumstances surrounding OKP's work on Rota (especially timeframes), the circumstances surrounding OKP's notice of the alleged property damage and why it retained its own counsel instead of tendering its defense to Dongbu, and why it never requested coverage in connection with the Atalig lease.

d. As to 'care, custody and control,' 'direct connection' and similar issues, Dongbu would need to conduct discovery regarding the nature and scope of OKP's work on the airport project, at the Atalig property and elsewhere on Rota.

e. As to punitive damages and intentional conduct, the nature and extent of bad conduct (*if any*) by OKP and its employees.

I declare under penalty of perjury that the foregoing is true and correct. Signed this 25th day of June, 2008 on Saipan, Commonwealth of the Northern Mariana Islands.

_____
THOMAS E. CLIFFORD

# Exhibit A



# OKP (CNMI) CORPORATION

---

## FAX TRANSMISSION

| | | | |
|---|---|---|---|
| **To:** | Moylan's Insurance Underwriting, Inc. | **Date:** | Aug 14, 2006 |
| **Attn:** | Ms. Cecilia A. Anas | **Ref:** | OKP/FAX/O/06-024 |
| **From:** | Allen Yee  (Fax:532 0169) | **Fax:** | (671) 477-1837 |
| **CC:** | Tamara L. Hunter | **Page:** | 1 |
| ☐ Urgent | ☐ For Info | ☑ Please attend | ☐ Please Reply |

**Rota International Airport Runway 09/27 Extension Phase 1**
<u>Authorization Letter</u>

Please be informed that OKP (CNMI) Corporation have engaged MAILMAN & KARA, LLC as our attorneys for the Atalig v. OKP (CNMI) Corporation, Civil Action No. 06-0119 ⑧.

Would appreciate if you could assist in providing the insurance documents as requested by them.

Regards,

*[signature]*

Allen Yee
Project Manager

Add : P O Box 511593
         Rota, MP96951
Tel  : +1(670) - 532 0168
Fax  : +1(670) - 532 0169

Add : P O Box 10001, PMB A-25
         Saipan MP 96950-8901
Tel  : 671-8980798
Email: okpcnmi@okph.com
Website · http://www.okph.com