Thomas E. Clifford
Attorney at Law
2nd Floor, Alexander Building, San Jose
P.O. Box 506514
Saipan, MP  96950
Tel:  (670)235-8846
Fax: (670)235-8848

*Attorney for Defendant Dongbu Insurance Company, Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DONGBU INSURANCE COMPANY, LTD.,<br><br>Plaintiff,<br><br>v.<br><br>OKP (CNMI) CORPORATION and JOAQUIN Q. ATALIG,<br><br>Defendants. | Civil Action No. 08-0002<br><br>DONGBU'S CONSOLIDATED RESPONSE TO OKP's TWO STATEMENT OF FACT SUBMISSIONS<br><br>Date:  July 10, 2008<br>Time: 1:30 p.m.<br>Judge: Hon. Alex R. Munson |

Dongbu Insurance Company, Ltd. ("Dongbu") responds as follows to OKP (CNMI) Corporation's ("OKP") two parallel statement of fact submissions (collectively "OKP's Facts"), and their accompanying two identical sets of exhibits ("OKP Exhibits"), which OKP filed in support of its motion for summary judgment and its response to Dongbu's motion for summary judgment:

1. Dongbu is unaware of any authority allowing OKP to file those separate statements of fact and Dongbu objects to the OKP Facts on that basis.

2. The contents of the two insurance policies at issue in this case are not in dispute. Authenticated policies are being submitted on this date and those policies match (by Dongbu bates number) the

policies submitted as OKP exhibits. The actual provisions in the two policies should therefore control over OKP's Facts and Dongbu objects to any characterization of those policies as argument, and not facts or evidence.

3. Similarly, the pleadings and other papers on file in the underlying Atalig case 'are what they are,' and the actual pleadings and other papers should control over any recitation in OKP's Facts. Dongbu therefore makes the same objection as in the preceding paragraph.

4. OKP is not entitled to submit its version of the facts from the underlying case and then have this Court accept those submissions as the facts in this case. As set forth in Dongbu's consolidated brief, being filed on this day, it is improper for this Court to determine facts that are at issue in the underlying case. Dongbu cannot conduct discovery into those facts as such discovery could prejudice OKP. This means, for example, that Dongbu is not in a position to contest, at this stage, OKP's bare assertions about when it went to Rota, when it started various work, what equipment it used, etc. *See especially* Paragraphs 10-13. *See also* Clifford Declaration, including the Rule 56(f) section. Additionally, Mr. Atalig has not filed anything to rebut the facts asserted by OKP, presumably because it is not in his interest to defeat coverage in this case. Finally, as is also discussed in Dongbu's consolidated brief, the court in the underlying case has not determined the facts being referenced from his January 30, 2008 order and elsewhere, and instead the court in that case is clear that the parties will not be barred from later admitting contrary evidence. Therefore, Dongbu objects to OKP's Facts on the foregoing bases.

5. Dongbu disputes the tender dates and process set forth in Paragraphs 23-25. *See* Declaration of Cecilia A. Anas, filed separately on this date.

6. Dongbu disputes the claim that Dongbu has done nothing to investigate the claims in the Atalig lawsuit as alleged in Paragraph 26. Dongbu investigated the claim through its counsel, as OKP knows.

Dongbu does agree that it did not conduct a broad, independent investigation, seek to find out Mr. Atalig's side of the facts or simply rely on the version of events being posited by OKP, and Dongbu has no obligation to do any of that, as discussed in Dongbu's consolidated brief.

7. Dongbu disagrees with OKP's assertion in Paragraph 33 that its March 5, 2007 letter was its "first official response" to OKP. *See* Clifford Declaration.

8. Dongbu also objects to the characterizations of the two parties' coverage letters since, as with other written exhibits, they 'are what they are,' and characterizations of them are not evidence, but instead are argument.

9. Dongbu also objects to the assertion that Dongbu, through its counsel, has continuously been provided copies of the filings and orders. To be clear, they were provided on request and available on-line, but just for the record it is not the case that all filings and orders have been provided.

Respectfully submitted this 25th day of June, 2008.

_____
Thomas E. Clifford
Counsel for Dongbu Insurance Company, Ltd.