# Exhibit "E"



# LAW OFFICES OF
# RAMON K. QUICHOCHO, LLC

2nd Floor • V.S. Sablan Building • Chalan Piao
P.O. Box 505621 • Saipan, MP • 96950
Phone: 670.234.8946
Fax: 670.234.8920
E-mail: rayq@vzpacifica.net

**VIA FACSIMILE**
(233.0090)

August 1, 2006

Bruce L. Mailman, Esq.
MAILMAN & KARA, LLC
Attorneys at Law
2nd Floor, Tan Marikita Bldg., Garapan
PMB 238 PPP, Box 10000
Saipan, MP 96950

  Re: *Atalig v. OKP (CNMI) Corporation*, Civil Action No. 06-0119(R).

Dear Mr. Mailman:

This is in response to your July 25, 2006 "unsigned" letter. What has become apparent is that you are no longer being reasonable and logical. Although it is really a waste of time to respond to your July 25, 2006 letter, I thought it important to respond to some of your comical and superficial statements in order to set the record straight. The downside to my decision to respond to your unreasonable and illogical letter is that you will have another opportunity to write yet another unreasonable, illogical, and ridiculous letter, in order to milk the insurance company who is probably wondering why your letters are inviting more lawsuits rather than trying to resolve this.

Although "entry upon land for inspection and other purposes" is formal discovery IF the land is under the <u>possession or control</u> of your Client, Mr. Atalig only gave a right to use (a license) the land, and therefore, your Client does not possess or control Mr. Atalig's land. Mr. Atalig still controls his land. In fact, your Client has defaulted on the Lease Agreement and has failed, refused, and neglected to cure the serious default. For you to keep lying to yourself and your Client that your Client leased the land and that your Client is not in serious breach of the Lease Agreement is surprising, especially, because you are unable to point to any provision that supports your ridiculous claim that your Client leased the real property, unlike Mr. Atalig who pointed to you a specific provision in the Lease Agreement that clearly states that OKP is only leasing the <u>improvements</u>. Although you continue to kid yourself and your Client that your Client is leasing Mr. Atalig's real property, at some point soon you should conduct a reality check.

*Ltr. to Bruce Mailman, Esq., re: Atalig v. OKP.*
*Page 2 of 3*

If only you take additional time to carefully read Rule 34 of the Commonwealth Rules of Civil Procedure, you might just figure out that you are wrong. Of course, you do not have to openly admit it, but it might help in avoiding further liabilities for your Client. Rule 34 provides that "[a]ny person may serve on any other party a request...(2) to permit entry upon designated land or other <u>property in the possession or control of the party</u> upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b)." Com.R.Civ.P. 34 (emphasis added). Interestingly, however, it seems that you are speaking from two mouths. One mouth is saying, "There is a valid lease of the real property and only OKP is allowed to enter the land." The other mouth is saying, "'The lease itself is not 'legal authority.'" Please see your July 25, 2006 letter.

Therefore, please stop disregarding Judge Govendo's admonishment to cooperate by hiding behind rules or provisions in the Lease Agreement that do not support your Client's position. Furthermore, please stop being "oxymoronic" in your arguments.

Regarding Mr. Castro, you will most likely be hearing from his attorney. You probably should have verified your information before going on a rampage to discredit and defame Mr. Castro. I am curious, did your Client force you to spew defamatory language against Mr. Castro? Why do you hate Mr. Castro? One thing is sure, if you and/or your Client continue to interfere with an existing contract between Mr. Atalig, who has every right to enter his property, and Mr. Castro, who has every right to conduct land surveys, you will be needlessly exposing you and your Client to additional liabilities as I am sure that Mr. Castro's attorney will advise him of his rights. So, to be clear, Mr. Atalig has given Mr. Castro permission and authorization to enter Mr. Atalig's real property in Ginalangan to conduct surveys pursuant to a valid and existing contract. If you continue to interfere, please do not claim that I did not warn you about the permission, authorization, and existing contract.

Contrary to your desperate assertion that "[t]he lease itself is not 'legal authority,'" the Lease Agreement is a binding contract that was seriously breached by your Client and that you are trying to bastardize. Of course, you cannot be serious, at all, about that ridiculous assertion. If it were true that the "lease itself is not 'legal authority,'" then why are you being obstructive and why are you interfering with Mr. Atalig and Mr. Castro's existing contract? In other words, if you are right, then OKP has no right to be on Mr. Atalig's property and OKP and you have no right to deny Mr. Castro entry to Mr. Atalig's property to fulfill his contract. Get it? So for you to require case law is facetious, silly, and downright dirty, do not you agree?

I suspect that you are writing silly and obstructive letters because it is good for your billing. However, there are many other legitimate issues that we can be writing about, e.g., whether you will accept service of the amended complaint on behalf of the shareholders, who will accept service of the amended complaint for OKP?, etc.

Finally, as I have represented before the Court and you, I have deep respect for you since you assisted me during the bar exam preparation and I consider you as one of my mentors. So far, however, I do not like what I am seeing in the way you actually practice law. I seriously hope that you will do the right things.

*Ltr. to Bruce Mailman, Esq., re: Atalig v. OKP.*
*Page 3 of 3*

If you should have any questions, please feel free to contact me. Thank you for your cooperation.

Sincerely,

RAMON K. QUICHOCHO, ESQ.

Cc:  Joaquin Q. Atalig, Client
     Candy Castro, Castro & Associates
     Sean E. Frink, Esq.
     Maya B. Kara, Esq.



# LAW OFFICES OF
# RAMON K. QUICHOCHO, LLC

2nd Floor • V.S. Sablan Building • Chalan Piao
P.O. Box 505621 • Saipan, MP • 96950
Phone: 670.234.8946
Fax: 670.234.8920
Email: rayq@vzpacifica.net

8/1/06
10:55 P.M.
mk

## TRANSMITTAL SHEET

*The information contained in this document, including any accompanying documents, is intended only for the personal and confidential use of the designated recipient(s) named below. It may contain privileged and confidential matter. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this information in error, please advise the sender and return this document to the address above. Thank you very much.*

Date:  August 1, 2006

To: Bruce Mailman, Esq.
Fax No.: 670.233.0090
Number of pages including this page: 4

Subject: ATALIG v. OKP

☐ Urgent    ☐ For Review    ☐ Please Reply    ☐ Please Comment    ☐ FYI

Remarks:

Pls. give copy to following cc:
1. Maya Kara, Esq.
2. Sean Frink, Esq.

OKP-00001981